IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et. al.,

      Plaintiffs,

   vs.                                                   No. CIV 88-0385 JC/DJS
                                                             Consolidated with
                                                              No. CIV 88-0786 JC/DJS

PAMELA S. HYDE, Secretary of
the New Mexico Human Services
Department,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court upon Plaintiffs' Motion to Enforce Compliance with Court Order, filed May 17, 2006 (*Doc.* 302). Plaintiffs request court enforcement in this case so that Defendant New Mexico Human Services Department ("Department") continues to comply with the procedural requirements of the Modified Settlement Agreement of August 27, 1998 ("the Decree"). The Court, having reviewed the Motion, memoranda and exhibits submitted by the parties, finds the Motion to be well-taken, and it is **granted**.

      On February 15, 2005, Plaintiffs filed a Sealed Second Report on the status of the Human Services Department's compliance with the Decree. In this report, Plaintiffs set forth multiple violations of the Decree, most prominently regarding violations of the procedures for providing emergency food stamps. Since filing this report, Plaintiffs have attempted to engage Defendant in negotiations, ultimately to bring about compliance with the Decree. Initially, the parties met on

April 27, 2005 to discuss remedies of the violations and possible compliance. The parties did not meet again until July 19, 2005. At this meeting, it was agreed that another meeting would be scheduled within a month and the Department agreed to present a plan with remedies to the problems set forth in Plaintiffs' February 2005 report. The Department was unable to schedule the next meeting until November. This November meeting, however, was canceled by the Department and was not held until January 4, 2006. At this meeting, Plaintiffs again requested that the Department supply them with a written remedial plan. Following this meeting, the Department communicated that this written response would be forthcoming in the next few weeks. It was not produced, however, until the Department filed its response brief in this matter, June 5, 2006. In addition to these laments, Plaintiffs also submit that the Department most recently canceled a February 27, 2006 meeting and have not yet rescheduled it, and that the Department has not been forthcoming in producing written documents to aid the Plaintiffs in its search for noncompliance.

Because of this inaction on the part of the Department, Plaintiffs request that the Court enforce the Decree order merely to the extent that it requires good faith negotiations by each party to achieve compliance with the Decree. To achieve this end, Plaintiffs request that (1) the Department provide Plaintiffs with a written report of a remedial plan to satisfy any violations; (2) the Department meet with the Plaintiffs at least once a month during the period of July through December 2006 to discuss their compliance with the Decree; and (3) during the period January through June 2007, cooperate with Plaintiffs to allow thorough review of the practices and procedures of the Department.

Defendant responds to this Motion with not so much as a rebuttal of the charges that they have not been operating in good faith, but that the issuance of their written report means that

substantial compliance with the Decree has already been met.  The Court agrees with the Plaintiffs here that this argument is putting the cart before the horse.  The Court has no wish to analyze whether the Department has substantively complied with the tenets of the Decree, as this would be unnecessary at this stage.  Rather, the Court will only examine what is also clearly established by the Decree, whether the Department has in good faith cooperated with the Plaintiffs.

Defendant does not rebut that only three meetings were held following the release of Plaintiffs' second non-compliance report.  Defendant asserts, however, that in these meetings the Department was operating in good faith to discuss the issues that Plaintiff had contemplated.  The Department argues that good faith negotiation does not necessarily require all that Plaintiffs demand; namely, a written remedial report and meetings discussing future compliance with those remedies.  The Decree itself reads that Plaintiffs are "entitled to review the implementation of this Agreement to determine if its terms, conditions and undertakings are implemented in a timely and correct fashion."  When areas of noncompliance are identified, the Decree requires that the parties "meet and confer in good faith."

Plaintiffs argue that their first noncompliance report, submitted on June 1, 2001, met with a very different response from the Department, and that because both parties worked together, were able to achieve significant progress toward compliance with the Decree.  The Plaintiffs and the Court acknowledge that different administrations have been, and will continue to be, in charge of the Department through the duration of this Decree.  This does not mean, nor should it, that the success Plaintiffs may have had in dealing with one administration will necessarily be reflected in the dealings with the current one.  The Decree, does still impose, however, the necessity of a modicum of good faith in dealing with the Plaintiffs' complaints of violations.  The Court determines that based upon the facts submitted, the actions of the Department following the

submission of Plaintiffs' second report has not met the bar of reasonably dealing in good faith. The remedies that Plaintiffs ask for in their Motion to Enforce Compliance are not unreasonable or particularly onerous, and, indeed, seem now necessary to meet the requirements of good faith negotiations. The first request of Plaintiffs, involving the written report, has already been satisfied. The requests for meetings between July and December and further cooperation thereafter will hereby be enforced.

Wherefore,

**IT IS ORDERED** that Plaintiffs' Motion to Enforce Compliance with Court Order (*Doc*. 302), filed May 17, 2006 is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Page Length Extension for Reply Brief (*Doc*. 311), filed July 5, 2006 is **GRANTED**.

**DATED** July 13, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Jane B. Yohalem, Esq.
    Santa Fe, New Mexico

    Daniel Yohalem, Esq.
    Santa Fe, New Mexico

    Gail J. Evans, Esq.
    New Mexico Center on Law and Poverty
    Albuquerque, New Mexico

Counsel for Defendants:

    Paul R. Ritzma
    General Counsel, New Mexico Human Services Department
    Santa Fe, New Mexico