IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEBRA HATTEN-GONZALES, et. al.**

    Plaintiffs,

v.                                                        No. CIV 88-0385 JC/ACT
                                                  Consolidated with No. CIV 88-0786 JC/ACT

**PAMELA HYDE,** Secretary of
The New Mexico Human Services
Department,

    Defendant.

## MEMORANDUM OPINION & ORDER

THIS MATTER comes before the Court on *Plaintiffs' Motion and Memorandum in Support to Find Defendant in Contempt of Court and to Strike Defendant's Compliance Motion or to Stay Plaintiffs' Response Thereto* (Doc. 329), filed February 5, 2007 ("Motion"). The Court, having considered the Motion, the parties' submissions, the relevant authority, and further having held a hearing on Thursday, November 29, 2007, finds the Motion not well-taken and it is Denied.

**I.  Factual Background**

On July 13, 2006, the Court entered an Order directing Defendant to continue to comply with the procedural requirements of the Modified Settlement Agreement of August 27, 1998 ("Decree"). Specifically, Defendant was ordered to (1) meet with the Plaintiffs at least once a month during the period of July through December 2006 to discuss Defendant's compliance with the Decree and, during the period of January through June 2007, (2) cooperate with Plaintiffs to

allow "[a] thorough review of the practices and procedures of the Department."¹ Order, pp. 2, 4.

From July through December 2006, the parties met monthly to discuss compliance issues; however, in January of 2007, Defendant filed a Motion and Memorandum in Support of Motion for Court Determination that the Human Services Department is in Substantial Compliance with the Modified Settlement Agreement and the Case is Dismissed; or, in the Alternative, that the Court Appoint an Independent Monitor ("Motion for Determination"). Accordingly, Plaintiffs filed the Motion.²

## II.     Legal Standard

To prevail on a contempt motion in the district court, a plaintiff must prove, by clear and convincing evidence: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

## III.    Discussion

Plaintiffs argue that Defendant, by filing the Motion for Determination, denied Plaintiffs the opportunity for a thorough review of Defendant's practices pursuant to the terms of the Decree and the Order. Defendant contends that nothing in the Order explicitly or implicitly prevented it from seeking a court determination of substantial compliance. Pursuant to the terms of the Order, Defendant met with Plaintiffs regularly, provided documents they requested,

---

¹Plaintiffs also sought an order from the Court directing Defendant to provide Plaintiffs with a written report of a remedial plan to satisfy any violations. The Court held that this request was previously satisfied when on June 5, 2006, Defendant filed its response to Plaintiffs' Sealed Second Compliance Report. Order, pp. 2, 4. The request for a remedial plan is not at issue in the Motion.

²Plaintiffs further asked this Court either to strike Defendant's Motion for Determination with instructions not to file it again until after September 1, 2007 or to allow Plaintiffs sufficient time to analyze the county office compliance reports before having to respond. Those requests are also denied.

discussed compliance issues with them, supplied the Plaintiffs with written reports and allowed Plaintiffs to question staff about procedures and practices and the internal monitoring program. The Order does not state that Defendant is prevented from seeking relief from the Decree, nor does it state that doing so would violate the Order.

There is no justification for an imposition of sanctions against Defendant. Because Defendant filed the Motion for Determination, when its position on the merits is that it is in substantial compliance with the Decree, does not amount to sanctionable conduct. Whether or not the timing of Defendant's filing was appropriate is irrelevant. Defendant's purpose was clearly to seek that which is specifically allowed by the Decree, which states that "[i]f the parties cannot resolve their differences after such negotiations, either party may seek a ruling from the Court." *See* Order Modifying Settlement Agreement (Doc. 279), Ex. A, p. 3. Further, it cannot be said that Defendant disobeyed the Order when after filing the Motion for Determination, Defendant continued to cooperate with Plaintiffs. *See*, *e.g.*, Defendant's Motion to Enforce the Modified Settlement Agreement (Doc. 336), Ex. 2. In sum, Plaintiffs have not shown by clear and convincing evidence that Defendant disobeyed the Order. Accordingly, the motion is denied.

**WHEREFORE,**

**IT IS ORDERED** that *Plaintiffs' Motion and Memorandum in Support to Find Defendant in Contempt of Court and to Strike Defendant's Compliance Motion or to Stay Plaintiffs' Response thereto* (Doc. 329), is hereby DENIED.

Dated: December 13, 2007.

s/John Edwards Conway
_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Daniel Yohalem, Esq.
Santa Fe, NM

Jane Yohalem, Esq.
Santa Fe, NM

Gail J. Evans, Esq.
Albuquerque, NM

Counsel for Defendant:

Paul R. Ritzma, Esq.
Santa Fe, NM