IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

       Plaintiffs,

vs.                                                                                       Civ. No. 88-0385 KG/CG
                                                                                          Consolidated with
                                                                                          Civ. No. 88-0786 KG/CG

SIDONIE SQUIER, Secretary of
the New Mexico Human Services
Department,

       Defendant.

<u>ORDER GRANTING MOTION TO ENFORCE COMPLIANCE (DOC. 479)</u>

This matter comes before the Court upon Plaintiffs' Motion to Enforce Compliance with the Decree to Ensure that New Mexicans Who are Eligible for Health Care Coverage and Food Assistance Receive the Support to Which They are Entitled (Motion to Enforce Compliance), filed on March 7, 2014. (Doc. 479). Defendant responded to the Motion to Enforce Compliance on April 4, 2014, and Plaintiffs replied on April 18, 2014. (Docs. 487 and 491). On May 9, 2014, Plaintiffs also filed a Notice of Supplemental Evidence. (Doc. 498). The Court held a hearing on the Motion to Enforce Compliance on May 15, 2014. Gail Evans, Daniel Yohalem, and Jane Yohalem represented Plaintiffs at the hearing. Chris Collins and Natalie Bruce represented Defendant.

Having reviewed the Motion to Enforce Compliance, the accompanying briefs and exhibits, the Notice of Supplemental Evidence, the argument of counsel at the May 15, 2014, hearing, and the supplemental exhibits presented at the hearing, the Court finds that the Defendant is failing to comply with that portion of the Modified Settlement Agreement (the Decree) which demands that Defendant remove "systemic or programmatic barriers" from the

Decree's requirement that Defendant provide "100% compliance with the federal application processing time standards in the Food Stamps and Medicaid programs…." (Doc. 460) at 7 (page 5 of the Decree). The Court is especially concerned with Defendant's failure to provide expedited emergency benefits under the SNAP program. The Court further finds that Defendant is not complying with the express terms of the Decree which has as its aim "that each applicant will be provided with a fair and equal opportunity to participate in the Food Stamp and Medicaid programs consistent with the goal of assisting all eligible individuals to qualify." *Id*. at 9 (page 7 of the Decree). Hence, the Court grants the Motion to Enforce Compliance.

IT IS ORDERED that:

1. Plaintiffs' Motion to Enforce Compliance with the Decree to Ensure that New Mexicans Who are Eligible for Health Care Coverage and Food Assistance Receive the Support to Which They are Entitled (Doc. 479) is granted;

2. Defendant must immediately create a mechanism to prioritize expedited SNAP applications in order to ensure that all applications are screened for expedited SNAP benefits on the day they are submitted and that all New Mexicans who are eligible for expedited SNAP benefits are processed ahead of all other applicants;

3. Defendant must immediately suspend the procedural (automatic) denial function in its computer system (formerly code 564) to ensure that, for the time being, no more SNAP or Medicaid cases are denied without any individualized eligibility review;

4. Defendant must immediately suspend the practice of denying SNAP and Medicaid benefits for any other procedural reasons, such as failing to attend an interview or failing do provide proof of income, until the backlog is addressed;

5.  Defendant will deny SNAP and Medicaid benefits only after an individualized eligibility determination based on income, assets, residency, and other eligibility factors, rather than those factors related to the application process itself;

6.  Defendant must determine SNAP and Medicaid eligibility based on up-to-date information that the applicant provided at the time the application was submitted, and Defendant must cease the practice of demanding that New Mexicans provide more recent information if the information provided was up-to-date at the time the application was submitted;

7.  Defendant must immediately suspend the automatic closure function in its computer system (formerly code 235) to ensure that, at least for the time being, no more families are terminated from the SNAP or Medicaid programs and made to begin the application process anew without an individualized review by a caseworker to determine if the family has fulfilled its recertification obligations and remains eligible;

8.  in place of the suspended procedural denial or automatic closure notices, Defendant must immediately begin issuing notices to all applicants, as well as to those who are recertifying, stating that Defendant is currently experiencing large back logs in processing applications and recertifications and that their cases will be processed within 30 days for SNAP benefits and within 45 days for Medicaid benefits;

9.  the parties must meet on May 20, 2014, to identify challenges to the timely processing of SNAP and Medicaid applications, and to develop a plan to meet those challenges;

10.  Defendant must file with the Court a report by the last day of each month for the next six months (beginning with the month of June) which describes (1) the status of her implementation of this Order Granting Motion to Enforce Compliance (Doc. 479), and (2) the extent to which the backlog of SNAP and Medicaid applications processing has been reduced;

11.  after six months, the Court will revisit whether Defendant must continue to file reports for another six months or on a quarterly basis;

12.  no later than the 20th day of each month, the parties must meet and confer to discuss how the terms of the Decree are actually being honored and effected and to the extent they are not, to work in good faith to resolve any deficiencies; and

13.  no later than the 20th day of each month, but before the monthly meet and confer date, Defendant must provide Plaintiffs any statistical data she has regarding the number of SNAP and Medicaid applications received, the number of applications processed, the number of applications granted, the number of applications denied, and any other pertinent statistical data.

_____
UNITED STATES DISTRICT JUDGE