IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DEBRA HATTEN-GONZALES, et. al.,**

    **Plaintiffs**

v.                              **No. CIV 88-0385 JC/ACT**
                          **Consolidated with No. CIV 88-0786 JC/ACT**

**SIDONIE SQUIER, Secretary of the**
**New Mexico Human Services Department**

    **Defendant.**

## DEFENDANT'S MOTION TO ENFORCE COMPLIANCE WITH THE DECREE

Defendant, through undersigned counsel, respectfully moves this Court for an Order finding that Attorney Daniel Yohalem and The Center on Law and Poverty, Sovereign Hager and Gail Evens ("Plaintiffs") violated the Settlement Agreement ("the Decree") in the above referenced case and ordering them to comply with the Decree. Plaintiffs are violating the Decree by refusing to meet in good faith to address issues directly to the food stamp program covered under the Decree.

Plaintiffs intentionally filed a last minute lawsuit in the New Mexico First Judicial District Court after close of business on Monday October 27, 2014 requesting that court take emergency action to delay the implementation of regulations related to the food stamp program. That state lawsuit bears case number D-101-CV-2014-02330. Plaintiffs waited until four days before the regulations were to take effect to file their lawsuit before attempting to obtain a Temporary Restraining Order without a hearing through an ex parte communication with the Judge assigned to the case.

Plaintiffs "tactics[1]" were planned weeks in advance. There was no need to file a last minute lawsuit in order to create an emergency. The timing of Plaintiff's "tactics" are especially concerning given that the Human Services Department "open enrollment" for the Medicaid program is scheduled to begin next Saturday, November 15, 2014 and Defendant is under Order by this Court to ensure "that each applicant will be provided with a fair and equal opportunity to participate in the Food Stamp and Medicaid programs consistent with the goal of assisting all eligible individuals to qualify." (Document 500)

## BACKGROUND

*Debra Hatten-Gonzalez, et. al., Plaintiffs v. New Mexico Human Services Department* ("DHG") is a "civil rights case brought in 1988 against the secretary of the New Mexico Human Services Department alleging that systemic problems in the application process for food stamps and Medicaid violated the federal rights of the plaintiff class." [2]

In 1990, the Human Services Department ("HSD") entered into a final agreement to make comprehensive improvements in HSD's application processing, verification and notice procedures in order to comply with federal law. *See Settlement Agreement, filed August 28, 1990, (Agreement).*" [3] (Document 234) The court retained jurisdiction over the case "to enforce the terms, conditions and undertakings of the Settlement Agreement," and has continuing jurisdiction over the parties in the subject matter. See Order, entered August 29, 1990 (Order)."[4] (Id)

---

[1] See e-mail Louise Pocock, October 8, 2014. (Exhibit A).
[2] See plaintiffs/appellees' answer brief Case No. 08-2009 United States Court of Appeals for the Tenth Circuit, appeal from United States District Court, District of New Mexico, Honorable John Edwards Conway, senior judge, District Court Case No. CIV88-0385JC/ACT.
[3] Quoted from Daniel Yohalem "Memorandum in support of plaintiff's motion to enforce compliance with Settlement Agreement and court order (Doc 234)
[4] Id

On October 27, 2014, New Mexico Center on Law and Poverty ("CLP"), Southwest Organizing Project ("SWOP"), Salina Blea, Austin Highspencer, and John Damian Turner, filed civil action number D-101-CV-2014-02330 in the First Judicial District Court of Santa Fe County.

Attorney Daniel Yohalem and The Center on Law and Poverty, Sovern Hager and Gail Evens, represent the certified class of Food Stamp and Medicaid applicants in *Debra Hatten-Gonzalez, et. al., Plaintiffs v. New Mexico Human Services Department.* Daniel Yohalem and the Center on Law and Poverty are the attorneys who filed D-101-CV-2014-02330 in the First Judicial District Court of Santa Fe County.

## **VIOLATIONS OF THE DECREE**

Plaintiffs have failed to meet in good faith to address issues directly related to access to the food stamp program covered under the Decree and are therefore violating the Decree. Rather than meet and confer and attempt to resolve issues as has been ordered by this Court, Plaintiffs unnecessarily filed an emergency complaint and request for TRO causing both financial and human capital costs for Defendant.

The DHG case requires "good faith negotiations between plaintiffs and HSD concerning disputes about compliance, and for resort to the court for enforcement of the decree's provisions if the parties are unable to reach agreement." *See settlement agreement, Doc. 204.*

On October 8, 2014, CLP attorney Louise Pocock emailed various individuals and unintentionally copied Christopher Foster, an attorney with the New Mexico Human Services Department. The October 8th e-mail stated "Unfortunately, HSD finalized the new work rules,

and is scheduled to start implementing them November 1, 2014. BUT! The story is not over – the Center still has a few tactics up its sleeve – so stay tuned."[5]

HSD Attorney Natalie Bruce immediately e-mailed CLP's legal director, Ms. Gail Evans, and raised concern over such "tactics." Ms. Bruce explained that both parties were ordered by the Court to have open dialogue and to "try and resolve matters in a professional manner." Ms. Bruce explicitly told CLP that "HSD will appreciate being let in on tactics and observed issues."[6]

On October 9, 2014, Ms. Gail Evans responded that "tactics" was a term referencing to work requirements and as such were not part of the DHG litigation.[7] Ms. Evans went on to expand that the Center on Law and Poverty was concerned about the proposed rules and that "[w]e will continue to oppose these requirements – especially because the Department did not follow proper procedure in implementing them."[8] HSD attorney Natalie Bruce again responded to Ms. Evans that she objected to the obvious pejorative term "tactics up our sleeve" and further stated "HSD fully intends to decrease litigation and increase dialogue and responsiveness to perceived issues… HSD seeks to avoid this waste of energy on both entities behalf. If CLP has an issue, pull it out the sleeve and share it and we will address it. If a disagreement exists at the end of investigation, then it will be resolved in the most efficient and fair way to everyone."[9]

The DHG case created an ongoing monthly meet and confer between the New Mexico Human Services Department, Daniel Yohalem and the New Mexico Center on Law and Poverty. It is ordered by this Court that HSD and Plaintiffs "meet and confer to discuss how the terms of

---

[5] See e-mail Louise Pocock, October 8, 2014. (emphasis added)
[6] See e-mail Natalie Bruce, October 9, 2014. (Exhibit B)
[7] See e-mail Gail Evans, October 9, 2014 (Exhibit C)
[8] Id
[9] See e-mail Natalie Bruce October 9, 2014 (Exhibit D)

4

the Decree are actually being honored and effected and to the extent they are not, to work in good faith to resolve any deficiencies." *See Document 500, Paragraph 12*. The complaint and motion filed in state court after close of business on October 27, 2014 should have been addressed in the most recent meet and confer, which occurred on October 20, 2014. Instead, CLP was silent on the issues raised in the emergency request.

At the end of the business day on October 27, 2014, four days before the Regulations were scheduled to go into effect, Plaintiffs filed D-101-CV-2014-02330 alleging the necessity of an emergency temporary restraining order ("TRO") relief; a motion for temporary restraining order and preliminary injunction and memorandum in support; and at 5:01 p.m. on October 27, 2014, plaintiffs emailed an ex parte communication the Honorable Raymond Z. Ortiz asking him to issue said TRO. Plaintiffs received a Temporary Restraining Order after a hearing on October 31, 2014 from the honorable Sarah Singleton.

The crux of the argument in D-101-CV-2014-02330 is that HSD has attempted to implement regulations that do not allow fair and equal opportunity to participate in the food stamp program. Plaintiffs saved this issue for a last-minute filing and then created an emergency request. There was no newly discovered information requiring plaintiffs to file a so--called "emergency request" from the Court at the end of the workday on October 27, 2014. Gail Evans October 9, e-mail makes it clear that Plaintiffs had identified their concerns with regard to the process as early as October 9. The October 27, 2014 lawsuit is clearly the "tactics up their sleeve."

Plaintiffs have attempted to avoid responsibility regarding their violation of the Decree by claiming ""tactics"…[are] referring to the work requirements which are not a DHG issue and

are not part of any court orders."[10] This statement is also very troubling. Plaintiffs seem to think that can pick and choose when they want the Decree to apply. This creates tremendous uncertainty for HSD and is a violation of the requirement for "good faith negotiations between plaintiffs and HSD concerning disputes about compliance." *See settlement agreement, Doc. 204*

In 1997, attorney Daniel Yohalem filed a Motion under the DHG case alleging that HSD "has subjected AFDC[11] applications to a pre-eligibility 'job search' requirement that causes systemic unlawful delays and denials of AFDC and violates the timeliness, fairness, accessibility and informational notice provisions of the agreement and order." *See Document 234 Page 2, Paragraph 1(c).*

In the "memorandum in support of plaintiff's motion to enforce compliance with settlement agreement and court order", Daniel Yohalem argued that the "applicant job search (requirements) denies benefits to eligible families and results in an unequal opportunity to participate in violation of the agreement and order." *See Doc. No. 234DHG Memorandum Page 13, No. 2.* Daniel also alleged that HSD's lack of good cause exception … "caused parents whose circumstances make job search impossible are simply denied benefits. They are not given a fair and equal opportunity to participate in AFDC, in violation of the agreement and order." *See Doc. No. 234.* Daniel addressed the issue of the fact that the AFDC program was not covered under the DHG order, by arguing that the eligibility for AFDC determined eligibility for Medicaid and food stamps and therefore fell under the order. *See Document No. 234.*

On October 27, 1997, this court granted in part Daniel's motion regarding the work requirements in AFDC. *See Document No. 274*

---

[10] See e-mail Gail Evans, October 9, 2014 (Exhibit C)
[11] AFDC is now known as TANF, "Temporary Assistance For Needy Families"

Plaintiffs clearly thought this issue fell under the decree in 1998. In fact, they felt so strongly about the issue that they argued the Court must expand the Decree to include AFDC (TANF) because it was eligibility determinate for food stamps. Why was this issue appropriate under the Decree in 1998, but not in 2014? Plaintiff's inconsistent actions and arguments again demonstrate the "tactics up [Plaintiff's] sleeves." This case is within the jurisdiction of the United States District Court for the District of New Mexico based on the federal question jurisdiction set forth in 28 USC Section 1441(a) and supplemental jurisdiction set forth in 28 USC Section 1441(c), and also under the substantial federal law question outlined in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 125 S. Ct. 2363 (S. Ct. 2005). Additionally, D-101-CV-2014-02330 raises questions already before this court in pending federal case Debra Hatten Gonzales v. Human Services Department, 1:cv:88:0385 KG/CG ("DHG").

Plaintiffs also appear to be under a mistaken assumption that "defendant will not suffer any damage"[12] as a result of their "tactics." However, in addition to the financial repercussions suffered by Defendants, there are also very real human capital damages suffered by HSD every time Plaintiffs employ their "tactics." From October 28, 2014 through this week, the HSD Income Services Division ("ISD") and Office of General Counsel ("OGC") had to drop everything they were doing to respond to the last minute "emergency" fabricated by plaintiffs. ISD and OGC have significant responsibilities related to the open enrollment period for Medicaid scheduled for November 15, 2014. Plaintiffs are very aware of these responsibilities as they were the subject of their "Motion To Enforce Compliance With The Decree To Ensure That

---

[12] See D-101-CV-2014-02330 ¶62

New Mexicans Who Are Eligible For Health Care Coverage And Food Assistance Receive The Support Which They Are Entitled." (Document 479).

Plaintiffs' October 8, 2014 e-mail notifying their allies of the "tactics up their sleeves" is clear evidence that Plaintiffs are attempting to execute strategies and schemes designed to create problems for HSD. HSD has made every effort possible to address concerns raised by Plaintiffs and to ensure "that each applicant will be provided with a fair and equal opportunity to participate in the Food Stamp and Medicaid programs consistent with the goal of assisting all eligible individuals to qualify." (Document 500). The same cannot be said for the Plaintiffs.

The "tactics" employed by Plaintiff are a violation of the Decree's requirement to meet and confer and to try and resolve issues related to access to the food stamp program prior to proceeding with litigation. In a hearing in front of this Court in May of this year, Judge Kenneth Gonzales admonished the Defendant in this case for what he perceived to be a lack of communication from HSD. HSD believes the same standards should apply to Plaintiffs. Plaintiffs should be found in violation of the Decree for their "tactics" and should be ordered to cease all further "tactics" that do not support the goals of eliminating barriers to social service programs. Additionally, Plaintiffs should be ordered to comply with the Decree in the future and to meet and confer with Defendant to discuss any other issues that might arise.

WHEREFORE, Defendant respectfully requests this court enter an order:

1) Finding that Plaintiffs have violated the Decree;
2) Requiring Plaintiffs to Meet and confer with Defendants in good faith in the future on issues related to compliance with the Decree;
3) Requiring Plaintiffs to pay reasonable attorney fees;
4) Granting such other relief as may be just and necessary.

Respectfully submitted,

*/s/ Christopher P. Collins*
Christopher P. Collins
General Counsel
New Mexico Human Services Department
2009 Pacheco Street
P.O. Box 2348
Santa Fe, New Mexico 87504
(505) 827-7701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of November, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Gail J. Evans
gail@nmpovertylaw.org

Daniel Yohalem
dyohalem@aol.com

Jane Yohalem
jbyohalem@aol.com

/s/ *Christopher P. Collins*

**From:** Louise Pocock [mailto:Louise@nmpovertylaw.org]
**Sent:** Wednesday, October 08, 2014 5:24 PM
**To:** Rodrigo@swop.net; Rosie G; Foster, Christopher T, HSD
**Subject:** Outreach on new expanded SNAP eligibility for college students

Hey Rodrigo, Rosie, and Christopher!

I have attached a bookmark/flyer explaining new rules on college student eligibility for SNAP. Please distribute freely.

Unfortunately, HSD finalized the new work rules, and is scheduled to start implementing them Nov. 1, 2104.  BUT! the story is not over – the Center still has a few tactics up its sleeve – so stay tuned.
I am going to be out of the office for the next couple of weeks – but I promise to touch base with you all when I get back and update you as to when I get back. I can also do some presentations to your orgs about 2015 changes in SNAP – including work reqs and student eligibility so keep that in mind if it is something you are interested in.

Thanks again for all your great partnership and hard work!

Best, Louise

Louise Pocock
*Staff Attorney*
New Mexico Center on Law and Poverty
924 Park Ave. SW, Suite C
Albuquerque, NM 87102
Tel. (505) 255-2840
Fax. (505) 255-2778
louise@nmpovertylaw.org
http://www.nmpovertylaw.org


EXHIBIT A

**From:** Bruce, Natalie, HSD
**Sent:** Thursday, October 09, 2014 9:05 AM
**To:** Louise Pocock; Gail Evans; Sovereign Hager
**Cc:** Collins, Christopher, HSD; Martinez, Marilyn, HSD; Tapia-Sanchez, Vida B., HSD
**Subject:** Tactics versus dialogue?
**Importance:** High

Hi Louise. (and Gail & Sovereign)...interesting email. What tactics? I thought we were ordered by the Court to have an open dialogue and to try and resolve matters in a professional manner. Tactics feels different than dialogue. HSD will appreciate being "let in on" tactics and observed issues that can be addressed in a professional matter. I, personally, have responded and addressed every concern brought to my attention. This email causes distrust.

Natalie Bruce
Assistant General Counsel, New Mexico Human Services Department
PO Box 2348
Santa Fe, NM 87102
505-827-7720; F 505-827-7729
Natalie.Bruce@state.nm.us
CELL: 505-573-9604    Where every man has a voice, brutal laws are impossible. M. Twain

This email is intended for the explicit recipients only. If it is advertently received by another party, please notify sender immediately and permanently delet inadvertent copy. Information in any given email or email string may contain privileged and/or confidential information. Such information is intended soley for the explicit recipients -. If it is advertently received by another party, please notify sender immediately and permanently delet inadvertent copy.



EXHIBIT B

**From:** Gail Evans [mailto:gail@nmpovertylaw.org]
**Sent:** Thursday, October 09, 2014 12:25 PM
**To:** Bruce, Natalie, HSD; Louise Pocock; Sovereign Hager
**Cc:** Collins, Christopher, HSD; Martinez, Marilyn, HSD; Tapia-Sanchez, Vida B., HSD
**Subject:** RE: Tactics versus dialogue?

Natalie and Chris, First of all, I apologize that Louise mistakenly sent that email to you Chris, and not the Christopher she intended it to go to. However, as is clear from her email, when Louise uses the term "tactics," she is referring to the work requirements which are not a DHG issue and are not part of any court orders. As you know, the Center has vigorously and publicly opposed the Department's new E & T requirements – as have many other organizations and individuals around the state – all because we are concerned about how the Department's rules will only worsen hunger in our state and make hungry children suffer even more than they already do. We will continue to oppose those requirements – especially because the Department did not follow proper procedure in implementing them.

Thank you. Gail



EXHIBIT C

**From:** Bruce, Natalie, HSD
**Sent:** Thursday, October 09, 2014 1:27 PM
**To:** Gail Evans; Louise Pocock; Sovereign Hager
**Cc:** Collins, Christopher, HSD; Martinez, Marilyn, HSD; Tapia-Sanchez, Vida B., HSD
**Subject:** RE: Tactics versus dialogue?

Gail, thank you for your response. If CLP believes that this issue is outside the purview of DHG, HSD agrees. However, the DHG Order about dialogue is in place because of CLP complaints that HSD has not been willing to resolve matters outside of the courtroom. HSD fully intends to decrease litigation and increase dialogue and responsiveness to perceived issues. Choosing not just tactics, but tactics "up our sleeve" is obvious to anyone as a pejorative phrase to snare someone/something in an unsuspecting manner. HSD seeks to avoid this waste of energy on both entities behalf. If CLP has an issue, pull it out the sleeve and share it and we will address it. If a disagreement exists at the end of investigation, then it will be resolved in the most efficient and fair way to everyone.

E & T does not affect children. It affects adults receiving benefits who should also be contributing to our community. Please let HSD know what specific concerns CLP has - and, also, what specifically occurred that CLP believes violates appropriate promulgation of changes to rules.

Natalie Bruce
Assistant General Counsel, New Mexico Human Services Department
PO Box 2348
Santa Fe, NM 87102
505-827-7720; F 505-827-7729
Natalie.Bruce@state.nm.us
CELL: 505-573-9604      **Where every man has a voice, brutal laws are impossible. M. Twain**

This email is intended for the explicit recipients only. If it is advertently received by another party, please notify sender immediately and permanently delet inadvertent copy. Information in any given email or email string may contain privileged and/or confidential information. Such information is intended soley for the explicit recipients - . If it is advertently received by another party, please notify sender immediately and permanently delet inadvertent copy.



EXHIBIT D