IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

        Plaintiffs,

v.

SIDONIE SQUIER, Secretary of
the New Mexico Human Services Department,

        Defendant.

No. CIV 88-0385 KG/CG
Consolidated with
No. CIV 88-0786 KG/CG

## AMENDED STIPULATED INTERIM ORDER IN LIEU OF HEARING ON MOTION TO ENFORCE COMPLIANCE WITH NOTICE PROVISIONS OF COURT ORDER

This Amended Stipulated Interim Order replaces, by stipulation of the parties, the Stipulated Interim Order entered on May 29, 2014 (Doc. 506). This matter came before the Court on Plaintiffs' Motion to Enforce Compliance with Notice Provision of Court Order (Doc. 466), and was fully briefed and set for a hearing on May 28, 2014. The court ordered the parties to meet and confer, and the parties reached an initial interim agreement which was formalized in a stipulated order which the Court entered on May 29, 2014. Since then, the parties have worked together to develop a new set of notices for defendant to use. The parties now agree that a new order is necessary, with new deadlines and additional detail concerning the time frame and process in which they will work together. Therefore, it is hereby ORDERED:

1) Defendant will include plaintiffs' counsel in the Human Services Department work group that is creating SNAP and Medicaid model notices. Plaintiffs' counsel will serve on this workgroup until otherwise ordered by the Court;

2) Defendant will confer with plaintiffs' counsel in setting all Notice work group meetings in order to ensure plaintiffs' counsel's participation;

3) Defendant will continue to provide plaintiffs' counsel with notices, factors that trigger use of particular notices, story boards, reasons, and eligibility determination language until otherwise ordered by the Court;

4) HSD will not make changes to standard form documents adopted pursuant to the Decree without providing plaintiffs' counsel at least one month's advance notice and an opportunity to conference in the matter, as required by ¶ 10, page 26-27 the decree;

5) Defendant will continue to confer with plaintiffs' counsel to create a notice of delays in processing, as required by Section III Page 21 of the Decree and 7 CFR 273.2(h)(1) and 7 CFR 273.14(e)(1). This includes continuing to discuss how to provide notice to benefit participants of any delays in processing where a worker has not taken any action on a case within federal and state timeframes;

6) Defendant will eliminate the denial/closure reason "failure to comply with the application/renewal process" from all Notices. Defendant will replace with individualized notices, as required by the Decree. If necessary, interim language will be agreed upon by the parties until this can be fully achieved;

7) By December 3, 2014, the Notice of Case Action ("NOCA"), which is used for all approvals, denials and case closures, and the list of denial/closure reasons will be presented to Maximus Corporation for translation into Spanish, a 6th grade literacy review in both English and Spanish, and Section 504 compliance;

8) By January 15, 2015, defendant will provide the final draft NOCA and denial/closure reason codes language to plaintiffs' counsel for final review. The parties will have reviewed the NOCA design with Deloitte or other IT expert present and discuss ongoing concerns, including but not limited to: 1) notices being issued outside of ASPEN

concurrent with ASPEN notices causing confusion; 2) modification and/or removal of calculation tables; 3) Spanish language notices; and 4) guidelines for manual notices;

9) By February 16, 2015, defendant will meet and confer with plaintiffs' counsel regarding the Notice of Case Action (NOCA), as finalized by private contractors and the Department. The parties will review the NOCA design with Deloitte present and discuss ongoing concerns with the NOCA;

10) By February 27, 2015, defendant will provide to plaintiffs' counsel defendant's proposed final NOCA for plaintiffs' final review and opportunity to comment;

11) By March 1, 2015, defendant and plaintiffs will plan a timeline and priority work plan for the remaining Notices;

12) By no later than April 30, 2015, defendant will implement the NOCA, and reason codes;

13) By no later than April 30, 2014, defendant will implement the individualized delay notices as discussed in paragraph 5 above;

14) By August 30, 2015, plaintiffs and defendant will finalize the remaining notices, factors that trigger use of particular notices, storyboards, reasons and eligibility determination language that will result in individualized and detailed eligibility decisions written at the sixth grade reading level;

15) By September 1, 2015, the parties will meet and confer regarding the new version of the NOCA. The parties will evaluate how the new version is functioning, and discuss concerns; and

16) By no later than September 30, 2015, defendant will implement a complete set of notices that meet the standards of the decree.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Approved by:

/s/ Gail Evans
Gail J. Evans, Esq.
New Mexico Center on Law and Poverty

Jane B. Yohalem, Esq.
Law Office of Jane B. Yohalem

Daniel Yohalem, Esq.
Daniel Yohalem Attorney at Law

Counsel for Plaintiffs


/s/ Natalie Bruce
Natalie Bruce, Esq.
NM Human Services Department

Chris Collins, Esq.
NM Human Services Department

Jerry Walz, Esq
Jerry Walz and Associates

Counsel for Defendant