IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, Individually
and on behalf of all Others similarly
situated,

      Plaintiffs,

v.                                                         Civil No. 88-0385 KG/CG

BRENT EARNEST, Secretary of the New Mexico
Human Services Department,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon *Plaintiffs' Supplemental Brief* ("Brief"), (Doc. 627), filed February 2, 2016, in support of *Plaintiffs' Motion for Injunctive Relief and Expedited Review and Hearing* ("Motion for Injunctive Relief"), (Doc. 623), filed January 27, 2016; *New Mexico Human Services Department's Supplemental Brief Pursuant to this Court's Order (Doc. 625)* ("Response"), (Doc. 637), filed February 8, 2016; and *Plaintiffs' Reply to Defendant's Supplemental Brief*, ("Reply"), (Doc. 641), filed February 15, 2016. United States Magistrate Judge Carmen E. Garza directed the parties to provide the Court with supplemental briefing on the question of whether the relief requested in Plaintiffs' Motion for Injunctive Relief falls within the scope of the consent decree underlying this case. (Doc. 630). After reviewing the parties' briefs and relevant law, the Court finds that it has jurisdiction to hear and rule on Plaintiffs' Motion for Injunctive Relief.

    **I.**     **Factual and Procedural Background**

    This case originally challenged certain practices of the New Mexico Human

Services Department ("HSD"), Income Support Division ("ISD"), in processing applications for assistance under the federal Food Stamps and Medicaid programs. Defendant Secretary of HSD ("Defendant") and Plaintiffs negotiated a resolution of the issues before the Court, which was memorialized in the *Modified Settlement Agreement* (the "Decree"), (Doc. 460), entered on August 27, 1998. As part of the agreement between the Parties, this Court retained jurisdiction over the matter to enforce the terms, conditions, and undertakings of the Decree. (*Order Modifying Settlement Agreement* at 2). As part of the Decree, the Parties agreed to make good faith efforts to resolve any differences that may arise in the prospective implementation of the Decree. The Decree provides that, in the event the Parties cannot resolve their differences after good faith negotiations, either party may seek a ruling from the Court. (Decree at 3).

Pursuant to this provision, Plaintiffs' filed their Motion for Injunctive Relief on January 27, 2016, in which they seek a ruling from the Court regarding Defendant's implementation of NMAC § 8.139.410.14, and its alleged failure to comply with the terms of the Decree. The undisputed facts are as follows: On January 1, 2016, Defendant implemented NMAC § 8.139.410.14, which limits eligibility for food assistance through the Supplemental Nutrition Assistance Program ("SNAP") for certain beneficiaries. (*See* Doc. 636-2 at 6). Under this new rule, unless a beneficiary falls within specific exemptions, the beneficiary may be ineligible to receive SNAP benefits for longer than three months unless he or she fulfills work requirements as defined by federal regulations.

Plaintiffs filed their Motion for Injunctive Relief on January 27, 2016, in which they allege that the implementation of the new rule requires changes in the application process, and that Defendant has failed to implement these changes in accordance with the Decree. Thereafter, Judge Garza directed the parties to provide the Court with supplemental briefing on the question

of whether the relief requested in Plaintiffs' Motion for Injunctive Relief falls within the scope of the consent decree underlying this case. (Doc. 630). To this end, Plaintiffs claim that Defendant's promulgation of the new rule creates changes in the application process, which violate the Decree in several respects, and that Defendant should be enjoined from implementing the new rules until he can do so in accordance with the Decree. In response, Defendant maintains that the new rule imposes additional work requirements for a subset of SNAP recipients who are already receiving SNAP benefits, removing them from the confines of the Decree.

**II.     Analysis**

In support of their argument that this Court has jurisdiction to hear their Motion for Injunctive Relief, Plaintiffs state that Defendant has promulgated new conditions of eligibility for certain SNAP applicants in the form of work requirements, and that those conditions of eligibility must be implemented in Defendant's application processing practices in accordance with the Decree. (Doc. 627 at 1–2). Specifically, Plaintiffs contend that the Decree requires Defendant to accurately describe these new work requirements when an applicant initially applies for benefits and applies for recertification of those benefits, properly screen for and verify exemptions from work requirements during the application interview, and provide comprehensive and accurate written information, including eligibility determinations, regarding these new work requirements and any exemptions. (Doc. 627 at 2–8). Because Defendant has not properly incorporated the new work requirements and applicable exemptions into his application processing practices, Plaintiffs argue that Defendant has failed to comply with the Decree.

Defendant responds that eligibility determinations based on the new work requirements apply only to a particular subset of SNAP participants who are not part of the larger SNAP program, and therefore fall outside the scope of the Decree. Further, Defendant maintains

that the question as to whether an applicant has fulfilled work requirements or meets an exemption under the new rule is not an initial eligibility determination, but a question of continuing eligibility. For these reasons, Defendant contends that the implementation of the new rule falls outside the scope of the Decree, and that this Court does not have jurisdiction to hear Plaintiffs' Motion for Injunctive Relief.

    A.  *Scope of the Decree*

The Decree in this case was entered to address Plaintiffs' concerns regarding their federally-guaranteed right to receive a prompt eligibility decision and, if eligible, benefits under SNAP.  (Decree at 2). As a result, the Decree establishes certain standards for Defendant's benefit application processing practices, recognizing that "uniformity in office application processing practices is necessary to guarantee that each applicant will be provided with a fair and equal opportunity to participate in the Food Stamp . . . program[ ] consistent with the goal of assisting all eligible individuals to qualify." (*Id*. at 7).

Generally, the Decree requires that Defendant "standardize the application process by implementing and maintaining uniform office practices throughout the state and by providing applicants with written information in standardized formats which is comprehensive, accurate, and easy to understand." (*Id*. at 8). The "application process" begins when an applicant submits an application for SNAP, and ends when a notice of eligibility decision and, if eligible, benefits are deposited in the mail or available through electronic transfer. (*Id*. at 4). It

> includes all actions taken with respect to an application, including, but not limited to, providing relevant written information to applicants, screening an application, holding an application interview, verifying eligibility factors, responding to applicant requests for assistance and extension of time, and issuing and mailing an eligibility decision and, if eligible, benefits.

(*Id*.). An "applicant" is a person who is applying for SNAP assistance, a household or budget group member, or an authorized representative. (*Id*.).

In addition, the Decree states that "every applicant is entitled to an eligibility decision written in terms comprehensible to the applicant which, among other things . . . sets forth the specific regulation(s) on which the decision is based and contains a detailed individualized explanation of the reasons supporting the decision." (*Id*. at 21).

Finally, the Decree establishes that Defendant will not make any changes in the application processing practices or the use of standard form documents adopted under the Decree without providing Plaintiffs' counsel with at least 30 days advanced notice and an opportunity to conference on the matter. (*Id*. at 26–27).

> B. *Changes in the Application Process Resulting From The New Agency Rule Falls Within the Confines of the Decree*

Federal law places special work requirements on a subgroup of SNAP participants, known as Able-Bodied Adults Without Dependents ("ABAWDs"). Under 7 C.F.R. § 273.24, after three months of receiving SNAP benefits, ABAWDs may be deemed ineligible to participate in the SNAP program, unless they fulfill specific work requirements or otherwise fall within certain exemptions. 7 C.F.R. § 273.24(b) ("Individuals are not eligible to participate in the Food Stamp Program . . . if the individual received food stamps for more than three countable months during any three-year period . . . .").

In accordance with the above federal regulation, Defendant promulgated NMAC § 8.139.410.4, implementing the three-month time limit and related work requirements for ABAWDs. NMAC § 8.139.410.4; (*see* Doc. 636-2 at 6). Pursuant to this new rule, eligibility criteria for whether an applicant can receive SNAP benefits beyond three months includes verifying whether the applicant is exempted from the work requirements or, if not exempt, if the

5

applicant is fulfilling those work requirements. In effect, Defendant has promulgated new conditions of eligibility for SNAP benefits which are incorporated into the application process. By alleging that Defendant has failed to properly incorporate these conditions of eligibility into the application processing practices in accordance with the Decree, Plaintiffs have invoked the jurisdiction of this Court.

Defendant's arguments to the contrary are unavailing. First, this Court does not agree with Defendant's characterization of the ABAWD work requirements and time limit as a separate program distinct from initial SNAP eligibility determinations and general work requirements. To be sure, the time limits imposed on ABAWDs are only relevant to a subset of SNAP applicants, and are described in a different regulatory section than the work requirements for all applicants generally. *See generally* 7 C.F.R. § 273.24. However, while the work requirements imposed on ABAWDs by 7 C.F.R. § 273.24 do not apply to all SNAP applicants, they are nevertheless conditions of eligibility for SNAP benefits. In addition, the ABAWD time limit as described in 7 C.F.R. § 273.24 directly incorporates definitions of work programs and exemptions to the work requirements from 7 C.F.R. § 273.7, which describes general SNAP work requirements for all applicants. *See* 7 C.F.R. § 273.24(a)(3), (4); 7 C.F.R. § 273.24(c)(5). Because these new requirements affect the ultimate question of SNAP eligibility for some applicants, they fall within the auspices of the Decree.

Second, the fact that the ABAWD work requirements may affect a SNAP recipient's continued eligibility after three months of receiving benefits does not strip the applicant of the protections of the Decree. If Defendant determines that an applicant does not meet the ABAWD work requirements or an exemption, he or she will lose SNAP benefits. 7 C.F.R. § 273.24(b); NMAC § 8.139.410.14(A), (B), (C), (E). Because the Decree requires that

Defendant provide accurate information to applicants about eligibility requirements and that Defendant verify conditions of eligibility pursuant to the terms of the Decree, (Decree at 7–20), the implementation of the new ABAWD work requirements and time limitations in Defendant's application process falls squarely within the Decree.

Defendant argues that the definition of "application process" in the Decree applies only to an initial application for SNAP benefits, and that because individuals subject to ABAWD work requirements are already receiving benefits, they are beyond the "applicant" stage. (Doc. 637 at 3). However, this Court believes that the term "application process" should not be so narrowly defined as to only include the initial application and initial eligibility determinations, as the question of eligibility for SNAP benefits extends far beyond an initial application. Indeed, pursuant to federal regulations, after an initial application and eligibility determination, SNAP beneficiaries must complete an application for recertification of benefits. 7 C.F.R. § 273.10(f). As a result, in order to continue to receive SNAP benefits, individuals must complete an application for recertification, which, like an initial application, ends with either a notice of eligibility or a notice of denial of benefits. *Id*. at § 273.10(g)(2). For households with an ABAWD, individuals may be required to apply for recertification as early as three months after their initial application. *Id*. at § 273.10(f)(3)(ii).

Moreover, to limit the protections of the Decree to only those individuals who are initially applying for SNAP benefits would not be in the spirit of the Decree. The Decree recognizes that each SNAP applicant must be guaranteed a fair and equal opportunity to participate in the SNAP program, and was entered in an effort to assist all eligible New Mexicans to apply and receive SNAP benefits. Specifically, the Decree applies to the "application process," beginning when an application for SNAP benefits is submitted to

Defendant, and ending when a notice of eligibility decision is issued. (Decree at 4). The Decree does not specify whether the "application process" includes only the initial application and eligibility determination, or whether it encompasses any subsequent applications or continuing eligibility. However, in order to ensure that all eligible New Mexicans apply for, and are properly receiving SNAP benefits, the "application process" must include the processing practices leading up to an eligibility determination, regardless of whether an individual is already receiving SNAP benefits. A fair and equal opportunity to participate in the SNAP program should be afforded to eligible applicants regardless of the stage of the application process, as the most important question under the Decree is whether New Mexicans have applied for and are receiving benefits for which they are eligible.

Third, Defendant's argument that the harm as alleged by Plaintiffs and individual class members does not fall within the Decree is similarly without merit. The particular type of harm as alleged by Plaintiffs has no bearing on the question of this Court's jurisdiction over the implementation of the Decree. As stated above, Plaintiffs have alleged that Defendant is failing to provide SNAP applicants with complete and correct information regarding new work requirements for certain SNAP recipients, and failing to screen applicants for exemptions to the new work requirements during the application process, all in violation of the Decree. Because Plaintiffs have alleged that Defendant has not properly implemented the new work requirements and their exemptions into his application processing practices, which are governed by the Decree, this Court has jurisdiction to consider Plaintiffs' concerns, regardless of the nature of the resulting harm to class members.

### III. Conclusion

For the foregoing reasons, the Court finds that the alleged issues in *Plaintiffs'*

*Motion for Injunctive Relief and Expedited Review and Hearing*, (Doc. 623), fall within the scope of the underlying Decree in this case. As a result, **IT IS THEREFORE ORDERED** that this Court has jurisdiction to hear and rule on *Plaintiffs' Motion for Injunctive Relief and Expedited Review and Hearing*. (Doc. 623).

_____
UNITED STATES DISTRICT JUDGE