IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

      Plaintiffs,

vs.                                  No. CIV 88-0385 KG/CG
                                          Consolidated with
                                          No. CIV-88-0786 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

      Defendant.

## JOINT STATUS REPORT PURSUANT TO DOC. 658

**HSD'S SECTION**

1.     The parties met on November 7, 2016 as part of a "normal" monthly meet and confer and also to address the quarterly meet and confer requirement for the Time Limit Rule (establishing requirements for ABAWDs). Plaintiffs previously sought to cancel the normal monthly meet and confers, but changed their mind, and HSD thus started scheduling them again. This JSR is, by Court Order (Doc. 658, Page 23), and agreement by parties, to be on the Time Limit Rule.

2.     Plaintiffs' portions of the JSR go beyond the Time Limit Rule and discuss matters that should not be part of this particular JSR. HSD will address each point raised by Plaintiffs with the caveat that this is an example of why a mediator is necessary in this matter. This clarification seems necessary as Plaintiffs have recently argued that HSD's voluntary discussion and sharing of information on a particular issue equals a concession that such issue falls within the scope of

the Decree.  HSD objects to this JSR containing information about any program other than the Time Limit Rule.

3.     One of the issues addressed by Plaintiffs deals with a potential, future mandatory Employment and Training Program.  The program is currently voluntary.  Consistent with its position relative to the Time Limit Rule, HSD believes any mandatory Employment and Training Program lies beyond the scope of this litigation.

4.     HSD applied for a statewide waiver for the Time Limit Rule on November 14, 2016.  The relevant documents are attached as Exhibit A.  This was a policy decision made by the state of New Mexico based upon its unemployment data.  The statewide waiver, once granted, will run from March 1, 2017 through the end of February, 2018.

5.     At the November 7, 2016 meet and confer, Plaintiffs asserted a brand new position that a state agency that requests a waiver, as allowed by federal law, must hold a public hearing on such request.  This is the first time that Plaintiffs have ever raised this issue.  HSD disagrees that applying for waivers – when such application is allowed for by federal law – requires a public hearing.  This is especially true when the waiver is 100% beneficial to the citizens of New Mexico.  HSD will forward the issue to FNS for their analysis and also intends to have a 3rd party subject matter expert analyze the issue.

Plaintiffs' paragraph four (4) below, characterizes the conversation as being about the Employment and Training Program regulations.  That is incorrect.  Please see attached agenda for the meeting and Plaintiffs' summary of all items addressed at the November 7, 2016 meet and confer, attached as Exhibits B and C.  For completeness, HSD's Response to Plaintiffs' Summary of the November 7th meet and confer is attached as Exhibit D.  The Employment and

Training regulations were not discussed at all at the November 7, 2016 meet and confer.  This represents another reason why a mediator is necessary.

6.      Relative to Plaintiffs' comments, section 5(a), the FSP 013 is a general document that may also serve as a notice to client – which is currently being reviewed for federal compliance and literacy by the National FNS Office and Insight.  It is not designed to address the Time Limit Rule and discussion of it is not appropriate in this JSR.

7.      Relative to Plaintiffs' section 5(b), The Notice of Noncompliance that HSD has continued to work on was co-created by Plaintiffs in the notice work group.  Even with Plaintiffs' input in its original creation and input on-going, it was still not formatted to be ready for Insight's review until November 14, 2016, when it was shared with Plaintiffs, FNS and Insight.  The Notice of Noncompliance does contain drafts of triggers related to the Time Limit Rule based upon presumptions of policy decisions not yet made.  The Notice of Noncompliance does not contain any Employment and Training triggers at this time because the program is voluntary.   Plaintiffs have had more than one 30 day period review of this notice that they helped to create in the notice work group.  HSD will follow guidance from the National FNS Office and Insight regarding compliance and best practices in finalizing this notice.  Relative to Plaintiffs' allegations that HSD did not respond to their comments, this is incorrect.  Ms. Natalie Campbell had a conversation with Ms. Sovereign Hager at a JAD on an unrelated matter about their letter on the Notice of Noncompliance – as a response.  It was discussed that HSD would not write a letter response, but would reformat the Notice based upon Plaintiffs' suggestions from their letter and from new items HSD sought to address.  All responses do not need to be in writing and a verbal response, which did occur, is sufficient.  The Notice was reformatted after this discussion and the newer version was sent to Plaintiffs.

8.      Plaintiffs' concerns raised in Paragraph 5(c) address general work requirement reason codes for the NOCA.  With continuing dialogue, both parties have revised these codes so that they will fit into the triggers of the NOCA smoothly.  Plaintiffs' last letter included suggestions that were helpful, but also contained errors.  HSD has sent current drafts of these codes (which include Plaintiffs' 30 day review and input) to the National FNS Office and Insight and will follow their guidance in finalizing the NOCA.  General work requirements are separate from the Time Limit Rule and discussion of issues related to general work requirements is not appropriate in this JSR.

9.      Plaintiffs section 5(d) also addresses the general work requirements which are separate from the Time Limit Rule and are outside the scope of this JSR.  Federally compliant notices for the general work requirements are currently being reviewed for compliance and literacy by the National FNS Office and Insight.  The training for general work requirements has correctly moved through the process as required by the consent decree.  It is being finalized, but HSD has not set a date for its release to workers.

10.      In paragraph 6 of their section, Plaintiffs assert that there are no compliant notices for an implemented Time Limit Rule requirement (and also include all other work requirements not pertinent to this JSR).  As discussed at the meet and confer, policy decisions relative to how the Time Limit Rule will be implemented have yet to be made by the state.  Those policy decisions will drive the creation of specific notices necessary for the implementation of the Time Limit Rule.  Through the end of February, 2018, New Mexico will likely have a statewide waiver and thus the policy decisions for and creation of necessary notices is not ripe.  In fact, these notices will be developed with the Special Master and with the National FNS Office.

The FSP 003 (as reviewed by Plaintiffs) may contain Time Limit Rule information – and it is currently being reviewed for federal compliance and literacy by the National FNS Office and Insight in its current form which includes a 30 day review and comments from Plaintiffs.  It may be that a checklist/notice – parallel to the FSP 013 – will be developed to replace the FSP 003. HSD will follow guidance from the National FNS Office and Insight regarding compliance and best practices for notices to be designed and used for the Time Limit Rule.  HSD will also follow guidance from the Special Master to this same end.

**PLAINTIFFS' SECTION**

1.    The parties met and conferred on November 7, 2016 concerning SNAP work requirements, the ABAWD time limit and Employment and Training. These requirements were initially promulgated into regulations by Defendant in NMAC 8.139.410.12 and 8.139.410.14. This Court found that all of these changes to eligibility must be implemented in accordance with the Decree. (*See* P. 6 of Doc. 645 finding that SNAP work requirements, including general work requirements, including Employment and Training codified at 7 C.F.R. § 273.7 and ABAWD requirements codified at 7 C.F.R. § 273.24 are conditions of eligibility for SNAP and must be implemented in accordance with the Decree). State regulations enacting these federal provisions were included in the Court's Order establishing the requirement to meet and confer on a quarterly basis concerning "the ABAWD time limit and related work Requirements." *See* Doc. 658, p. 2 and p. 23. Consequently, all of the topics discussed below relate directly to the Defendant's implementation of the Decree and Doc. 658.

2.      Defendant informed Plaintiffs' Counsel that HSD would submit an application to the USDA for the statewide waiver of the ABAWD time limit through February of 2018. Defendant intends to submit the application by the end of November. Plaintiffs are pleased with the decision to obtain the statewide waiver because unemployment remains high in NM and it will be very difficult for adults to meet the ABAWD requirements. In addition, HSD is not ready to implement the ABAWD time limit or and related work requirements and needs more time to prepare for implementation of these complex requirements.

3.      Defendant is uncertain as to whether the Department would actually utilize the waiver statewide through February of 2018 and that the state might begin enforcing the time limit before February 28, 2018. HSD stated that this was a policy decision that has not yet been made. State regulations currently state that the ABAWD time limit is in effect now. Defendant does not believe that the regulations need to be changed to reflect the current HSD statewide waiver or give a date when the time limit will ultimately be imposed. Plaintiffs' Counsel provided legal authority to the Department for why state regulations must reflect current HSD practices and changes can be made only in compliance with state administrative rulemaking statutes.

4.      Defendant's current regulations state that effective October 1, 2016, adults age 16-60 that do not meet a federal or state exemption are required to meet Employment and Training program requirements or be disqualified from SNAP. *See* NMAC 8.139.410.12 (C)    Defendant is not implementing this regulation and told Plaintiffs' Counsel that it does not intend to do so in the near future. Defendant stated that any plans to implement Employment and Training requirements are policy decisions that

the Department has not made yet. Plaintiffs believe that this regulation needs to be updated to reflect current practices of the Department. Defendant informed Plaintiffs' of his intent not to implement these regulations at the Meet and Confer, *See* Defendant's Exhibit D.

5. Plaintiffs submitted comments to HSD on the following notices and worker training:

 a. FSP 003 Notice about SNAP work requirements. HSD has forwarded a revised notice to Insight, a contractor hired by the USDA to provide expert assistance on certain SNAP related notices. Depending on the feedback HSD gets from Insight, the Department may replace the FSP 003 with different "checklist notices." One of these is the FSP 013, which is currently a checklist tool for caseworkers. Plaintiffs provided comments on this notice. Plaintiffs are concerned that HSD has not taken steps to draft the document for client use. Additionally, the FSP 013 does not give specific information that applies to the client receiving it, instead it gives general information and would be slated to go to every individual receiving SNAP. Only a fraction of those individuals are subject to any work related requirements. Plaintiffs have voiced these concerns to HSD and HSD stated a final determination about the notices will be made following expert advice from Insight, which is expected to conclude in six months.

 b. Notice of Non-Compliance. This is a notice that is used to inform SNAP participants that they are out of compliance with any work related requirements that exist, including general work requirements, E & T and the ABAWD time limit. HSD sent Plaintiffs' Counsel and the notice contractor Insight with a new draft of this notice that was incomplete and unintelligible. Plaintiffs provided

comments on the notice, which are attached as Exhibit E. HSD did not respond to this letter. At the meet and confer, HSD agreed that the draft is incomplete and provided a revised version of the notice for Plaintiffs' comments on November 14, 2016.

c. Revised case closure and denial reasons. HSD provided new case closure and denial reasons to appear in the notice of case action to explain why a client is denied benefits for failure to comply with work related requirements. Plaintiffs provided comments on the draft changes and expressed concern that the reason codes were all drafted incorrectly and would not populate correctly in the notice of case action. Plaintiffs' Comments on these reason codes were also addressed in the letter attached as Exhibit E. HSD did not respond to this letter and has not provided revised reason codes.

d. HSD worker training on "General Work Requirements." This training is designed train workers on implementation of long standing federal law that restricts eligibility for SNAP for certain adults who do not meet the requirements of 7 CFR 273.7(a), including voluntarily quitting employment or reduce work hours without good cause. *See* 7 CFR 273.7(a). Defendant was unsure when this training would be given to workers.

6. HSD does not currently have adequate notices about general work requirements, E & T or ABAWD requirements or have adequate adverse action notices to legally deny or close cases for reasons related to these federal requirements. Currently, HSD does not have plans to implement E & T or the ABAWD time limit, however the state does need to adequately inform participants about general work requirements, as the

Department intends to implement them. Because the current notices do not comply with the law, Plaintiffs' Counsel has asked whether individuals are being disqualified or denied SNAP for non-compliance with general work requirements at this time. Defendant provided data on past case closures, but was unsure if clients are currently being terminated or denied and agreed to let Plaintiffs' Counsel know.

7.    Plaintiffs look forward to the Special Master review of the notices discussed above so that differences between the parties can be resolved.

Respectfully submitted,

  */s/ Natalie Campbell*
  Natalie Campbell
  Asst. General Counsel, OGC, NMHSD
  1010 18th Street NE
  Albuquerque NM 87104
  505.222.9915; 505.573.9604
  Natalie.Campbell@state.nm.us

CERTIFICATE OF SERVICE

    I hereby certify that on this 17th day of November 2016,  I filed the foregoing pleading electronically with the United States District Court, causing the same to be electronically served on opposing counsel who have entered their appearance in this matter.

  */s/ Natalie Campbell*
  Natalie Campbell