1190 S. Saint Francis Drive
Harold Runnels Building Suite N330
Santa Fe, New Mexico 87505

**Lawrence M. Parker**　　　　　　　　　　　　　　　　　　　　　505-469-8476
Special Master

March 20, 2017

To:　Cristopher Collins
　　　Human Services Department
　　　Pollen Plaza 2009 S. Pacheco
　　　Santa Fe, New Mexico 87505

To:　Sovereign Hager
　　　New Mexico Center on Law and Poverty
　　　924 Park Avenue Southwest, Suite C
　　　Albuquerque, New Mexico 87102

From: Lawrence Parker, Special Master
　　　　1190 S. St. Francis Drive
　　　　Harold Runnels Building, Suite N3300
　　　　Santa Fe, New Mexico 87505

## Background

In 1988, Debra Hatten-Gonzales filed suit against the Cabinet Secretary of Human Services Division (HSD) alleging that HSD violated federal law in determining eligibility for Food Stamps, Aid to Families with Dependent Children (AFDC) and Medicaid. The case was certified as a class action. In 1990, the parties reached a settlement agreement requiring HSD to take remedial action to revise its application process and improve services to clients. The court retained jurisdiction to enforce the terms of the settlement agreement. During the past 27 years, there have been many motions filed by the plaintiff related to defendant's failure to comply with the numerous court orders enforcing compliance.

There have been periods of intense dispute and periods of dominance between the parties. In the past three years, the intensity of the dispute has escalated. HSD was not meeting the requirements of the consent decree, court orders, or federal program requirements. This failure to comply resulted in the HSD Cabinet Secretary being held in contempt of court. In 2016, Judge Kenneth Gonzales issued an order for the hiring of a Special Master in an effort to assist in bringing HSD into compliance with the consent decree, court orders, and federal program regulations. The Special Master was appointed to the position in November 2016.

Historically, the New Mexico Income Support division (ISD) has not met the requirements of the consent decree, court orders, and federal requirements in the administration of Supplemental Nutrition Assistance Program (SNAP) [formerly known as Food Stamps] and Medicaid programs. However, there have been times when the ISD program met the requirements of the SNAP program. During review of the case, I have found many contributing factors to the problems in the ISD program. The problems identified include insufficient management of the program, staff attending court ill prepared, implementing new programs without proper strategic planning and coordination, and demands for information from the plaintiffs that are outside of the Consent Decree requirements. While staffing and budget constraints are often discussed as factors related to ISD program not meeting state and federal requirements in the SNAP and Medicaid programs, these constraints are a national issue. Many states have met the requirements of the SNAP and Medicaid programs, while weathering these issues.

ISD and Plaintiffs must give consideration to the long history of this case and recognize that past efforts to resolve the Consent Decree have not worked.

Pursuant to my role as Special Master, I am making recommendations that will assist Plaintiffs and Defendants in agreeing on a reasonable end to this decades old Consent Decree. The recommendations are made with the best interest of the applicants and clients of the ISD program being of supreme importance.

**Consent Decree**

Plaintiffs and Defendants need to have increased scheduled meeting to discuss issues identified in the Consent Decree and court orders. These meetings must be conducted with respect, professionalism, and behavior by both parties that lead to resolution of this litigation. The meetings must include an agreed upon governance structure that facilitates open communication and formal tracking of outstanding action items and reports. The parties must realize there are many issues that arise during the administration of the ISD operation. Many of these issues may not fall within the requirements of consent decree and should not be discussed in meetings to address the consent decree.

Plaintiffs and Defendants need to facilitate improved attempts to settle the Consent Decree without restriction being placed on pertinent presentations by the parties.

Plaintiffs and Defendants should collaborate and work toward modifying the Consent Decree and issue a joint recommendation from the parties to the court in this matter.

**Plaintiff**

The Special Master recognizes the efforts of the Plaintiff in their attempt to resolve the Consent Decree. A clear recognition that additional procedural requirements on direct delivery staff will not serve to improve timeliness or accuracy. There should be a recognition that current increased processes have failed to result in improvements in the ISD program or services to clients. Additionally, reiteration and discussions of past failures serve no purpose during attempts to resolve the Consent Decree or improve services to clients.

**Defendant**

The Special Master recognizes the efforts of the Cabinet Secretary, General Counselor and program management in their attempt to resolve the consent decree.

There must be clear recognition and acceptance of the fact that problems in the ISD program exist in many areas. Recommendations made will assist in improving services to clients.

HSD management needs to provide resources to the ISD program that will assist in the selection of a quality ISD Director. This person must possess program knowledge and a demonstrated history of successful upper level management.

A proficient single point of contact needs to be established who responds to requests for information from all sources related to the Consent Decree, state and federal Corrective Action Plans. These sources include internal and external requestors, including, but not limited to Plaintiffs, state, federal agencies, and the Court. The position needs to be a direct report to and headquartered in the Cabinet Secretary's office.

The ISD program will place a moratorium on hiring of staff above the Financial Assistance Analyst (FAA) level. This allows for a review of support positions, staff assignments and staff to manager ratio. This effort will assist in determining if there are ways to increase the number of FAA staff to support the operational processes.

In consideration of recent history, the ISD program will cease all efforts to plan, develop or implement new programs, with the exception of programs required by state or federal agencies to meet requirements within regulations. The ISD program will document their outstanding projects (in progress, on hold or deferred) for review, approval, prioritization or termination. The resources assigned to future efforts need be reassigned to current programs that are not meeting expectations of the state or federal agencies.

In consideration of providing access to services, ISD offices must be open for client services Monday thru Friday from 8 A.M. to 4:30 P.M., except for national and state holiday closings.

The Special Master is aware of the issues that may be encountered during the implementation of these recommendations. The Special Master will be available to assist in implementing the recommendations.

The Special Master recommends that implementation of the recommendations begin on March 25, 2017 or 5 business days after court approval, whichever is sooner.

It is the express intent of the Special Master to assist the New Mexico ISD program in its efforts to come into compliance with the Consent Decree, SNAP, and Medicaid requirements while assisting ISD with a plan of action to maintain compliance.

Respectfully Submitted,


Lawrence M. Parker
Special Master