IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

     Plaintiffs,

vs.

                                      No. CIV 88-0385 KG/CG
                                      Consolidated with
                                        No. CIV-88-0786 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

     Defendant.

**<u>Plaintiffs' Reply on Motion for Court Order and Sanctions</u>**

     Plaintiffs filed their motion for sanctions because for the past few years, Defendant has failed to come into compliance with multiple orders of this court. Over the past three weeks, with the assistance of the Special Master, the parties have met extensively to try to come to an agreement about what Defendant must do to comply with outstanding Orders of the Court. Plaintiffs hoped that a stipulated order could be entered that would prevent the need to seek further relief from the Court. Plaintiffs have sought several extensions to file this reply brief and hoped to withdraw this motion once a stipulated order was entered. However, after more than a month of negotiations, an agreement has not been reached and Plaintiffs are compelled to file this reply, setting forth the continued major areas of non-compliance by Defendant, which include timeliness, notices, the phone system, worker trainings and manual. Plaintiffs will continue to meet with Defendant in order to attempt to reach an agreement on how and when Defendant will resolve these issues.  But at this time, a final agreement has not been reached.

**I.**       **The Decree Requires Defendant to Comply with Federal Regulations for Making Timely Eligibility Decisions**

The Decree states "100% compliance with the federal application processing time standards in the Food Stamps and Medicaid program is required. The parties recognize that random and unforeseen circumstances involving an individual worker or office may result in less than 100% compliance in a given month, but agree that systemic or programmatic barriers to 100% timeliness must be removed if and when they are identified." Decree, Section 1, ¶ 5.

Plaintiffs and Defendant seem to be close to an agreement that in order to reach the timeliness goals set forth in orders of this Court, a 95% timely processing rate for SNAP and Medicaid applications and renewals must be met.

However, in order to be in compliance with the Decree, Defendant must also implement the requirement to "enforce all of its federal regulatory requirements governing the application process." Decree, Section II, paragraph 31.   The federal regulatory requirements for timely processing SNAP established at 7 C.F.R. § 273.2(g) and 273.2 (i)(3)(i) and for Medicaid at 42 C.F.R. § 435.912(c)(3). Expedited SNAP must be processed within 7 days of application and a full eligibility decision must be made within 30 days. The standard is 45 days for Medicaid.  HSD must timely renew Medicaid and SNAP so families have an opportunity to participate without an interruption in benefits. 42 C.F.R. 435.916 (Medicaid) and 7 C.F.R. 273.14 (SNAP) Despite clear language in the Decree and federal law, Defendant does not believe there is a standard for timely processing SNAP denials and Medicaid applications. *See* Doc. 785, p. 7.  While quality control measures imposed by federal regulatory agencies govern the relationship of the regulatory agency and the Defendant, they are not determinative as to the rights of the Plaintiffs to relief.   "The language of the federal regulations is unequivocal, and states that a decision 'shall' or 'must' be made within the specified number of days. The regulations' commands effectuate the purposes of the federal categorical programs, to render reasonably prompt assistance to persons in dire need."

*Withrow v. Concannon*, 942 F. 2d 1385,1387 (9th Cir. 1991). This is why federal courts have been very clear that an injunction, like the consent decree, that requires adherence to federal regulations "is appropriate, even if perfect compliance is unattainable." *Id.   See also*, *Robertson v. Jackson*, 927 F.2d 529, 535 (4th Cir. 1992); and *Haskins v. Stanton*, 794 F.2d 1273, 1277 (7th Cir.1986).

The Court in *Withrow* recognized that there is "doubtless a point at which any failure of total compliance is truly de minimis, where the state has come to comply "as strictly as is humanly possible," and it is within the discretion of the district court to deny injunctive relief." *Withrow* at 1387. In this case, Defendant is far from meeting a standard that would not necessitate the continued existence of the injunctive relief required in the Decree. In fact, Defendant's adherence to any lesser standard than those in the Decree, violates its very terms, which require Defendant's quality control to "conduct reviews in accordance with the Court Order." Decree, Section II, paragraph 31.

In order to comply the Decree, Defendant must show 100% timeliness in SNAP applications and renewals, and Medicaid applications and renewals, with the understanding that "random and unforeseen circumstances involving an individual worker or office may result in less than 100% compliance in a given month." Decree, Section 1, ¶ 5.   If the parties cannot reach agreement, Plaintiffs request that this Court enter an Order requiring Defendant to reach a 95% benchmark in timely processing all applications and renewals by October 31, 2017. This is the latest deadline proposed by the Special Master for Defendant to reach 95% timely processing.  Plaintiffs' also request that this Court Order Defendant to comply with the Special Master's recommendation that Defendant eliminate the backlog of overdue cases by achieving and maintaining a minimal inventory of past due applications and renewals (less than 5% of those received) in SNAP and Medicaid by October 31, 2017.

II.     **Defendant Must Make Systemic Changes Under Specific Deadlines to Comply with the Decree and Federal Law.**

The Court has ordered Defendant to make critical systemic changes to bring the Defendant into compliance with the Decree and previous Orders of the Court. The Special Master has also made recommendations to improve the timeliness and accuracy of Defendant's processing. Deadlines must be established for the following systemic changes:

**a.  Worker Manual**

A comprehensive desk reference manual for workers is necessary for Defendant to achieve compliance with the Decree. This Court ordered Defendant to issue an RFP to this end and on June 2, 2016, HSD stated that the contracted work would be completed within 18 months of the commitment. This timeframe was entered as an Order at paragraph 8 of Doc. 712.  Over a year has passed and although Defendant has issued an RFP, contract negotiations are not complete. Without a manual, Defendant is unable to establish uniform application processing practices, as required by the Decree and federal law. Defendant does not have an estimated completion date for the manual.  In the meantime, workers continue to rely on regulations containing partial detail on application processing practices and an uncategorized list of memoranda that workers may or may not know to reference for relevant policy guidance. Additionally, email and verbal directives continue to surface that direct workers to deviate from standard application process.  This Court has heard repeated testimony and has personally observed the non-uniform practices in Defendant's various county offices. A Court Order is needed to set deadlines for the completion of a comprehensive worker manual.

**b.  Immigrant Eligibility**

Defendant does not have any staff with knowledge or expertise in determining eligibility for non-citizens. Defendant has contracted with an experienced immigration attorney, but the

attorney does not have experience in determining eligibility for public benefits. Despite being under Court Order for years and held in contempt in June of 2016 for failing to properly train workers on immigrant eligibility, Defendant did not even attempt to draft a new training until August of 2017. The draft that Defendant provided to Plaintiffs for review had more errors than previous versions, even with comments from the immigration attorney. Plaintiffs are working collaboratively with the Department to finish the worker training, which is a power-point presentation. Defendant's intention is to have employees read the training power point and answer questions. There will be no instructor. Starting January 1, 2018, Defendant has stated that the power point will be integrated into the new employee training. It is critical that the information be fully integrated into the new employee training materials and be led by a qualified instructor. The Court has entered at least four separate Orders over the last decade requiring Defendant to comply with federal law in determining eligibility for non-citizens. Defendant must be Ordered to have competent individuals on staff to train workers and to fully integrate immigrant eligibility into the standard new employee training materials.

Plaintiffs also recently learned that a social security number is required to activate an Electronic Benefit Transaction (EBT) card and thus access SNAP benefits. If the head of household does not have an SSN, he or she cannot find out how to activate the card and access benefits unless they manage to make contact with an ISD office in person or by phone after being given a substitute number.  This is onerous and unnecessarily burdensome for non-citizen applicants. This presumes that he or she was not deterred from using the benefits by the demand for an SSN. It is well documented that these requests for SSNs are illegal because they deter

eligible families from seeking benefits.[1] This Court Ordered Defendant to remove requests for SSNs from all forms of communication. *See* Doc. 587, paragraph 7.  Expedited SNAP must be accessible within 7 days of application and cannot be delayed for an interview or any other reason. An EBT card already takes 5 business days to reach an applicant. Figuring out how to access an employee by phone to get a substitute number will further delay benefits. There are alternative ways to activate EBT cards in other states.  For example, other states send two envelopes to all applicants – one with the card and another with a pin number. A Court Order is necessary to ensure eligible families can receive benefits without additional barriers related to their national origin.

### c.  Deadlines for Finishing Notices

Since Plaintiffs filed our motion for sanctions, Defendant has created a priority work plan for notices and has committed to completing all notices by December 30, 2017, but without a literacy review of the online application and renewal system. If the parties cannot come to a final agreement, Plaintiffs request that this Court Order Defendant to complete the literacy review by December 31, 2017.

Plaintiffs further request that this Court Order Defendant to issue a policy on how Defendant makes changes to notices. This is necessary to ensure that future changes to notices are made in compliance with the Decree and through a mechanism that ensures they are approved by competent staff.

To meet the requirement of Doc. 549, paragraph 6 concerning notices of benefit denial, Defendant must stop denying and closing cases with a general reason of "failure to comply with the application and renewal process" and replace it with individualized and specific reasons for case closure and denial that state the specific procedural step the client failed to take. Defendant

---

[1] *See* Tri-Agency Guidance, *available at* https://www.hhs.gov/civil-rights/for-individuals/special-topics/needy-families/triagency-letter/index.html

has added individualized and specific denial reasons into the Notice of Case Action, but staff did not feel comfortable fully eliminating the general denial and closure reason. For this reason, the parties agreed on interim language to use until the general reason could be fully eliminated. This is memorialized in Doc. 549. To date, Defendant still has not eliminated the general denial reason and must be ordered to do so in compliance with this Court's Order.

Defendant also identified two computer errors that improperly deny families assistance. One error causes renewal forms not to be sent to families. Defendant has an IT fix for this problem, but data will not be available to show all renewal forms have been sent until October of 2017. The second error causes cases to improperly close for a procedural reason without an individualized eligibility review. Defendant refers to this second error as caused by a "mass update" and he cannot terminate the error causing function until October 15, 2018. Plaintiffs request that the Court Order Defendant to remedy both errors by October 31, 2017.

### d.  Data Required by the Decree

Since filing their response, Defendants have provided Plaintiffs with more data required by the Decree. But there are still basic timeliness measures and processing data required by the Decree that Defendant does not provide. Plaintiffs request that the Court Order Defendant to provide the following data by the end of the year:

1. To comply with Decree Section 1, ¶ 5 and Section 4, ¶ 3(b) and Doc 601, ¶ 12, Defendant must provide timeliness rates for denials of initial SNAP applications by office, and timeliness rates for approvals and denials of SNAP and Medicaid renewals.

2. To comply with the Decree, Section 1, ¶ 4(f) and Section 4, ¶ 3 (f), Doc. 500 ¶ 13 and Doc. 554, ¶ 7, data showing the approval, withdrawal, procedural and need based denial rates for each program, by office for initial and renewal applications.

### e.  Phones

Defendant has informed plaintiffs that a contract to expand the phone system through the use of a private contractor will both increase calls answered and create a function by which applicants can leave voicemail messages as required by the Decree. Defendant's response brief states that the expansion will be operating by October. Plaintiffs request that this Court Order Defendant to implement the planned changes to phone capacity and voicemail functionality by October 31, 2017.

### f.  Leadership

Since Plaintiffs filed their Motion, Plaintiffs are pleased that Secretary Earnest has personally attended several meetings and helped advance the discussion and agreement between the parties. Plaintiffs remain concerned that Defendant has not taken strong disciplinary action to date regarding repeated and documented instances of fraud by HSD employees and in particular supervisors. Defendant's issuance of a directive to all staff last summer was clearly insufficient, given the recent fraud involving the ISD call center and other instances that are currently under investigation. Over a year has passed since the Court heard testimony and evidence concerning falsification of client assets causing delays in expedited SNAP issuance. Documented fraud by a County Director and other supervisors has not been addressed. ISD Directors responsible for the running the Department during this period are still employed in high level positions at the Department.  In order to ensure uniformity and compliance, Defendant must take prompt and strong disciplinary action when employees violate the law, particularly supervisors. Plaintiffs are also concerned that Defendant has not taken steps to ensure the Department has staff with knowledge sufficient to accurately and effectively train workers on immigrant eligibility for SNAP

and Medicaid. This is one of the longest running issues in this case. Without competent staff, the Department will not be able to achieve compliance.

### III.    Case Review

Plaintiffs believe that case file reviews by Plaintiffs are necessary to monitor compliance and resolve this case. The parties agree that a case review should be completed following the implementation of the Notice of Case Action.  Plaintiffs have requested an additional case review six months later to monitor compliance. There are two critical programmatic changes that require additional monitoring:  1) Defendant will be implementing a worker manual in 2018, so Plaintiffs need to conduct a case review after implementation of the manual to determine if the worker manual is correcting non-compliance; and 2) Defendant will automate benefit denials for individualized and specific procedural reasons that are a client's fault at some point in 2018, so Plaintiffs will need to conduct a case review after automation begins to ensure that the computer function is not excluding eligible applicants. Further, the Decree requires permanent and systemic changes with ongoing monitoring by Plaintiffs for compliance.  Given Defendant's decades long history of non-compliance, contempt and documented attempts to hide non-compliance, Plaintiffs request that this Court enter an Order requiring case reviews in March 2018, September 2018 and March 2019. After these case reviews, the Court can determine whether further monitoring is necessary.

### IV.    Sanctions Against an Individual Defendant are an Appropriate Remedy for Non-Compliance with Court Orders

To date, members of the Plaintiff class have been the only party sanctioned as a result of Defendant's non-compliance, as they go without food or medical care because of delays and ineffective administration of the program. Plaintiffs believe that sanctions should be levied against the Defendant in this case every month that he does not achieve a minimum of 95% compliance

9

with federal timeframes for processing SNAP and Medicaid cases. Brent Earnest is the Defendant in this case in his capacity as Secretary of the Human Services Department.  Any sanction ordered by the Court against the Defendant in this case is properly levied against Mr. Earnest as Secretary of the Human Services Department. Plaintiffs' motion provides significant case law on the propriety of sanctions as a remedy and Defendant's response did not provide any law to the contrary.

<u>**Conclusion**</u>

Plaintiffs will continue to meet with Defendant and the Special Master in good faith with a goal of entering a stipulated order that includes the important benchmarks and systemic changes described in this Reply and in Plaintiffs' motion. Plaintiffs will withdraw this motion if an agreement can be reached. However, absent such an agreement, Plaintiffs respectfully request that this Court enter an Order requiring Defendant to take the following actions and issue monetary sanctions against Defendant if the following deadlines are not met:

1. Timely process 95% of applications for SNAP and Medicaid (approval and denials) by October 31, 2017.

2. Timely process 95% of renewals for SNAP and Medicaid (approval and denials) by October 31, 2017.

3. Achieve and maintain a minimal inventory of past due applications and renewal (less than 5% of those received for the month) in the SNAP and Medicaid program by October 31, 2017.

4. Bring all notices and standard forms into compliance with the Decree, including a literacy review and to issue a policy on how further changes to notices will be made by

December 31, 2017 with a requirement to meet and confer three months following the implementation of the Notice of Case Action to discuss if it is working.

5. Ensure all renewal forms are timely sent to households up for renewal by October 31, 2017.

6. Make changes to the HSD IT System to prevent automatic closure of cases for procedural reasons during a mass update process by October 31, 2018.

7. Provide immediate access to a number other than a Social Security Number so all families get immediate access to SNAP benefits upon receipt of an EBT card.

8. Increase capacity of Defendant's phones system and implement voicemail functionality by October 31, 2017.

9. Create and implement a comprehensive online worker manual by December 31, 2017.

10. Eliminate the general reason for benefit denial, "failure to comply with the application process" by December 31, 2017.

11. Train all staff on provisions of the Decree and federal law concerning benefits for families that include immigrants by December 31, 2017 and fully integrate that training into the standard instructor led new employee training and materials by December 31, 2017.

12. Provide remaining data required by the Decree by December 31, 2017.

13. Completion of three case reviews in March 2018, September 2018, and March 2019.


Respectfully submitted,

*/s/ Sovereign Hager*
Sovereign Hager
New Mexico Center on Law and Poverty
924 Park Ave., Suite C
Albuquerque, NM 87102

(505) 255-2840
sovereign@nmpovertylaw.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2017,  I filed the foregoing pleading electronically with the United States District Court, causing the same to be electronically served on opposing counsel, Christopher  Collins  and  Natalie  Bruce  at  Christopher.Collins@state.nm.us  and Natalie.campbell@state.nm.us

*/s/ Sovereign Hager*
Sovereign Hager