IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                           Civ. No. 88-385 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

    Defendant.

## ORDER REQUIRING MEETINGS ON PRESENT SCOPE OF THE CONSENT DECREE

On December 7, 2017, the Court held a telephonic status conference. Present at the telephonic conference were the Special Master, Lawrence Parker, and the Compliance Officer, Ramona McKissic. Also, present were Defendant Secretary of the New Mexico Human Services Department, Brent Earnest, and his counsel, Christopher Collins. Daniel Yohalem, Gail Evans, and Sovereign Hager were, likewise, present, representing Plaintiffs.

IT IS ORDERED that

1. by December 18, 2017, the parties must meet and confer in in person and in good faith to begin discussions on the following topics:

    a. Whether or to what extent Defendant has complied with the Consent Decree, Court orders, and federal law? If there has been a compliance action, how long must that compliance action be sustained in order for the Court to determine if the compliance action is sustainable enough to support a dismissal of that action with prejudice?

    b. Whether or to what extent is any part of the Consent Decree no longer applicable and, thus, no longer subject to the Consent Decree, e.g., obsolete provisions?

2. The above discussions must be completed by December 31, 2017.

3. Only the following persons will participate in the above in-person meetings: the Special Master, the Compliance Officer, Secretary Earnest and an attorney of his choice, and Daniel Yohalem and an attorney of his choice.

4. The Special Master will submit his final findings and recommendations to the Court for filing no later than January 31, 2018. The final findings and recommendations will incorporate and discuss any agreements reached by the parties during the above discussions.

5. The Court notes the following:

    a. According to the Consent Decree, "[t]he parties agree to make good faith efforts to resolve any differences that may arise in the course of rendering [the Consent Decree] operational." Consent Decree at 3, (Doc. 460) at 5.

    b. Although the Consent Decree provides that "[n]o modifications to this Agreement may be made without the written consent of the parties and the approval of the Court," the Court has an inherent equitable power to modify *sua sponte* the Consent Decree if a significant change in circumstances warrants a revised Consent Decree. Consent Decree at 27, (Doc. 460-2) at 9. *See also David C. v. Leavitt*, 242 F.3d 1206, 1210 (10th Cir. 2001) (holding that "a court's equitable power to modify its own order in the face of changed circumstances is an inherent judicial power that cannot be limited simply because an agreement by the parties purports to do so."); *Alberti v. Klevenhagen*, 46 F.3d 1347, 1365–66 (5th Cir. 1995) (agreeing with reasoning in *United States v. City of Miami,* 2 F.3d 1497 (11th Cir.1993) and *In re Pearson,* 990 F.2d 653 (1st Cir.1993), and holding that "regardless of the parties' silence or inertia" court, *sua sponte*, has discretion "to modify a decree when the court sees that the factual circumstances or the law underlying that decree has changed.").

c. Finally, the parties must remain mindful during these ordered discussions that the ultimate goal of this lawsuit and Consent Decree is to ensure that eligible impoverished New Mexicans timely receive SNAP and Medicaid benefits, benefits which they urgently need.

_____
UNITED STATES DISTRICT JUDGE