IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                          No. CIV 88-0385 KG/CG
                                                 Consolidated with
                                                 No. CIV-88-0786 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

    Defendant.

## JOINT MOTION TO MODIFY Doc. 500

By this Joint Motion, plaintiffs and defendants move this Court for an Order modifying Document 500, to permit the New Mexico Human Services Department ("HSD") to close and deny cases for procedural reasons using an automated individualized eligibility review process. In support of this Motion, Plaintiffs and Defendants state:

1. Paragraph 3 of Document 500 "suspended" the procedural (automatic) denial function "for the time being" to "ensure that no more SNAP and Medicaid cases are denied without any individualized eligibility review."

2. Paragraph 7 of Document 500 "suspended" the automatic closure function "for the time being" to "ensure that no more families are terminated from the SNAP or Medicaid programs and made to begin the application process anew without an individualized eligibility review by a caseworker to determine if the family has fulfilled its recertification obligations and remains eligible"

1

3. Defendant believes auto denial and auto closure of cases for procedural reasons where the applicant refuses to comply with the application process will help ensure timely application processing.

4. Plaintiffs believe that it is critical that any automated process be programmed to only deny eligibility when the applicant refuses to complete the application process, as required by 7 C.F.R. 273.2(d)(1). This includes situations where the applicant has not completed the application process and Defendant has provided assistance, as required by 7 CFR 273.2(g)(3).

5. The department has shared its design of the automated processes to deny and close cases for procedural reasons with counsel for Plaintiffs and has incorporated some of Plaintiffs' counsel's feedback.

6. The process design includes an automated analysis of every case prior to closure or denial to determine the cause of the delay in processing, as required by federal law. *See* 7 C.F.R. 273.2 (h)(3) and 7 C.F.R. 273.14(e)(1). In cases where Defendant has failed to take a required action, the case will not be closed or denied and the applicants will receive a notice of delay. *Id.* Documents memorializing the automated eligibility review process for applications and renewals are attached as Exhibit A.

7. The goal of activating the newly designed automated processes is twofold:  (a) to accurately deny eligibility where the applicant has not completed the application process (this includes the responsibility of the Department to offer assistance, and if accepted, to provide such assistance) or has refused to comply with the application process using an automated process in compliance with federal law; and (b) to allow the department to

make use of resources available to it so that it can timely process a higher percentage of applications and renewals.

8. The Special Master and the Compliance Specialist have both recommended the department implement auto denial for initial applications and auto closure for recertification cases.

9. The Parties agree that at this time it is appropriate for HSD to automate application denial and closure for procedural reasons using the agreed upon processes.

WHEREFORE the Parties request that the Court issue an Order Modifying Doc. 500 to state the following:

    a. "Defendant may deny initial applications and close cases for procedural reasons following an individualized eligibility review that is conducted by a caseworker or Defendant's computer system."

    b. Defendant's automated process shall evaluate every case prior denial or closure to determine the cause of the delay in processing. In cases where Defendant caused the delay by failing to take an action required by federal law, the case will not be automatically denied or closed and the applicants will receive a notice of delay, as required by 7 C.F.R. 273.2 (h)(3), and 7 C.F.R. 273.14(e)(1).

    c. If either party discovers that the automated process is incorrectly denying or closing cases, the other party and Special Master will be notified immediately. A meet and confer will be scheduled if necessary to resolve the error.

Respectfully submitted,

| | |
|---|---|
| /s/ Christopher Collins | /s/ Sovereign Hager |
| General Counsel | Supervising Attorney, Public Benefits |
| New Mexico Human Services Department | NM Center on Law and Poverty |
| 2009 S. Pacheco | 924 Park Ave, SW Suite C |
| Santa Fe, NM   87504 | Albuquerque, NM 87108 |
| 505-222-9915 | (505) 255-2840 |
| Christopher.Collins@state.nm.us | sovereign@nmpovertylaw.org |

I HEREBY CERTIFY that on this 22nd day of March, 2018, I filed the foregoing electronically through the CM/ECF system, which caused all parties to be served by electronic means.

/s/ Christopher Collins