IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                                            No. CIV 88-0385 KG/CG
                                                                   Consolidated with
                                                                   No. CIV-88-0786 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

    Defendant.

## JOINT STATUS REPORT

On April 20, 2018, the parties in this matter held a Meet and Confer pursuant to this Court's Orders.  Defendant's legal counsel, Christopher Collins, as well as Mary Brogdon, Director of the Income Support Division and other staff from the Income Support Division and Medical Assistance Division of the Human Services Department were in attendance.  Daniel Yohalem, Sovereign Hager and Maria Griego attended on behalf of the Plaintiffs.  Special Master, Lawrence Parker, and Compliance Specialist, Ramona McKissic were also in attendance. Below is a summary of the matters addressed by the parties and the Special Master in the Meet and Confer, including each party's respective position on the matter and any documented agreements or outcomes.

1) **Experts**

    The process for hiring the three experts for SNAP, Medicaid and Immigration  was
    discussed. The Special Master recommended they be state employees. HSD voiced concern regarding the timeframe of the state hiring process, stating that hiring experts as state employees may not be feasible within the desired timeframe. The Special Master recommended that the Department consider the appointment of a current experienced employee temporarily, until an outside expert can be identified. HSD is currently working on job descriptions. Plaintiffs asked the Department to share the job descriptions once they are completed. The Department welcomes recommendations of qualified individuals for any of the specialist positions.

2) **Auto Denial**

    Defendant's new automatic denial process went live statewide on Thursday, April 19, 2018.

HSD staff mentioned a recent review of data about "churn." Plaintiffs requested the data. The Department agreed to share the data. HSD decided to pilot auto closure rather than implement it statewide to give workers more time to adapt to the new process. The Special Master stated that new programs may have glitches and asked everyone involved to be patient with the process of starting and fine-tuning the new Auto Denial and Auto Closure processes.

3) **Manual Notice Used When Verification is Questionable**

Plaintiffs' counsel expressed concerns with the use of manual notice requesting verification (known as a Help Us Make a Decision (HUMAD) notice) for questionable verification. HSD explained that workers are directed to issue notices when verification is determined to be questionable. The ASPEN system allows comments to be entered into a drop-down box. Workers enter the information describing why the submitted verification is questionable and what other verification can be provided. The HUMAD for questionable verification is system generated and is recognized by the auto denial and auto closure functions. HSD will not close or deny cases where an applicant has time to respond to a HUMAD concerning questionable verification. HSD informed Plaintiffs that this process is documented in the current Field Office trainings.

4) **Emergency Medical Services for Aliens (EMSA)**

a. HSD uses two notices to communicate eligibility for EMSA. The Notice of Case Action does not provide a reason for the denial for EMSA category. HSD uses a separate manual notice to inform applicants of the reason their case was denied. HSD maintains that the two notices together are sufficient. Plaintiffs assert that the current notices are insufficient because they have not been reviewed by a literacy expert and the notice denying EMSA for failure to provide verification does not state what verification the client failed to provide or the calculation used to determine a person is not eligible based on income. The Department disagrees that the current notices are not compliant, however, HSD has agreed to update and improve the manual notice. The readability process for the updated manual notice will begin in April 2018. Additionally, through a phased approach to improving the notice, the Department intends to revise the notice instructions for workers inputting reasons for denial in the manual notice and possibly incorporate the notices in the NOCA at a later date. Plaintiffs' counsel requested that the Department provide a full list of EMSA denial reasons used in the notices. HSD agreed to provide this information.

b. Plaintiffs requested an update regarding their request to include EMSA data in timeliness reports. Plaintiffs believe this is required by the Decree. The Department is still determining if this is feasible.

2

5) **EBT/Alternative Access ID**

a. The Department has created and implemented a process the Department believes provides individuals without a social security number a method by which they can obtain an alternate access ID to activate their EBT card.  HSD believes the method developed includes adequate time for the mailing of documents.

Plaintiffs request an alternate plan be implemented that would allow applicants where the head of household does not have an SSN to receive a card activation number at the same time they receive their EBT card. Plaintiffs requested that the Department investigate the practice used in other states of mailing PINs to participants in the mail. Plaintiffs made this request because Plaintiffs were not provided an opportunity to comment on defendant's EBT process prior to implementation and Plaintiffs believe the current practice does not comply with federal law because it requires mixed status families without an SSN to call the EBT contractor and request to be transferred to the HSD call center to get the PIN number. This means that benefits may not be accessible to some mixed status families eligible for Expedited SNAP within 7 days if the family receives the EBT card outside of call center business hours.  Applicants with SSNs do not face this barrier because an SSN can activate a card at any time.

HSD has informed Plaintiffs' Counsel that their proposed plan raises significant security concerns and the solution implemented by HSD already addresses the possible issue for immigrant families. Plaintiffs do not agree that generalized "Security Concerns" justify delays in food to families eligible for Expedited SNAP and are disappointed the Defendant will not agree to look at the issue further. Despite Plaintiffs' counsel's statements, HSD has looked into the method they proposed, and, in addition to the security problems it poses, are concerned that their proposed solution would create delays in food to families eligible for expedited SNAP.

b. HSD presented the current call script and highlighted the call tree to show how calls are routed to the call center.  The Plaintiffs asked if they can make suggested changes to the scripts because the script did not ask callers if they need to obtain an alternative verification number.…"  The department agreed to check into the feasibility of such changes when Plaintiffs provide them.

6) **Worker Manual C!A**

The manual (technically known as the field operations guide) should be available to the Department by July 8th according to the contract with Change and Innovation Agency.  The contract provides that the online searchable content, known as a Wiki, will be produced one

3

month after production of the manual (approximately August 8, 2018). Once the manual is received it will be made available to Plaintiffs for a concurrent review. HSD requested an expeditious review (two weeks), but Plaintiffs informed Defendant that this is insufficient time to complete a review of a comprehensive manual, particularly since the case review will likely be occurring at the same time. HSD disagrees, because it is important to meet deadlines, but will work to accommodate a longer review time for Plaintiffs' counsel. The Special Master recommended that all relevant groups get together to discuss the plan for the manual. A meeting occurred on May 10, where Plaintiff met with Change and Innovation and HSD to provide input into the overall design of the manual.

7) **YesNM Online Application and Renewal Literacy**

Plaintiffs asked for reassurance that the Literacy review for the Department's online application and renewal forms (known as YesNM) is underway and for a timeline for completion. The Literacy review for YesNM is underway, and the Department sent the timeline for completion to Plaintiffs.

8) **Interview Pilot**

The USDA directed HSD to make sure that no more than 20% of expedite eligible cases have an interview postponed until after the expedite benefits are issued. HSD provided that workers are instructed to schedule interviews within three to six days and that this process results in more interviews being completed. Plaintiffs were concerned that the Department may be scheduling all interviews, not just those eligible for Expedited SNAP, to occur before clients receive information about the scheduled interview by mail. The Department issued a memorandum to workers directing them to schedule interviews only for cases eligible for Expedited SNAP to occur by the third day, but no later than the six days following application. Plaintiffs explained to Defendant that they understand the constraints placed on the state to meet the USDA demand concerning Expedited SNAP, but are concerned that interviews were being scheduled to occur within three to six days in all SNAP cases, including non-expedite cases and renewals. Plaintiffs expressed concern that this process will result in families receiving a notice scheduling an interview after the interview was scheduled to take place. Plaintiffs requested information from defendant about whether there were any problems. Defendant requested information or examples of their concerns. Defendant informed Plaintiffs that they believe the process is working and that more interviews are taking place.

9) **Programming Changes for the Eligibility Notice**

   Plaintiffs asked when the information requested at the last meet and confer regarding IT changes planned to address issues with the NOCA would be provided. HSD stated that it is compiling the documents and will provide them to Plaintiffs' counsel.

10) **CSC Contract**

    a. Plaintiffs commended the work being done by the call center, and asked the Department what will happen when the call volume increases, which happens annually around open enrollment under the Affordable Care Act. HSD responded that if the call volume increases, the contractor is responsible for increasing staffing and capacity. The contract states that the Service level Agreement (SLA) for the contractor may be relaxed if the call volume reaches about 85,000 calls. Call volume has averaged 43,000/month since January 2017. The volume no longer reaches the level defined in the contact.

    b. HSD does not anticipate reaching a call volume that would trigger the contract provision to relax the service level agreements. Plaintiffs requested additional information regarding how the lines are being monitored, and how a higher call volume will be handled. HSD will address those questions. HSD meets with the contractor on a weekly basis to verify contract requirements are met. Call volume and SLAs are monitored daily by HSD.

11) **JSR Format/Data Format**

    a. The Special Master provided that the judge was pleased with the 3/28/2018 JSR and that he has asked that the same format be used in the future.

    b. Plaintiff's asked for an update on reformatting the monthly data for inclusion in the JSR. The Special Master stated that the current reports are good, but that the data should be presented in a more concise and readable manner. The Department stated that they are working on a different format and asked that this be further addressed at next month's Meet and Confer.

   Respectfully submitted,

   */s/ Christopher P. Collins, Esq.*
   Christopher P. Collins
   New Mexico Human Services Department
   2009 Pacheco Street
   P.O. Box 2348
   Santa Fe, New Mexico 87504

(505) 827-7701│Fax: 505-827-7729

Attorneys for Defendant

Respectfully submitted,

*/s/ Maria Griego*

Maria Griego and Sovereign Hager
New Mexico Center on Law and Poverty
924 Park Ave. SW, Suite C
Albuquerque, NM 87102
Ph: (505) 255-2840│ FAX (505) 255-2778

*/s/ Daniel Yohalem*
Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 983-9433 FAX (505) 989-4844

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of May 2018, I filed the foregoing pleading electronically with the United States District Court, causing the same to be electronically served on opposing counsel.

*/s/ Christopher P. Collins, Esq.*
Christopher P. Collins, Esq.