IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                             No. CIV 88-0385 KG/CG
                                    Consolidated with
                                    No. CIV-88-0786 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

    Defendant.

# JOINT STATUS REPORT

On June 15, 2018, the parties in this matter held a Meet and Confer pursuant to this Court's Orders. Secretary Brent Earnest, Deputy Secretary Christopher Collins, Deputy Directors of the Income Support Division, Judy Parks and Shanita Harrison, Director of the Income Support Division, Mary Brogdon, SNAP Eligibility Expert, Vida Tapia-Sanchez and Medicaid Eligibility Expert Kari Armijo were in attendance. Sovereign Hager and Maria Griego attended on behalf of the Plaintiffs. Special Master, Lawrence Parker was also in attendance. Below is a summary of the matters addressed by the parties and the Special Master in the Meet and Confer, including the parties' respective position on the matter and any documented agreements or outcomes.

1) **Case Review:** The Special Master stated that .July 2 may be too soon for the start of the case file review. He requested that he and HSD discuss the timeframe and the dates proposed to conduct the case review training for Plaintiffs, the Special Master and Compliance Specialist. Plaintiffs indicated they are not available to attend the case review training on the date proposed or to initiate the case review on the date proposed by HSD due to staff unavailability during that time. HSD requested Plaintiffs provide dates that they are available to complete the training and to initiate the review and HSD will work to accommodate their dates available. HSD stated that the cases will be ready for review beginning on July 2, 2018.
2) **Timeliness:** HSD reviewed the April SNAP and Medicaid Timeliness numbers with Plaintiffs demonstrating the increased timeliness in initial application approvals and denials and recertification approvals and closures. HSD reported that Auto Denial was implemented statewide on April 19, 2018 and Auto Closure was piloted in 11 offices on April 30, 2018 and implemented statewide on May 31, 2018. For SNAP, HSD reported the SNAP Non-Expedite Timeliness for April 2018 increased from 98.7% to 99%, recognizing that HSD processed 18,275 SNAP applications, approving 15,020 or 82% of the applications in April

1

2018. HSD reported the timeliness percentage of denied SNAP applications also increased in April 2018 from 80.9% to 87.3%.

**SNAP Non-Expedite: Percentage of Initial Applications Processed Timely Statewide**

|  | Oct - 17 | Nov-17 | Dec-17 | Jan -18 | Feb – 18 | Mar– 18 | Apr - 18 |
|---|---|---|---|---|---|---|---|
| STATE Total | 97.7% | 97.5% | 98.1% | 98.3% | 98.6% | 98.7% | 99% |

**SNAP: Percentage of Denied Initial Applications Processed Within 30 Days By Field Office**

|  | Oct - 17 | Nov-17 | Dec-17 | Jan -18 | Feb – 18 | Mar– 18 | Apr – 18 |
|---|---|---|---|---|---|---|---|
| STATE Total | 59.5% | 58.9% | 62.6% | 66.5% | 86.1% | 80.9% | 87.3% |

For Medicaid, in April, HSD approved 80.8% of initial Medicaid applications, with an April 2018 timeliness of 97.8% for initial approvals. The initial EDG denial timeliness percentage in April 2018 increased to 77.3% from 72.0%

**Medicaid: Percentage of Approved Initial Applications Processed Within 30 Days By Field Office**

|  | Oct - 17 | Nov-17 | Dec-17 | Jan -18 | Feb – 18 | Mar– 18 | Apr – 18 |
|---|---|---|---|---|---|---|---|
| STATE Total | 95.3% | 95.4% | 95.8% | 96.0% | 96.7% | 97.4% | 97.8% |

**Medicaid: Percentage of Denied Initial Applications Processed Within 30 Days By Field Office**

|  | Oct - 17 | Nov-17 | Dec-17 | Jan -18 | Feb – 18 | Mar– 18 | Apr - 18 |
|---|---|---|---|---|---|---|---|
| STATE Total | 58.4% | 54.6% | 59.5% | 66.4% | 66.9% | 72.0% | 77.3% |

HSD reported the following timeliness rates for SNAP and Medicaid renewals for April 2018. HSD noted that the biggest improvement in the timeliness was seen in the rate of closures, which is primarily due to the implementation of auto closure on April 30 in eleven offices. The timeliness of renewal approvals for April 2018 was 98.1% for Medicaid and 96.5% for SNAP. The timeliness of renewal closures that were processed by the Certification End Date for SNAP increased from 9.5% in March 2018 to 52.2% in April 2018. Medicaid renewal timeliness of closures processed by the certification end date increased from 38.6% in March 2018 to 42.1% in April 2018.

HSD shared the following table of the combined timeliness rates for initial applications and recertifications for SNAP and Medicaid. Plaintiffs asked if HSD would report an additional column to identify those renewals that are submitted to the department by the 15th of the month they are due and approved by the end of the certification in accordance with the new drafting of the decree and 7 CFR273.14(d). HSD explained the approval timeliness data is determined based on the number of SNAP EDGs whose renewal is approved by the

household's normal issuance date, not considering the date the renewal was received by the department.

|  | Aug-17 | Sep-17 | Oct-17 | Nov-17 | Dec-17 | Jan-18 | Feb-18 | Mar-18 | Apr-18 | May-18 |
|---|---|---|---|---|---|---|---|---|---|---|
| **SNAP** | | | | | | | | | | |
| Non- Expedite Initial Applications (Approvals & Denials) | 86.9% | 83.9% | 85.8% | 85.6% | 86.6% | 88.3% | 94.6% | 93.1% | 95.5% | 97.5% |
| Recertification Combined (Approvals & Terminations) | 65.2% | 64.5% | 62.1% | 62.4% | 61.3% | 64.0% | 70.9% | 69.8% | 82.1% | 91.7% |
| **Medicaid** | | | | | | | | | | |
| Initial Applications (Approvals & Denials) | 90.4% | 89.8% | 88.2% | 87.8% | 87.3% | 88.3% | 90.8% | 92.3% | 93.9% | 95.8% |
| Recertifications (Approvals & Terminations) | 79.2% | 85.6% | 85.1% | 84.8% | 84.5% | 87.6% | 85.6% | 88.9% | 87.7% | 92.2% |

HSD discussed the EMSA approval timeliness data is still being reviewed and explained this data is not included with the overall Medicaid approval timeliness data due to the nature of the program. HSD explained that the denial timeliness is already included in the denial rates. Plaintiffs requested an explanation of how the denials are included in the timeliness rates, but not approvals. HSD agreed to provide Plaintiffs with written explanation. The Special Master reminded both parties that this topic has been on the Meet and Confer Agenda for the last three months and the percentage of EMSA applications is .006% of all Medicaid applications processed by the Department. The Special Master requested HSD provide the information requested.

HSD reported that the following categories are not included in the Medicaid timeliness percentage: Newborn and Medicare Savings Programs. HSD confirmed that "Add-A-Person" actions are included in the timeliness data.

3) **Non-Citizen Eligibility for Medicaid:** Plaintiffs thanked HSD for the documentation provided in response to their letter regarding proposed Medicaid regulations removing lawfully present individuals in the Commonwealth of the Mariana Islands (CNMI) from the list of qualified immigration statuses for Medicaid.
    a. Plaintiffs agreed with HSD that CNMI individuals are likely to continue to qualify for Medicaid as lawfully present under other categories, and agreed with the removal of CNMI individuals as a distinct status from the Medicaid rule.
    b. HSD provided the proposed language for the final rule addressing concerns raised by Plaintiffs regarding Persons Residing Under Color of Law (PRUCOL). The draft language clarifies HSD's intention to "grandfather" PRUCOL individuals into Medicaid coverage. Plaintiffs agreed that the proposed language resolves their concern.

4) **Update on Form/Notice Language:**
   a. **"Mail this form to":** Plaintiffs raised the concern at the April 2018 Meet and Confer that the HUMAD and the NOCA contain a table instructing the recipient on the ways they may provide information or verification to the ISD offices. Plaintiffs and HSD acknowledged at the Meet and Confer that several other notices use this same table and that it is not clear on all the notices that the actual form does not need to be returned to ISD, but the verification or information requested. HSD reviewed all notices and identified eight notices that contain this table. Aside from the HUMAD and the NOCA, none were updated to remove "this form" from the table. HSD stated that it has corrected the table on the NOCA and HUMAD as of the Meet and Confer and no further work needs to be done to address the issue.
   b. **Verification Checklist (VCL):**
      i. **Unearned Income and HSD 211:** HSD provided the updated storyboard and verification checklist with examples of proof for unearned income to Plaintiffs on May 10, 2018. In Plaintiffs' letter dated June 8, 2018, they raised a concern about how HSD would populate the 98 different types of unearned income on to the HUMAD. HSD explained that ASPEN and the HUMAD were updated to reflect the specific unearned income type after the caseworker selected one of the 98 types based on the applicant/recipient report. The examples of proof associated with the specific unearned income type will populate on the HUMAD. Previously, the HUMAD only reflected the generic "unearned income" instead of the specific type of unearned income.
      ii. **Verification Checklist and Examples of Proof:** In the April 2018 JSR, HSD reported that the VCL that had gone through readability but only with the verification type and that the associated examples of proof which did not exist as a single list, were not reviewed by a literacy expert. Deloitte compiled a single list at HSD's request. This list was provided to Plaintiffs on June 13, 2018. This list contains two columns, the verification type and the associated examples of proof. Plaintiffs stated the examples of proof should go through readability, while HSD explained that the examples of proof contain text that range from plain language to more specific examples, such as federal form names, that relate to the verification requested. The Special Master requested the opportunity to meet privately with Plaintiffs' Counsel on this issue.
   c. **NOCA:**
      i. **Transitional Food Stamp – update language:** HSD is updating the TFS language in the NOCA. Plaintiffs responded with amended language for the trigger on June 8, 2018. HSD is incorporating their language.
      ii. **Change Request and Work Request:** On May 18, 2018, HSD provided Plaintiffs a summary list of the NOCA change requests (CR) and work requests (WR) that have been implemented or pending since January 2018. Plaintiffs and

        HSD agreed to have a separate meeting to review the list and provide Plaintiffs with more detailed information regarding the change and work requests.

        iii. **Calculation Table for Authorized Representative:** HSD reported that the change to populate the calculation table on the NOCA for the authorized representative will now be implemented by September 30, 2018.

5) **Auto Closure of Interim Reports:** HSD informed Plaintiffs of the upcoming change request to implement auto closure for the Interim Reports. HSD reported its plan to pilot auto closure for Interim Reports on September 30, 2018 and statewide on October 31, 2018. HSD provided Plaintiffs with the flow chart that explains the process as well as documents the notice language and assumptions. Plaintiffs asked what would happen if an Interim Report was submitted timely and was not processed by the end of the month it was due. Plaintiffs were concerned that a notice of delay does not exist for this type of scenario, resulting in the individual's case pending without them being notified. HSD informed Plaintiffs that a Notice of Delay is not a federal requirement for Interim Reporting and customers receive the Interim Report Warning Notice as required. Plaintiffs are reviewing HSD's proposed process.

6) **Policy Manual:** On June 7, 2018, Plaintiffs wrote asking if HSD will move forward with C!A's recommendation to create a policy manual. HSD reported that C!A is currently creating the Field Operations Guide. Once this is complete, the WIKI, or online tool, will be implemented. As these are rolled out, then HSD will determine if the need for a separate policy manual still exists. The WIKI and the Field Operations Guide will streamline the multiple sources of policy and guidance into one location, ensuring the caseworker has access to the most current information. Plaintiffs encourage HSD to move forward with a comprehensive policy manual.

7) **Experts Required by Doc. 836:** Ms. Kari Armijo has been appointed as the Medicaid Expert. Ms. Vida Tapia-Sanchez has been appointed as the SNAP Expert. The position for the Immigration Expert has been posted as a permanent position within HSD. This posting will close at the end of June 2018. In addition, Robyn Nardone, a contractor with HSD, will be assisting Ms. Armijo. HSD explained that the duties of Ms. Armijo and Ms. Tapia-Sanchez are being backfilled by existing staff within their given divisions. Plaintiffs expressed concern that HSD has not added any new expertise or resources to administration of the SNAP and Medicaid program, where the Court made specific findings that expertise was lacking.

8) **Need and Procedural Denials and Closures:** In Plaintiffs' June 7, 2018 letter to HSD, they requested the raw data HSD utilizes to report the percentage of SNAP and Medicaid cases closed and denied for need based reasons and the percentage closed and denied for procedural reasons in the MSR to verify the accuracy of the report. HSD explained that these

reports are derived from Structured Query Language that is programmed to pull the data directly from ASPEN. Plaintiffs requested HSD to provide the list of cases denied and closed by reason for one month. HSD stated they would evaluate this request.

9) **EBT Card Activation:** Plaintiffs requested HSD to review the FIS phone script to identify where in the script there is a prompt for an individual how to get their alternative ID for activating an EBT card. Plaintiffs remain concerned that non-citizen heads of household without an SSN do not have an immediate way to activate their EBT card. Plaintiffs recommend HSD institute a different procedure for immediate EBT card activation that ensures applicants without an SSN, who don't already have an alternative ID and who have been waived for interview because they qualify for expedited SNAP, can activate their EBT card outside of business hours, the same way individuals with SSNs can. HSD explained there are currently many projects in development (field operations guide, wiki, etc) and that HSD is always open to improving program access, but the process will not be changed at this time.  HSD agreed to review the immediate concern regarding the FIS script to ensure that individuals have the correct information to obtain their alternative ID.
10) **Joint Status Report (JSR):** The Special Master expressed to both parties that the drafting of the JSR was starting to drift back to the old methods. He requested shortening the timeframe for filing ensuring that both parties respect each other.

**Respectfully submitted,**

/s/ Maria Griego
Maria Griego and Sovereign Hager
New Mexico Center on Law and Poverty
924 Park Ave. SW, Suite C
Albuquerque, NM 87102
(505) 255-2840 FAX (505) 255-2778

And

Daniel Yohalem
1121 Paseo de Peralta
Santa Fe, NM 87501
(505) 983-9433 FAX (505) 989-4844

Attorneys for Plaintiffs

**Respectfully submitted,**

Christopher P. Collins

New Mexico Human Services Department
1474 Rodeo Road
P.O. Box 2348
Santa Fe, New Mexico 87505
(505) 827-7701

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2018, I filed the foregoing pleading electronically with the United States District Court, causing the same to be electronically served on opposing counsel.

*/s/ Christopher P. Collins, Esq.*
Christopher P. Collins, Esq.