IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                                                            Civ. No. 88-0385 KG/CG
                                                                             Consolidated with
                                                                             Civ. No. 88-786 KG/CG

BRENT EARNEST, Secretary of the
New Mexico Human Services Department,

    Defendant.

## ORDER

This matter comes before the Court upon the oral motion by Defendant's counsel, Christopher Collins, to quash this Court's contempt order (Doc. 757) as to Secretary Brent Earnest based on his actions since the entry of the contempt order. Mr. Collins made this motion at the December 12, 2018, status conference, which Secretary Earnest attended. Daniel Yohalem and Sovereign Hager represented Plaintiffs at the status conference. Plaintiffs oppose this oral motion.

The Court found in the contempt order that Defendant, Secretary Earnest, had not "diligently attempted in a reasonable manner" to comply with various Court orders. (Doc. 757) at 17. The Court concluded that "it remains clear that HSD and its official have failed to exercise the leadership, control, and managerial oversight to effectively come into compliance with the Court Orders, the Decree, and federal law." *Id.*

The Court notes that since it entered the contempt order on September 27, 2016, Secretary Earnest has demonstrated reasonable diligence, leadership, and oversight. For example, Secretary Earnest has visited HSD offices with the Court, provided detailed court

testimony as to the administration of SNAP and Medicaid programs in New Mexico, and provided to the Court helpful information on HSD's activities related to this lawsuit. These actions, among others, and including the progress HSD has made toward complying with the various court orders entered in this case, clearly indicate that Secretary Earnest has made reasonable and diligent efforts to comply with court orders and to exercise "leadership, control, and managerial oversight" of HSD's endeavors to fulfill its obligations in this lawsuit. These actions and efforts have sufficiently remedied the concerns which led to the Court's entry of the contempt order. *See, e.g. Ad-X Int'l, Inc. v. Kolbjornsen*, 2008 WL 5101304, at *5 (D. Colo.) (recognizing that "diligent efforts resulting in substantial compliance with an underlying order may avert a finding of contempt…." (citing *AccuSoft Corp. v. Palo,* 237 F.3d 31, 47 (1st Cir.2001); *Universal Motor Oils Co., Inc. v. Amoco Oil Co.,* 743 F.Supp. 1484, 1487 (D.Kan.1990)).

Having sufficiently remedied the lack of reasonable diligence and oversight found in the contempt order, the Court concludes that Mr. Collins' oral motion is well-taken and should be granted. In so ruling, the Court emphasizes that this ruling does not constitute a finding that HSD is in substantial compliance with court orders, the Second Revised Modified Settlement Agreement and Order (Doc. 854-1), or federal law. That question remains pending before the Court as Defendant, and his successor, continue their efforts towards substantial compliance with HSD's obligations in this lawsuit.

IT IS ORDERED that

1. Mr. Collins' December 12, 2018, oral motion to quash the contempt order (Doc. 757) is granted; and

2. the contempt order (Doc. 757) is quashed as to Secretary Earnest.

                                                                                                           *[signature]*
                                                                                                    UNITED STATES DISTRICT JUDGE