IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.

                                                                Civ. No. 88-385 KG/CG
                                                                Consolidated with
                                                                Civ. No. 88-786 KG/CG

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

## AMENDED ORDER SETTING HEARING

This matter comes before the Court upon Plaintiffs' Request for Hearing on Two Pending Motions, filed February 3, 2020. (Doc. 928). Plaintiffs seek a hearing on (1) Defendant's Rule 60(b) Motion to Modify Second Revised Modified Settlement Agreement and Order Sections II, III and IV(F)(1), (Doc. 893), filed November 20, 2019; and (2) Plaintiffs' Amended Motion to Enforce Compliance with the Consent Decree and Orders of this Court and Request for Relief, (Doc. 926), filed February 3, 2020.[1] Defendant has not responded to Plaintiffs' Request for Hearing on Two Pending Motions. The Court, therefore, finds that Defendant consents to Plaintiffs' request for a hearing. *See* D.N.M. LR-Cv 7.1(b) (failure to respond to motion "constitutes consent to grant the motion").

---

[1] Plaintiffs' Request for Hearing on Two Pending Motions originally requested a hearing on Plaintiffs' Motion to Enforce Compliance with the Consent Decree and Orders of this Court and Request for Relief, (Doc. 892), filed November 19, 2019. The Court, however, ordered Plaintiffs to re-file that motion, which they did as an amended motion. *See* (Doc. 925). Accordingly, the Court construes Plaintiffs' Request for Hearing on Two Pending Motions to apply to Plaintiffs' Amended Motion to Enforce Compliance with the Consent Decree and Orders of this Court and Request for Relief, (Doc. 926).

Also, before the Court is Defendant's related Motion to Strike Plaintiffs' Amended Motion to Enforce (Doc. 926) and Plaintiffs' Amended Response to Defendant's Motion (Doc. 927) (Motion to Strike). (Doc. 930).

Having reviewed the two motions which are the subject of Plaintiffs' request for a hearing, and Defendant's Motion to Strike,

IT IS ORDERED that Plaintiffs' Request for Hearing on Two Pending Motions (Doc. 928) is granted in that

1. a hearing is set on April 1, 2020, at 9:00 a.m., in the Pecos Courtroom, Third Floor, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102;

2. the Court will address Defendant's Rule 60(b) Motion to Modify Second Revised Modified Settlement Agreement and Order Sections II, III and IV(F)(1), (Doc. 893), at the hearing but will take evidence only on the factual issue of whether Defendant is currently "[m]aking incorrect eligibility determinations for Medicaid by counting income that should not be counted under federal law," *see* (Doc. 927) at 5;

3. additional argument by counsel on Defendant's Rule 60(b) Motion to Modify Second Revised Modified Settlement Agreement and Order Sections II, III and IV(F)(1), (Doc. 893), will be limited as follows: 10 minutes for Defendant, 15 minutes for Plaintiffs' response, and five minutes for Defendant's rebuttal;

4. the Court also will address Plaintiffs' Amended Motion to Enforce Compliance with the Consent Decree and Orders of this Court and Request for Relief, (Doc. 926), at the hearing but will allow a total of 10 minutes for additional argument and presentation of evidence for each compliance issue raised by Plaintiffs in their amended motion to enforce compliance, unless the issue has been resolved between the parties and/or the issue is now moot;

5. the compliance issues raised by Plaintiffs which are now before the Court are:

 a. whether Defendant should implement all Corrective Action Plan (CAP) Items by April 1, 2020;

 b. whether Defendant has set deadlines to stop immigrant eligibility errors caused by ASPEN;

 c. whether Defendant has complied with non-CAP Item 4.b.3.c, which requires an immigration training webinar;

 d. whether Defendant complied with the CAP Item deadline of December 22, 2019, to implement Change Request (CR) 2840, which will ensure that notices contain correct denial and closure reasons in English and Spanish, as required by CAP Item 2.c.3;

 e. whether Defendant has complied with non-CAP Item 4.d.2, which requires Defendant to provide a denial reason code in the Notice of Case Action (NOCA) when an individual is denied Emergency Medical Services for Aliens;

 f. whether Defendant complied with the CAP Item deadline of December 22, 2019, to implement CR 2958, which ensures a literacy review of the Help Us Make a Decision (HUMAD) request for verification form, as required by CAP Item 2.a.3;

 g. whether Defendant complied with the CAP deadline of December 22, 2019, to implement CR 2958 to ensure HUMAD requests seek accurate information, as required by CAP Item 2.a.1.

 h. whether Defendant complied with the CAP Item deadline of December 22, 2019, to provide calculation tables in NOCAs to explain benefit denials, including reductions, as required by CAP Item 2.c.1;

i. whether Defendant complied with the CAP Item deadline of September 10, 2018, to correct NOCAs that state benefits have changed when they have not, as required by CAP Item 2.c.2;

j. whether Defendant has complied with the December 22, 2019, deadline to implement CR 2931 in order to improve automated administrative renewals for Medicaid, as required by CAP Item 1.c;

k. whether Defendant has implemented important content into a worker manual, as required by the CAP and (Doc. 712);

l. whether Defendant has complied with the October 31, 2019, deadline to make regulatory changes, as required by CAP Item 1.e.2;

m. whether Defendant is complying with Section IV(E) of the Consent Decree which requires Defendant to provide Plaintiffs information prior to changing an application process;

n. whether Defendant is timely providing data required by Section IV(F)(2) and (3) of the Consent Decree;

o. whether Defendant refuses to allow subject matter experts to serve as liaisons;

p. whether Plaintiffs are entitled to fees related to Plaintiffs' Amended Motion to Enforce Compliance with the Consent Decree and Orders of this Court and Request for Relief, (Doc. 926); and

6. the Court also will consider testimony from the Special Master and the Compliance Officer at the hearing.

IT IS FURTHER ORDERED that the Court may rule on Defendant's Motion to Strike Plaintiffs' Amended Motion to Enforce (Doc. 926) and Plaintiffs' Amended Response to Defendant's Motion (Doc. 927), (Doc. 930), at the hearing.

_____
UNITED STATES DISTRICT JUDGE