IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

      Plaintiffs,

vs.                              No. CIV 88-0385 KG/CG
                                    Consolidated with
                                    No. CIV-88-0786 KG/CG

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

      Defendant.

ORDER

      This matter comes before the Court *sua sponte.*  On August 17, 2020, Defendant filed

Defendant's Motion Seeking Termination of Consent Decree and Memorandum in Support

(Motion to Terminate Consent Decree), and Defendant's Expedited Motion for Stay of

Proceedings Pending a Decision on Motion to Terminate Consent Decree (Expedited Motion for

Stay).  (Docs. 965 and 966).

      The Court notes that the parties, including of course Defendant, previously negotiated a

path to terminate this lawsuit.  Specifically, the parties agreed to the following provision as part

of the Consent Decree:

> The parties agree that *a case file review is necessary to measure compliance* with Section
> III and to verify that systemic or programmatic barriers to proper application
> determinations and access to benefits do not exist within HSD's application processing
> practices.

(Doc. 854-1) at 11 (emphasis added).

> The parties believe that if Defendant implements the remedies set forth in both CAPs
> [Corrective Action Plans] it will come into compliance with the Consent Decree in this case.
> When HSD has fully implemented the provisions of both CAPs, Plaintiffs will then conduct a
> file review. If that file review does not reveal any systemic barriers as defined in Part IV of

the Consent Decree, and if Plaintiffs have not learned of other systemic barriers as defined in Part I of the Consent Decree, Defendant may move for dismissal of the case at that time.

(Doc. 878, Joint Motion to Approve Two Corrective Action Plans, filed July 10, 2019) at 2; *see also* (Doc 879, Order Approving Corrective Action Plans, entered July 12, 2019).

This case file review has not yet occurred. In light of that fact and considering that the parties have yet to agree on a case file review process, let alone conduct a case file review, the Court finds that Defendant's Motion to Terminate Consent Decree is premature. This case file review is a key step and is essential for this Court to determine whether indeed this Consent Decree should be terminated. Therefore, the Court will not entertain a Motion to Terminate Consent Decree until a case file review is complete. Consequently, the Court will stay briefing of the current Motion to Terminate Consent Decree and Expedited Motion for Stay until further order of the Court.

The Court finds it necessary to remind that both parties agreed in the Consent Decree that they will "make good faith efforts to resolve any differences that may arise in the course of rendering this Agreement operational." (Doc. 854-1) at 2. And the Court reserves for itself the discretion as to whether one or both parties indeed are acting in good faith. To the extent the parties cannot agree on a case file review process, however, even with efforts in good faith, the Court will then decide, with input from the Special Master as necessary, what case file review process to implement. (Doc. 853) at 2. To make that decision, the Court will order the parties to file proposals for the case file review process no later than August 31, 2020, and the proposals must not exceed 10 pages, including but not limited to e.g., sample size; review tool; case file review deadline; and sample months.

It is noteworthy that Defendant has made commendable progress toward compliance with the Consent Decree. But Defendant is not done. Ultimately, and the core of the Consent Decree

requires Defendant to deliver client services, both in terms of food and medical care assistance, to eligible New Mexicans.  Indeed, given the progress the parties have achieved toward resolving this lawsuit, the Court is perplexed as to why Defendant, through counsel, filed this premature Motion to Terminate Consent Decree.   Filing such motions at this point in the lawsuit is counterproductive to finally ending this lawsuit in a timely manner and threatens to set back the progress the parties have made to this point.

Finally, this Court is acutely aware the challenges Defendant faces during the COVID-19 pandemic.  But the Court also acknowledges that New Mexicans, now more than ever, rely on the timely and accurate processing of SNAP and Medicaid applications to obtain much needed help.  Certainly, the parties must remain focused on achieving those goals, i.e., getting those benefits to eligible New Mexicans, and not deviate into unnecessary or premature litigation.

IT IS ORDERED that

1.  briefing on Defendant's Motion Seeking Termination of Consent Decree and Memorandum in Support (Doc. 965), and Defendant's Expedited Motion for Stay of Proceedings Pending a Decision on Motion to Terminate Consent Decree (Doc. 966) is stayed until further order of the Court;

2.  to the extent the parties cannot agree on a case file review process, the parties will file on or before August 31, 2020, their respective proposals for a case file review process;

3.  those proposals must not exceed 10 pages; and

4.  once those proposals are filed, the Court will decide on a case file review process with input from the Special Master.

UNITED STATES DISTRICT JUDGE