IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                                                                                    Civ. No. 88-0385 KG/CG
                                                                                                     Consolidated with
                                                                                  Civ. No. 88-786 KG/CG

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion to Strike (Doc. 1012), filed October 8, 2021, and Motion for Extension of Time to File a Response/Reply to Plaintiff's Motion to Enforce Settlement (Doc. 1013), filed October 18, 2021. Both Motions relate to Plaintiff's Motion to Enforce Settlement (Doc. 1011), filed October 5, 2021. For the reasons explained herein, the Motion to Strike is denied as moot, and the Motion for Extension on Time is granted. Furthermore, the Court *sua sponte* grants Plaintiff an additional fifty (50) pages of exhibits, for a total of 100 pages of exhibits, for her Motion to Enforce Settlement. Plaintiff shall file an Amended Motion to Enforce Settlement, in compliance with this Order, no later than seven (7) days from the date of filing of this Order. Defendant shall file his Response to the Motion to Enforce, if any, fourteen (14) days after the Amended Motion is filed.

In his Motion to Strike, Defendant notes that Plaintiff failed to comply with Local Rule of Civil Procedure 10.5. Rule 10.5 states that all exhibits to a motion or response must not exceed 50 pages, "unless all parties agree otherwise." If the parties cannot agree to a page extension, then the party seeking the page extension must file a motion. D.N.M. LR-Civ. 10.5. Here,

Plaintiff violated Rule 10.5 by referencing webpages and other external documents that should have been marked as exhibits and implicitly asking the Court to go find support for Plaintiff's argument in a complicated series of webpages and documents. The Court declines to search for supporting documentation and will not bear the burden of divining which portions of the cited documents the Plaintiff deems important.

Moreover, Plaintiff's Motion failed to comply with Local Rule 10.6, which requires that a party mark "e.g., by brackets, shading, or underlining," the "portions of an exhibit the party wishes to bring to the Court's attention." Again, it is not the Court's responsibility to scour a voluminous document for the kernel of information helpful to a party's position.

The Court previously brought Local Rule 10.5 to Plaintiff's attention by Order on February 3, 2020. (Doc. 925). In that instance, Plaintiff violated Rule 10.5 by attaching, directly, well over 200 pages of exhibits. Once again, Plaintiff is attempting to skirt the Rule. The Court will not consider any exhibits in excess of 50 pages, unless the parties comply with the process outlined in Rule 10.5. The Court cautions the parties that further violations of the Local Rules may result in sanctions.

Accordingly,

IT IS ORDERED that

1. on or before October 29, 2021, Plaintiff shall refile the Motion to Enforce with appropriate exhibits attached, and shall limit the exhibits to a total of 100 pages;
2. Plaintiff shall mark clearly those portions of the exhibits to which she wishes to bring the Court's attention;
3. Plaintiff shall not supplement or alter the substantive arguments of the Motion to Enforce when refiling the same; and

4. Defendant will file his Response, if any, to the Amended Motion to Enforce no later than November 12, 2021.

                                                          UNITED STATES DISTRICT JUDGE