IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

Civ. No. 88-0385 KG/CG
Consolidated with
Civ. No. 88-786 KG/CG

## ORDER FOR ADDITIONAL INFORMATION

This matter comes before the Court on Plaintiffs' Refiled Motion to Enforce Compliance with Decree to Translate Documents and Interpret as Required by Federal Law, filed October 29, 2021, including the Response and the Reply thereto, and Plaintiff's Motion for Hearing regarding the same.[1] (Docs. 1019, 1021, 1023, and 1025, respectively). Having reviewed the briefing and the applicable law, the Court determined that it requires additional information before resolving the Motion or determining whether a hearing may be required. As further explained herein, Defendant will conduct a 90-day survey of all persons who make contact with any of Defendant's offices to determine the number of Single Language Minority Households (SLMHs) serviced by each Local Certification Office (LCO). The parties will meet and confer with the Special Master and Compliance Specialist to agree on an acceptable process for conducting the survey. The survey will commence no later than thirty (30) days from the date of entry of this Order. Defendant will submit a report on its findings no later than fifteen (15) days

---

[1] This Order addresses the need for additional information with respect to the parties' language translation dispute under the SNAP program. This Order does not address the Medicaid dispute.

after completion of the survey period, and will submit all of the raw data to the DHG Litigation Document Library.

I.  **Applicable Law and Factual Determinations**

The parties' central dispute with respect to the language translation obligations under the SNAP program centers on whether Defendant is in compliance with 7 C.F.R. § 272.4(b)(3), which requires the agency to translate certification documents and provide bilingual staff or interpreters when there are more than 100 low-income SLMHs in the service area. Specifically, Defendant contends that he defines New Mexico as a statewide project area and is in compliance with 7 C.F.R. § 272.4(b)(2), and as such, does not have to comply with 7 C.F.R. § 272.4(b)(6). (Doc. 1021) at 5-6. Defendant further contends that 7 C.F.R. § 272.4(b)(3) does not apply because HSD "does not have 'project areas' with 'a' certification office and there are no 'individual certification offices' that provide services to a distinct area." (*Id.*) at 5.

Section 272.4(b)(2) provides as follows:

The State agency shall provide materials used in Program informational activities in the appropriate language(s) as follows:
(i)   In project areas with less than 2,000 low-income households, if approximately 100 or more of those households are of a single-language minority;
(ii)  In project areas with 2,000 or more low-income households, if approximately 5 percent or more of those households are of a single-language minority; and
(iii) In project areas with a certification office that provides bilingual service as required in paragraph (b)(3) of this section.

Section 272.4(b)(3) provides as follows:

The State agency shall provide both certification materials in the appropriate language(s) and bilingual staff or interpreters as follows:
(i)   In each individual certification office that provides service to an area containing approximately 100 single-language minority low-income households; and
(ii)  In each project area with a total of less than 100 low-income households if a majority of those households are of a single-language minority.

2

      (A) Certification materials shall include the SNAP application form, change report form and notices to households.
      (B) If notices are required in only one language other than English, notices may be printed in English on one side and in the other language on the reverse side. If the certification office is required to use several languages, the notice may be printed in English and may contain statements in other languages summarizing the purpose of the notice and the telephone number (toll-free number or a number where collect calls will be accepted for households outside the local calling area) which the household may call to receive additional information. For example, a notice of eligibility could in the appropriate language(s) state:

      Your application for SNAP benefits has been approved in the amount stated above. If you need more information telephone _____.

Section 272.4(b)(6) provides as follows:

The State agency shall develop estimates of the number of low-income single-language minority households, both participating and non-participating in the program, for each project are **and certification office** by using census data (including the Census Bureau's Current Population Report: Population Estimates and Projections, Series P-25, No. 627) and knowledge of project areas and **areas serviced by certification offices**. Local Bureau of Census offices, Community Services Administration offices, community action agencies, planning agencies, migrant service organizations, and school officials may be important sources of information in determining the need for bilingual service. If these information sources do not provide sufficient information for the State agency to determine if there is a need for bilingual staff or interpreters, **each certification office** shall, for a 6-month period, record the total number of single-language minority households that visit the office to make inquiries about the program, file a new application for benefits, or be recertified. Those **certification offices** that are contacted by a total of over 100 single-language minority households in the 6-month period shall be required to provide bilingual staff or interpreters. State agencies shall also combine the figures collected in each **certification office** to determine the need for bilingual outreach materials in each project area.

(emphasis added).

      Defendant, correctly, points out that "certification office" is not defined in the definition section of 7 C.F.R. § 271.2. However, the regulations use the terms "project area" and "certification office" in the conjunctive, rather than the disjunctive, indicating that they are different things or otherwise cannot be used interchangeably.

3

"HSD has 28 field offices statewide that provide services to the project area[.]" (Doc. 1021) at 5.[2] Plaintiff contends, and the Court finds, that HSD's "field offices" are in fact "certification offices" within the meaning of the regulations. Notably, HSD directs applicants to these field offices for in-person interviews during the SNAP application process and during recertification. Put another way, these field offices are charged with certifying individual eligibility for the SNAP program, rendering them "certification offices" within the plain meaning of that term. Similarly, the terms "certification office" and "local office" are used interchangeably throughout the regulations.

Thus, the Court finds that Defendant's "field offices" are "certification offices" within the meaning of the regulation.

Having found that Defendant's "field offices" are "certification offices" within the meaning of the regulation, the Court must then determine Defendant's obligations under the regulation.

Defendant contends that Spanish is the only non-English language spoken by at least 5% of the SLMHs in the project area (New Mexico), and thus the only other language in which HSD must provide program materials and bilingual staff or interpreters. (Doc. 1021) at 7. Requiring anything else, according to Defendant, would render "the requirements in the regulation that bilingual services be '[B]ased on the estimated total of low-income households which speak the same non-English language in **a project area,**' and the requirements of 7 C.F.R. § 272.4(b)(2)(i)( and (ii)" meaningless. *Id.* at 6 (alterations and emphasis in original). Defendant further asserts that applying § 272.4(b)(6) would lead to the functionally absurd result of

---

[2] A review of the NMHSD Income Support Field Offices Map, accessible through https://www.hsd.state.nm.us/lookingforassistance/field_offices_1/ reveals 36 field offices.

requiring HSD to translate documents into "every non-English language spoken in New Mexico (the area served) by each low-income household over 100 statewide not the '2,000 or more low-income households, if approximately 5 percent or more of those households are a single language minority' threshold found in 7 C.F.R. § 272.4(b)(2)(ii)." *Id.*

The Court is not persuaded by Defendant's reasoning. It is a basic canon of construction that all clauses and subparts be given effect. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001). Were the Court to accept Defendant's interpretation, § 272.4(b)(6) would be entirely meaningless and the Court would run afoul of this canon of construction.

To the contrary, § 272.4(b)(6) imposes an *additional* requirement on the Defendant, that is, to "develop estimates of the number of low-income single-language minority households, both participating and not participating in the program, for each project area **and certification office**[.]" (emphasis added). As the Court has already found, Defendant's field offices are the "certification offices" at issue in § 272.4(b)(6).

Subsection (b)(6) of the regulation requires Defendant to develop these estimates based on each field office and based on the program area.

II.     **Order for Survey**

Having concluded that subsection (b)(6) requires the Defendant to develop estimates of the SLMHs, participating and not participating in the program, based on each field office and on the program area, the Court has determined it requires additional information before it can evaluate whether Defendant is in compliance with its language access responsibilities.

Defendant did not argue or otherwise note that it poses sufficient information to estimate the number of SLMHs serviced by each field office.[3] Accordingly, the Court reasons that Defendant does not have sufficient information "to determine if there is a need for bilingual staff or interpreters[.]" 7 C.F.R. § 272.4(b)(6). Therefore, the second portion of subsection (b)(6) becomes operative, as modified by the Order of this Court:

Beginning no more than thirty (30) days after entry of this Order, each field office shall, for a period of ninety (90) days "record the total number of single-language minority households that visit the office to make inquiries about the program, file a new application for benefits, or be recertified."

Prior to commencing the survey, Defendant will meet and confer with Plaintiff on an acceptable process to conduct the survey. If the parties are unable to agree to a process, the process will be determined by the Special Master. No more than fifteen (15) days after the conclusion of the survey, Defendant will submit to the Plaintiff, the Special Master, and the Court a report of its findings broken down by language and by field office, and also aggregated for the entire project area. At the same time Defendant submits its report, Defendant will also upload all of the raw data collected during the survey to the DHG Litigation Document Library.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[3] If that information exists, Defendant will produce the estimates and the underlying data to Plaintiff and to the Special Master within seven (7) days of this Order. Production of this information, if it exists, does not satisfy Defendant's survey obligation imposed herein.