IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs().

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

Civ. No. 88-0385 KG/CG
Consolidated with
Civ. No. 88-786 KG/CG

ORDER ADOPTING CORRECTIVE ACTION PLAN

This matter comes before the Court on the Special Master's 2021 Corrective Action Plan (Proposed CAP) (Doc. 1028) and Plaintiffs' Response and Objections thereto (Doc. 1034). Defendant had the opportunity to respond and/or object to the Proposed CAP, or to respond to Plaintiffs' objections, but did not file any such response. Any objections not raised are considered waived. (Doc. 762) at 3 ("Failure to timely object to the Special Master's findings will constitute a waiver of those objections.").

Having reviewed the Proposed CAP and Plaintiffs' objections thereto, the Court, applying a *de novo* standard of review, adopts the Proposed CAP in its entirety. *See* Fed. R. Civ. P. 53(f)(3) and (4) (court decides *de novo* objections to special master's findings and conclusions); Fed. R. Civ. P. 53(f)(1) (court may adopt or modify special master's report).

Relevant to this Order, the Court previously ordered the parties to "file a stipulated corrective action plan no later than 45 days from [September 9, 2021]. . . . If the parties cannot agree on a stipulated corrective action plan, the Special Master will file a report recommending a

corrective action plan[.]" (Doc. 1009) at 33. The parties did not agree on a stipulated corrective action plan, so the Special Master filed the Proposed CAP on January 25, 2022.

The Proposed CAP includes three basic areas: training, automation opportunities, and COVID recertification remedies. (Doc. 1028) at 8-11 (Ex. 1, Special Master's Recommended Corrective Action Plan). Plaintiffs filed objections to each area of the Proposed CAP. The Court addresses each area in turn.

I. *Training Plan*

Table 1 of the Proposed CAP details the Special Master's Recommended Training Plan:

| Table 1 - RECOMMENDED TRAINING PLAN | | |
|---|---|---|
| **Refresher Training Activity** | **Completion Due/Actual[1] Date for Completion of Training** | **Publish Evidence of Completion[2] to DHG SharePoint Folder due date.** |
| ❖ Job Aid 21 Applying for Benefits Using Yes NM<br>❖ Job Aid 06: Document Types<br>❖ Job Aid 08: Interfaces<br>❖ Training Aid 07: Interim Reports and Recertifications<br>❖ Job Aid 30: Request and View a SOLQ Report<br>❖ Job Aid 10: Alerts<br>❖ Is A HUMAD Necessary<br>❖ Verification Matrix | December 31, 2021 | Within 15 days of the Court's order |
| ❖ Interactive Interviewing Session 4: Finalizing your Interview<br>❖ Target Training 06: College Students-How to Read an FSP 420<br>❖ Q-Tip Video-Resources<br>❖ Interactive Interviewing Session 3: Representing Your Interview<br>❖ Interactive Interviewing Session 1: Prepping for the Interview | October 29, 2021 | Within 15 days of the Court's order |
| ❖ Target Training 10: Updating an Existing Self- Employment Record<br>❖ Target Training 07: Commission and Tips | October 15, 2021 | Within 15 days of the Court's order |
| ❖ Q-Tip Video-How to Handle Split Checks | September 23, 2021 | Within 15 days of the Court's order |

---

[1] Defendants imposed date(s).
[2] Defendant should consult with Special Master regarding evidence requirements (e.g., Blackboard reports, etc.)

(Doc. 1028) at 8.

Plaintiffs raise two objections to the training plan: first, Plaintiffs assert the training plan does not "address the problem of HSD's on-going failure to timely process the paperwork that would allow a family full renewal of Medicaid for 12 months, instead of a three-month extension due to COVID-19," and contends that specific training on this issue is required, rather than HSD correcting and redrafting its Interim Policy and Procedure (IPP) memo; and second, Plaintiffs "request clarification on the evidence of training that the CAP will require," specifically, Plaintiffs "request that the CAP state that these evidence requirements will include input from Plaintiffs' Counsel." (Doc. 1034) at 2.

With respect to the first issue, whether specific training is required on timely processing Medicaid renewals, rather than correcting and redrafting the IPP memo, and using a *de novo* review, the Court overrules Plaintiffs' objection. Plaintiffs came forth with no explanation or argument, that is, no specific objection, as to why the Special Master's recommendation is insufficient to address the problem. Accordingly, the Court adopts the Special Master's recommendation that HSD correct and redraft its IPP 20-25. (*See* Doc. 1028) at 6.

Turning to Plaintiffs' request for clarification, and to the extent this request constitutes an objection, the Court overrules the objection. The Defendant will work with the Special Master to provide adequate proof of training, which will be uploaded to the DHG SharePoint cite. If Plaintiffs believe the proof of training is inadequate, they may raise that issue with the Special Master. The Court adopts the Special Master's recommendation with respect to proof of training.

Neither party raised any additional objections to the Special Master's Recommended Training Plan. Accordingly, any possible objections are deemed waived, and the Court adopts the Special Master's Recommended Training Plan as an Order of the Court.

II.  *Automation Opportunities*

Table 2 of the Proposed CAP details the Special Master's Recommended Automation Opportunities:

| Table 2 - Recommended Automation Opportunities ||| 
|---|---|---|
| **Automation Activity Description** | **Implementation Timeframe** | **Evidence Validation** |
| ❖ ASPEN CR 51363 - Gross Income Changes to round income after the net income test | 2nd Quarter 2022 (April – June) | Evidence of completion will occur through existing release note submissions to the Quick Guide through the pendency of this litigation or the implementation date, whichever is sooner |
| ❖ ASPEN CR 36851 - Income Screens in ASPEN to simplify and refine income data screens<br><br>❖ ASPEN CR 22961- Electronic Notices: Issue notices electronically instead of via USPS to households who elect to receive them. | 3rd Quarter 2022 (July – September) | |
| ❖ ASPEN CR 2340 - Zero SNAP Benefit and State Supplement Benefit Issuance: Apply the net income test to elderly or disabled households.<br><br>❖ ASPEN CR 42226 - Statewide Queues: transition from county-based queues and distribute work based on priority. | 4th Quarter 2022 (October - December) | |

(Doc. 1028) at 9.

Plaintiffs' only request with respect to the Recommended Automation Opportunities is "an Order clarifying that Defendant must provide Plaintiffs with detailed implementation plans and updated versions of the IT planning documents as the changes are implemented so Plaintiffs can monitor implementation of this part of the CAP." (Doc. 1034) at 2.

To the extent this constitutes an objection, the Court sustains in part and overrules in part the objection. Defendant will upload documentation of completed automation activities to the DHG SharePoint site. The Special Master's office will determine ongoing compliance and documentation requirements for any outstanding items.

Neither party raised any additional objections to the Special Master's Recommended Automation Opportunities. Accordingly, any possible objections are deemed waived, and the Court adopts the Special Master's Recommended Automation Opportunities, with this clarification, as an Order of the Court.

III.  *COVID Recertification Remedies*

Table 3 of the Proposed CAP details the Special Master's Recommended COVID Recertification Remedies:

| Table 3- RECOMMENDED COVID RECERTIFICATION REMEDIES | | |
|---|---|---|
| Category/Issue Description | Mitigation Remedy | Due Date |
| ❖ Category: *Processing—Staff Education/Informing* <br> ❖ Issue: failure to complete eligibility tasks prior to the 3-month extension automation run providing a three-month certification period and trigger a packet to clients who would have been otherwise eligible for a 12-month recertification eligibility outcome. | ❖ modify and reissue the IPP 20-25 or the COVID resource guide to provide robust information/instructions to staff regarding the process, timeframes, and the impacts of failing to process the renewal and actions the agency will take to correct the issue. <br> ❖ publish evidence of completion of this activity with acknowledgements uploaded to DHG SharePoint folders. | Within 10 days of the Court's order |
| ❖ Category: *Processing—Client impact remedy* <br> ❖ Issue: failure to complete eligibility tasks prior to the 3-month extension automation run providing a three-month certification period and trigger a packet to clients who would have been otherwise eligible for a 12-month recertification eligibility outcome. | ❖ identify and process impacted cases monthly (through the pendency of the Public Health Emergency [PHE]) a recertification/renewal action for cases of impacted clients whose certification periods are extended 3 months due to staff failure to process the recertification task AND the client provided required documentation to allow a full renewal eligibility determination. <br><br> ❖ process the impacted case(s) to eliminate the trigger of the recertification packet the following month, to eliminate an undue burden on the households. <br><br> ❖ produce and publish an evidence report including the number of cases identified and processed with reporting of the outcomes of the | Process the cases by: <br><br> 20th of the month following the 3-month automated extension batch job. <br><br> Produce and publish evidence report to SharePoint: <br><br> 30th (or last calendar day) of the month following the 3-month automated |

6

| Table 3- RECOMMENDED COVID RECERTIFICATION REMEDIES ||| 
| Category/Issue Description | Mitigation Remedy | Due Date |
| --- | --- | --- |
| | eligibility determinations completed. The information should be uploaded to the DHG SharePoint by the due date in the plan. | extension batch job. |
| ❖ Category: Correspondence—Client impact remedy<br>❖ Issue: Incorrect dates published on the Notice of Case Action (NOCA) issued to the client following a recertification action with an eligibility outcome transitioning the client of a lower Medicaid category of eligibility (COE) coverage requiring a 3-month extension in lieu of recertification. | ❖ implement proposed system fix<br>1. Daily (prior to initiation of the NOCA batch process), the system will identify cases where a NOCA is pending issuance and the recertification date was not extended<br>2. The system will extend the recertification date by 3-months<br>3. The system will trigger an ISD 201 notice<br>4. the NOCA issued that night should now reflect the new 3-month extension date | November 13, 2021<br>(HSD imposed date) |

(Doc. 1028) at 10-11.

Plaintiffs raise three objections to the COVID recertification remedies: 1) Plaintiffs "request clarification . . . that the [IPP] Memo that the Special Master recommends Defendant create must be provided to Plaintiffs' Counsel for comment before implementation, as required by the Decree, Section IV, Paragraph E"; 2) Plaintiffs ask the Court to include a requirement in the CAP that a notice of delay be sent to applicants in those cases "where recertification for 12 months should have been processed, but instead three-month recertifications were automatically granted due to COVID waivers"; and 3) Plaintiffs request that the CAP "state exactly what content should be in the ISD 201 (which is a blank "notice to client" that workers fill in) and request clarification as to how this form will relate to the Notice of Case Action (NOCA) that is to be sent at the same time," along those lines, Plaintiffs further "request that the CAP provide

7

that the policy and language for these notices and triggering reasons be provided to Plaintiffs' Counsel for Comment, as required by the Decree, Section IV, Paragraph E." (Doc. 1034) at 3-4.

With respect to the first request, and applying a *de novo* standard, the Court overrules Plaintiffs' objection and denies the request. The IPP Memo at issue does not fall within Section IV, Paragraph E of the Decree because it does not constitute a change in application processing practices or the use of standard form documents. Rather, the IPP Memo is, by its terms, an *interim* measure that will expire in relatively short order. For these reasons, the request is denied. However, Defendant will upload the corrected and redrafted IPP Memo to the DHG SharePoint site, and Plaintiffs may bring any issues to the Special Master's attention at that time.

As to Plaintiffs' request that the Court include a requirement in the CAP regarding a notice of delay, and applying a *de novo* standard, the Court overrules this objection and denies the request. Rather than include this requirement in the CAP, the Court reminds Defendant of its obligations under Document 835 and 7 C.F.R. § 273.2(h)(3) and 7 C.F.R. § 273.14(e)(1).

Finally, the Court overrules and rejects Plaintiffs' request that the CAP "state exactly what content should be in the ISD 201" notice. This blank notice, that HSD workers fill out on an individualized basis, is not a "standard form document" within the meaning of Section IV, Paragraph E, of the Decree. Additionally, the Court finds that requiring HSD to submit this form to Plaintiffs' Counsel for review prior to implementing the CAP will needlessly burden the process and slow down HSD's implementation of the CAP. With respect to Plaintiffs' request for clarification regarding the interplay between the ISD 201 and the NOCA, the Court finds that the CAP provides sufficient detail and clarity on this point. (*See* Doc. 1028) at 11. For these reasons, Plaintiffs' objections are overruled.

Neither party raised any additional objections to the Special Master's Recommended COVID Recertification Remedies. Accordingly, any possible objections are deemed waived, and the Court adopts the Special Master's Recommended COVID Recertification Remedies as an Order of the Court.

IV. *Additional Objections*

Plaintiffs raise two additional objections to the Proposed CAP, as a whole. First, Plaintiffs object to the Proposed CAP because it does not address staffing shortages at HSD. Plaintiffs request that the Court order HSD to report to Plaintiffs' Counsel and the Special Master, monthly, on staffing levels at each office and "cases overdue for processing" at each office. (Doc. 1034) at 5. Second, Plaintiffs contend that HSD is not complying with prior Court Orders, specifically related to providing "information to Plaintiffs' Counsel that is provided to the Special Master," and asks the Court to "Order Defendant to provide information as required by the Decree and Doc. 898." (Doc. 1034) at 6.

Applying a *de novo* standard, the Court overrules both objections and rejects both requests. With respect to staffing issues, Defendant's staffing decisions are beyond the scope of this CAP and beyond the scope of this litigation. The Court will not Order HSD to hire additional personnel, but simply to comply with Court Orders. With respect to Document 898, the Court previously ordered Defendant to provide "*data* that the Special Master request to both the Special Master and Plaintiffs as soon as reasonably practicable." (Doc. 898) at 2 (emphasis added). The Court did not order Defendant to provide Plaintiffs' counsel with every document it gives to the Special Master. While Defendant must provide Plaintiffs' counsel with the data requested by the Special Master, it is within the Special Master's discretion to determine which

9

*documents* are given to Plaintiffs' counsel. For these reasons, Plaintiffs' objections are overruled.

V.   *Conclusion*

For the reasons explained herein, the Court overrules Plaintiffs' objections to the Proposed CAP and adopts the Proposed CAP as an Order of the Court, as modified herein.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE