IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

      Plaintiffs,

vs.                                   Civ. No. 88-0385 KG/CG
                                         Consolidated with
                                         Civ. No. 88-786 KG/CG

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the Special Master's[1] recommendation for a case

review (Doc. 1052), Plaintiffs' objections thereto (Doc. 1056), and Defendant's objections to the

same (Doc. 1057). Having reviewed the recommendation and the objections thereto, and after

applying a *de novo* standard of review, the Court adopts the Special Master's recommendation

(Doc. 1052) with the mild modification contained herein regarding the time period for which

evidence and documentation may be requested.

On July 25, 2022, the Special Master filed a report indicating the "parties agree a case file

review is necessary to determine compliance" with Section III of the Consent Decree.[2] (Doc.

1052) at 1. The Special Master further indicated that he "requested [case review] proposals from

the parties and convened a meeting to discuss" those proposals. *Id.* As the parties were unable

to agree, the Special Master submitted his own recommendation and the case review letter

---

[1] Hereinafter, the Court's use of "Special Master" also refers to both the Special Master and the
Compliance Specialist, collectively.
[2] The Court has previously detailed the background and history of this case and the case review
process, and declines to restate the same herein. *See, e.g.*, (Doc. 1009).

correspondence between the parties. *See generally* (Doc. 1052). The parties timely objected to the Special Master's proposal. (Docs. 1056, 1057).

I.     *Plaintiffs' Objections*

Plaintiffs make two primary objections: first, they object to the proposed timing of the case review for various reasons; and second, they object to the proposed scoring of the review tool. As further explained herein, the Court finds no merit in the objections and overrules the same.

A.  *Timing Objections*

Plaintiffs contend that: the Human Services Department (HSD) currently suffers from a staffing shortage, which would make a case review process unfair to HSD at this time; HSD has not finished implementing the current Corrective Action Plan (CAP) (Docs. 1028 and 1041) and the Consent Decree prohibits a case review before the current CAP expires; HSD has been operating under an emergency federal waiver due to the wildfires in New Mexico, so using June, July, and August 2022 would be inappropriate. Plaintiffs further request that the Court order HSD to address "current issues," direct the use of January through June 2023 as the review period, and commence the case review in August 2023.

The Court previously indicated it would not direct HSD to maintain specific staffing levels or otherwise involve itself in how HSD allocates its resources, but will nonetheless demand compliance with Court Orders. A staffing shortage does not present a colorable reason to further delay a case review.

Nothing in the Consent Decree requires HSD to complete a CAP before conducting a subsequent case review. Moreover, the outstanding items related to the current CAP involve implementation of automation opportunities related to ASPEN income screens, electronic

notices, and Statewide Queues. HSD appears to be on track to implement these automation opportunities as prescribed. However, these items will not bear an absolute on HSD's success or failure during the review process. Ongoing automation opportunity implementation does not present a reason to delay the case review.

HSD has been operating under various emergency federal waivers since early 2020 and recently received federal Food and Nutrition Service (FNS) approval to expand certain SNAP recertification waivers that will extend those certification periods to February 2023 and beyond. There is no guarantee that HSD will not receive additional waivers and/or will not experience another event resulting in a backlog situation. Indeed, throughout the life of this case, HSD has experienced myriad challenges and difficulties implementing the SNAP and Medicaid programs, including for example, implementation of the ASPEN system, implementation of the Affordable Care Act, a global pandemic, and historic wildfires. None of these events relieved HSD of its obligations under federal law or the Consent Decree. Therefore, the Court finds it is not in the public interest to delay a case review pending some future time when HSD does not operate under emergency federal waivers.

As to Plaintiffs' specific objection to using June, July, and August 2022 as part of the six-month case review period, the Court notes that three months of the review will be pre-wildfire waivers and three months will be during those waivers. Put another way, the first three months of the case review period will, in fact, include SNAP recertification decisions to review. This will provide an accurate and statistically relevant snapshot for how HSD has been operating.

For these reasons, Plaintiffs' objections and requests with respect to timing are overruled.

B.  *Scoring Objection*

Plaintiffs express "concern[] . . . about the accuracy of the incidence methodology proposed by the Special Master," on the basis that some of the case review questions apply to only SNAP or Medicaid.  (Doc. 1056) at 7.  Plaintiffs raised a substantially similar objection during the last case review process.  As the Special Master previously explained, "[t]here is no value assigned to [not applicable]" responses.  (Doc. 1006) at 5.  Perhaps more importantly, the parties agreed to this methodology, which provides a statistically valid sample, prior to the 2020 case review and "N/A" is not a "no error" response.  (Doc. 1009) at 11.  The Court previously overruled this same objection and adopted the Special Master's methodology.  *Id.* at 11-12.  The Court makes the same ruling here.

For these reasons, Plaintiffs' Objections (Doc. 1056) are overruled.

II.     *Defendant's Objections*

Defendant raises six objections and/or requests for modification: 1) exclude any error findings from the case review on any case where the error can be solely attributed to processing that occurred under a temporary waiver or special circumstance; 2) limit the look-back period for documentary and evidentiary requests to the prior certification period; 3) have the Special Master review errors identified by Plaintiffs before sending those error cases to HSD; 4) give HSD more time to review identified error cases; 5) allow more time for a mediation; and 6) remove case review tool questions 1 through 9 and 11 through 14 from the case review process.  For the reasons explained below, the Court will limit documentary and evidentiary requests to those pertinent to the case action for the sample month being read.  All remaining objections/requests are overruled and/or denied.

A. *Errors in Waiver Cases*

Defendant suggests that "processing of cases under pandemic-related federally approved waivers and special circumstances are isolated events and actions and under the decree cannot be considered in the assessment of systemic or programmatic barriers." (Doc. 1057) at 2. Pursuant to the Special Master's recommendation, the Court agrees that Disaster SNAP applications and case actions, related to the New Mexico wildfires, should and will be excluded from the sample universe. *See* (Doc. 1052) at 3. However, the Court does not accept the assertion, after more than two years of pandemic related waivers, that such waivers equate to "isolated events and actions." To grant Defendant's request on this point would render the case review process largely, if not wholly, moot. For these reasons, the Court overrules this objection.

B. *Look-Back Period*

HSD requests that the Court modify the Special Master's recommendation and limit the look-back period to the prior certification period—either 6 or 12 months, depending on the type of case and certification period. (Doc. 1057) at 3. Based on the Special Master's report and representations from the parties in the prior case review, the Court agrees that limiting the look-back period will facilitate and streamline the case review process without compromising accuracy. For this reason, the objection is sustained. Evidentiary and documentary requests are limited to the prior certification period, either 6 or 12 months, depending on the case action at issue.

C. *Timing of Special Master's Review*

Defendant objects to the review/mediation timeline and suggests that "an intermediate process" be adopted such that the Special Master would conduct "an initial validation of the Plaintiffs' finding." (Doc. 1057) at 4. This objection is overruled. The Special Master conducts

5

validation after mediation to limit the number of cases the Special Master reviews. Were the Special Master to make an "initial" validation, this would vitiate the need for HSD to review its cases and participate in mediation, and defeat the purpose.

D. *Time for HSD to Review Cases*

Next, HSD requests "equivalent" time to review cases that Plaintiffs allege contain systemic errors. (Doc. 1057) at 4. Defendant's logic appears to be that Plaintiffs have 45 days to review all 288 sample cases, and Defendant cannot review cases during that time. Defendant is incorrect. Defendant could—and perhaps as a matter of best practice, should—review the sample cases during the original 45 days. Defendant then has *additional* time to review the cases Plaintiffs' identify as containing system errors. Defendant's objection is overruled.

E. *Time for Mediation*

On the final timeline objection, Defendant notes that the recommendation provides 15 days for HSD to review the alleged error cases and conduct mediation. HSD requests 5 additional business days to conduct the mediation. (Doc. 1057) at 4-5. The Court acknowledges that the proposed timeline is ambitious. However, as noted above, HSD has sufficient time to review sample cases during the same 45 days made available to Plaintiffs. The Court is not persuaded that providing a separate business week to conduct the mediation will materially advance the case. Therefore, the Court overrules this objection.

F. *Case Review Tool Questions*

Finally, Defendant objects to using the full case review tool. (Doc. 1057) at 5-6. Defendant correctly states that its validated error rate fell under 5% with respect to questions 1 through 9 and 11 through 14. Therefore, Defendant contends, those questions should not be used again. The Court understands this objection, but overrules it nonetheless. First, using the full

6

case review tool—to which both parties previously agreed—gives the Court a view of HSD's full performance at this time.  Second, to answer question 16, the parties and the Special Master must nonetheless read the full case action.  Answering the remaining questions does not require materially more time.  Given the minimal additional burden, and the Court's interest in evaluating HSD's full performance at this time, the objection is overruled.

III.    *Conclusion*

For the reasons explained herein, the Court adopts the Special Master's case review recommendation (Doc. 1052) with the minor clarification that evidentiary and documentary requests are limited to the prior certification period, either 6 or 12 months, depending on the case action at issue.  All remaining objections are overruled and all remaining requests are denied. The Court further adopts the Special Master's proposed timeline for the case review process and considers that timeline as an Order of the Court.  No extensions will be granted.  (Doc. 1053)

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

7