IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

Civ. No. 88-0385 KG/GBW
Consolidated with
Civ. No. 88-786 KG/GBW

## ORDER STAYING CASE REVIEW PENDING APPEAL

Defendant David R. Scrase, Secretary of the New Mexico Human Services Department, filed a Notice of Appeal (Doc. 1061) with respect to the Court's Memorandum Opinion and Order directing the parties to conduct a case review (Doc. 1060). Dr. Scrase also filed a Motion to Stay pending appeal, in which he seeks a stay of the case review "and all proceedings in this matter pending appeal." (Doc. 1062). The Court held a hearing on this matter on Tuesday, October 4, 2022, at which counsel for both parties appeared and argued. For the reasons explained herein, the Court grants Dr. Scrase's Motion to Stay with respect to the case review and denies the motion in all other respects.

Dr. Scrase appears to appeal the Court's order for case review pursuant to 28 U.S.C. § 1292(a)(1), on the basis that the order materially alters the Consent Decree. Dr. Scrase does not identify in his Notice of Appeal, and did not argue at the hearing, any additional basis for appeal and did not assert that other aspects of the case—including, but not limited to, ongoing monitoring activities, implementation of the existing Corrective Action Plan (CAP), and other requirements of the Consent Decree—are implicated by the appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). "To regain jurisdiction, [the district court] must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed[.]" *Id.* at 577–78. The proper focus is "whether the appeal from [the] motion [is] frivolous and whether the appeal should delay the [case proceedings]." *Id.* at 577. "The frivolousness standard is met if the district court finds the interlocutory appeal is a sham or a mere dilatory tactic for … delay." *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 (10th Cir. 1993); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989); *Dixon v. Okla. Bd. of Veterinary Medical Examiners*, 2007 WL 9710984, at *1 (E.D. Okla. Nov. 27, 2007) (quoting *Langley*).

The Court addresses these issues in reverse order. As an initial matter, the Court finds the appeal is a dilatory tactic meant for delay. Several important facts support this finding.

First, defense counsel argued that including waiver cases in the case review process[1], which will be the third case review, would materially alter the terms of the Consent Decree, and cited this as the basis for appeal. Transcript of October 4, 2022, Motion Hearing, at 3:24-4:17.[2] However, defense counsel did not raise this issue during any previous case review process, including for cases reviewed for the period of April through September 2020: a time during

---

[1] The case review process was stipulated and agreed to by the parties in the Consent Decree. The parties use a stipulated review tool, comprised of 16 questions, to review—or "read"—cases for compliance with federal regulations, the Consent Decree, and Court Orders. The case review provides a snapshot of the Defendant's operations and allows the parties, the Special Master, and the Court to evaluate Defendant's progress toward compliance.

[2] The Court's citations to the hearing transcripts refer to the court reporter's original, unedited versions. Any final transcript may contain some differences in page and line numbers.

which HSD operated under numerous waivers. *See* (Doc. 977) (Defendant's Objections to Special Master's Report, omitting any objection regarding waivers); *see also* Letter from Paul Ritzma to Teague Gonzales, NM Center on Law & Poverty, dated Apr. 1, 2020, attached hereto as Exhibit 1 (identifying 28 waivers under which HSD was operating). Now, for the first time, on the eve of the third case review, defense counsel objects to including in the case review those cases subject to various waivers. The timing of this newfound objection suggests a desire for delay, rather than a genuine quarrel with the process.

Second, defense counsel seeks to stay the entire case, including all "monitoring of this case by the plaintiffs," Tr. at 17:2-3, despite his admission that the case review is "in a box" and can be "set aside" from the remainder of the case, Tr. at 10:11-12.[3] Defendant's attempt to stay all compliance activities appears as a delay tactic, especially given the concededly narrow scope of the issue on appeal. Moreover, it appears to the Court that Defendant invoked appellate jurisdiction on a specious, if not fully spurious, basis solely to avoid a negative case review.

Third, Defendant's pattern of conduct in this case evinces a disregard for the orders of this Court, the mandates of the federal programs at issue, and—of most concern—the people served by the New Mexico Human Services Department. The history of this litigation spans nearly 35 years, and while the Defendant has made progress toward compliance, there remains a lot of work. The key measure is a case review as originally agreed by the parties.

While the Court finds that the appeal was brought for impermissible reasons, the stated basis passes the barest threshold for a potentially valid invocation of appellate jurisdiction.

---

[3] Relevantly, counsel's complete statement reads:
"I believe that the case review or the information regarding this case review, the sample, the information about the cases, all of that, it's static. It's in a box right now. And that box can be set aside, and we can let the Court of Appeals decide this issue." Tr. at 10:8-13.

3

Therefore, the Court will not certify the appeal as frivolous as it relates to the case review and so a case review will not proceed at this time. However, given defense counsel's unprompted assertion that the case review process can be excised from the remainder of the case, including ongoing compliance and monitoring activities, the Court finds that the appeal implicates only the case review process and does not divest the Court of jurisdiction over the case *in toto*.

Defendant's Motion to Stay is granted as to the case review process. The parties will not engage in any activities related to the case review until the Tenth Circuit rules. When the Tenth Circuit rules, this Court will issue a new order for case review and will direct the parties to draw a new sample. Put another way, this means that any sample the parties may have agreed to draw prior to the entry of this Order is null and void: the parties *shall* use a sample drawn after the Tenth Circuit rules and after this Court's subsequent order for case review.

Defendant's Motion to Stay is denied as to all other aspects of the case. To the extent Defendant subsequently argues his appeal implicates or addresses aspects of the case not related to the case review, the Court certifies that appeal as frivolous following the hearing on this matter and for the reasons state above. *See Stewart*, 915 F.2d at 577; *United States v. Hines*, 689 F.2d 934, 936–37 (10th Cir. 1982). With this certification, this Court retains jurisdiction over all other aspects of the case, including, but not limited to, ongoing compliance and monitoring activities, ongoing implementation of the current CAP, and other requirements of Section III of the Consent Decree. These activities will continue unabated.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE



*Michelle Lujan Grisham, Governor*
*David R. Scrase, M.D., Secretary*
*Paul Ritzma, General Counsel*

April 1, 2020

Via Email: teague@nmpovertylaw.org

Teague Gonzalez, Esq.
NM Center on Law & Poverty
924 Park Avenue, SW, Ste. C
Albuquerque, NM 87102

    Re:    Notification of Federal Waiver Requests and the Anticipated Changes to SNAP and Medicaid Related to Public Health Emergency Operations – COVID 19 Response

Ms. Gonzalez:

       As a result of both the State and Federal Public Health Emergency declarations and pursuant to the guidance and instructions from the Food and Nutrition Service (FNS) and the Centers for Medicare and Medicaid Services (CMS) and the Governor's Office, the New Mexico Human Services Department (HSD) is in the process of apply for a number of waivers and anticipates, as a result of the approval of those waivers, making changes to the Supplemental Nutrition Assistance Program (SNAP) and Medicaid programs. HSD's notification to you of these waiver applications is not an admission or acknowledgement that HSD is under any obligation pursuant to the DHG consent decree to provide advance notice or an opportunity for a conference on these waivers and any anticipated changes that may result from federal approval. HSD has been directed by FNS and CMS to apply for and implement, upon approval, these waivers in response to the nationwide and statewide emergency related to COVID 19.

HSD, at the direction of FNS, CMS, and the Governor's office submitted waiver applications for the following:

|   | Program | Area of Change | Waiver Description |
|---|---------|----------------|--------------------|
| 1 | Medicaid (MAGI) | Recertifications | Medicaid (MAGI) Extension of recertification dates by 3 months on Administrative Renewal failure |

*Office of General Counsel*
1474 Rodeo Road   P.O Box 2348 Santa Fe, New Mexico 87505
Office: (505)-827-7701    Fax (505)-827-7729

EXHIBIT 1



*Michelle Lujan Grisham, Governor*
*David R. Scrase, M.D., Secretary*
*Paul Ritzma, General Counsel*

| | | | |
|---|---|---|---|
| 2 | Medicaid (Non-MAGI and MSP) | Recertifications | Medicaid (Non-MAGI and MSP) Extension of Recertification Dates by 3 Months |
| 3 | Medicaid (IC/Waiver/PACE) | NF LOCs | Medicaid (IC/Waiver/PACE) NF LOCs |
| 4 | Medicaid (All Types) | Fair Hearing Requests | Fair hearing request extension |
| 5 | Medicaid (All Types) | Reasonable Opportunity | Reasonable Opportunity End Date Extension |
| 6 | Medicaid | Presumptive Eligibility | Medicaid (MAGI) Presumptive Eligibility Extending Eligibility Period |
| 7 | Medicaid | Presumptive Eligibility | Medicaid (MAGI) Presumptive Eligibility Increase Users Authorized as PED |
| 8 | Medicaid (MAGI) | Eligibility | Medicaid (MAGI) Eligibility Increase FPL Limit for MAGI Other Adult COE |
| 9 | Medicaid (MAGI) | Reasonable Compatibility | Medicaid (MAGI) Reasonable Compatibility |
| 10 | Medicaid (MAGI) | Self Attestation of Income | Medicaid (MAGI) Self Attestation of all information except Immigration/Citizenship |
| 11 | SNAP | ABAWD | SNAP Extend ABAWD Statewide Waiver |
| 12 | SNAP | Interviews | SNAP Interviews Extend EPPI |

*Office of General Counsel*
1474 Rodeo Road   P.O Box 2348 Santa Fe, New Mexico 87505
Office: (505)-827-7701   Fax (505)-827-7729



Michelle Lujan Grisham, Governor
David R. Scrase, M.D., Secretary
Paul Ritzma, General Counsel

| 13 | SNAP | Recertifications | SNAP Waiver IR and Extend PR Review Dates |
| 14 | SNAP | Elderly/Disabled | SNAP Extension of Elderly/Disabled |
| 15 | SNAP | Interviews | SNAP and TANF - Allow for On-Demand Interviews |
| 16 | SNAP | Verification | SNAP Relaxation of Primary Source for Verification |
| 17 | SNAP | Verification | SNAP Align Verification Rules with Medicaid |
| 18 | SNAP | Benefit Issuance | SNAP One-Time Statewide SNAP Supplement |
| 19 | SNAP | TOP Suspension | SNAP Suspend TOP Debts |
| 20 | Field Operations | Statewide Queues | Field Operations - Automated Recurring Routing/Transfer of Tasks |
| 21 | TANF | Sanctions | TANF Sanctions Relief |
| 22 | TANF | Eligibility | TANF New COE |
| 23 | SNAP | Eligibility | SNAP Student Work Requirement Exemption |
| 24 | SNAP | Interview | SNAP Waiver Interviews for Recertifications and Applications |
| 25 | SNAP | EBT | SNAP Pandemic EBT (P-EBT) |
| 26 | Medicaid (All COEs) | Eligibility | Medicaid Reopening closed cases in March, 2020 |
| 27 | SNAP | EBT | Online Purchase Pilot (OPP) |
| 28 | SNAP | EBT | Hot Foods EBT Waiver |

In addition, HSD has taken substantial measures to increase the online and telephonic application process, allowing applicants to apply for benefits without having to come into an ISD office or have face-to-face interviews. HSD field offices remain open to those individuals who are unable

Office of General Counsel
1474 Rodeo Road   P.O Box 2348 Santa Fe, New Mexico 87505
Office: (505)-827-7701    Fax (505)-827-7729



*Michelle Lujan Grisham, Governor*
*David R. Scrase, M.D., Secretary*
*Paul Ritzma, General Counsel*

to utilize the online or telephonic services. However, access to the field office is limited by the appropriate COVID 19 precautions.

Given that HSD is allocating all of its resources to maintaining operations and providing all of the services that are needed for the health, safety and welfare of the New Mexico's citizens during this crisis period, we are limited in our ability to respond to question or inquiries regarding the above actions at this time.

Respectfully,

/s/

Paul Ritzma

Cc: Lawrence Parker, Special Master
Ramona McKissic, Compliance Specialist
Daniel Yohalem, Esq.
David Scrase, M.D., Secretary
Angela Medrano, Deputy Secretary