IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

Civ. No. 88-0385 KG/GBW
Consolidated with
Civ. No. 88-786 KG/GBW

MEMORANDUM OPINION AND ORDER

Defendant David R. Scrase, Secretary of the New Mexico Human Services Department, filed a Notice of Appeal (Doc. 1061) with respect to the Court's Memorandum Opinion and Order directing the parties to conduct a case review (Doc. 1060). Dr. Scrase also filed a Motion to Stay pending appeal (Doc. 1062), which the Court granted with respect to the case review and otherwise denied (Doc. 1069). Plaintiffs then filed a Motion to Add Class Representatives (Doc. 1071), and Dr. Scrase responded with a Motion to Dismiss (Doc. 1074). While those Motions remain pending, Plaintiffs filed a Motion to Enforce Judgment (Doc. 1103). It is the Motion to Enforce Judgment that sparked Dr. Scrase's instant Motion for Stay of All Proceedings (Doc. 1105) and Motion for Extension of Time (Doc. 1107). Dr. Scrase seeks a stay of all proceedings until the Tenth Circuit Court of Appeals rules on the appeal of the case review order and a pending challenge to jurisdiction, or, alternatively, a stay of all briefing on the Motion to Enforce. *See generally* (Doc. 1105). Dr. Scrase also seeks an extension of time to respond to the Motion to Enforce, and took the liberty of not filing a response to that Motion until the Motion to Stay has been resolved. *See generally* (Doc. 1107). For the reasons explained herein, the

Motion to Stay (Doc. 1105) is denied and the Motion for Extension of Time (Doc. 1107) is granted in part. Dr. Scrase will file his response to the Motion to Enforce by 5pm on Friday, May 12, 2023. Plaintiffs may file a reply, if any, in the standard time allotted.

The Court consider this a Motion to Stay pending appeal, given Dr. Scrase's request for a stay pending resolution of the appeal. (Doc. 1105) at 1. The purpose of a stay is to preserve the *status quo* pending appeal. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). The Court considers four factors when considering a motion to stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Dr. Scrase argues that the Tenth Circuit should, in the first instance, decide the jurisdictional question raised in the Motion to Dismiss. He also argues that a stay is in the interest of judicial economy, avoidance of confusion and inconsistent results, and to avoid a burden on the court.

The Court notes that Dr. Scrase did not address the factors applicable to a stay. Nonetheless, the Court sees that the same question—jurisdiction—is pending before the Tenth Circuit and this Court. It appears to the Court that the jurisdictional question should be resolved, in the first instance, by this Court, and that it will conserve time and resources to have all material matters fully briefed, including the Motion to Enforce.

Dr. Scrase did not make a showing that he is likely to succeed on the merits, does not allege that he will be irreparably injured absent a stay, did not address whether a stay would injure the other interested parties, and did not address the public interest. The Court finds that Dr. Scrase will not be irreparably injured absent a stay. While he will incur the time and expense

of responding to the Motion to Enforce, this Court finds that to be an insufficient basis for a stay. Moreover, the Plaintiffs will suffer substantial injury if, in fact, Dr. Scrase and his Department are not in compliance with the Consent Decree and that determination is further delayed. Finally, the public interest lies in determining whether the Human Services Department is complying with the Consent Decree and its obligations under federal law.

For these reasons, the Motion to Stay (Doc. 1105) is denied. Dr. Scrase will file his response to the Motion to Enforce by 5pm on Friday, May 12, 2023. Plaintiffs may file a reply, if any, in the standard time allotted. In this way, the Motion to Extend (Doc. 1107) is granted in part.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE