IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                              No. CIV 88-0385 KG/CG
                                                     Consolidated with
                                                     No. CIV-88-0786 KG/CG

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Expedited Motion to Strike (Doc. 1081) filed November 17, 2022.  The motion is fully briefed.

Defendant initially asks the Court to strike Exhibit #2 (Doc. 1080-1, pages 2 and 3), a declaration by one Ms. Terrianne Scazzero (formerly known as Terrianne Fitzwater), in which she states she desires to remain a named class member and that she "agrees with the steps taken by class counsel to protect the rights of the class in this case."  Plaintiffs attach this declaration to its Reply on Motion to Add Named Class Members, (Doc. 1080).  Defendant contends that at the time she prepared the declaration, she was pending a forensic psychological evaluation to determine if she was mentally competent.  Defendant asserts that her declaration is invalid because Scazzero "asserted in state court that she is not competent" and as such, she cannot represent in a declaration that she approves of the job of class counsel.  (Doc. 1081 at 2-3).

In their response, Plaintiff's dispute that Ms. Scazzero ever agreed she was incompetent; instead believing she was competent.  Moreover, a psychological evaluation found Ms. Scazzero

competent determining Ms. Scazzero is competent, though a court order to that effect was not available because these proceedings normally are not public.

Defendant replies, (Doc. 1096), conceding, "Since [the filing of the motion] Ms. Scazzero has been deemed competent to stand trial on the felony charge she faces" He asks the Court to be allowed to depose her prior to a ruling on the Motion to Strike or, alternatively, to hold a hearing to determine the veracity of the statements in the declaration.  Since a request for relief must be raised in a motion, see Local Rule 7.1, the Court will not address the arguments raised in Defendant's reply brief.  The Court, therefore, deems the new arguments raised in Defendant's reply as waived and will not address those arguments. *See United States v. Hodges, 684 Fed. Appx. 722, 728 (10th Cir. 2017)* (finding that movant waived argument he did not raise until reply brief); *United States v. Harrell, 642 F.3d 907, 918 (10th Cir. 2011)* ("[A]rguments raised for the first time in a reply brief are generally deemed waived."); *Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000)* (noting court will not ordinarily review issues raised for first time in reply brief).  To the extent that there is no longer a dispute about Ms. Scazzero's competence to prepare a declaration, the Motion is denied as moot.  To the extent the Defendant requests a deposition or court hearing to determine the veracity of statements in the declaration, that issue is not properly before this Court because it was not requested in Plaintiff's initial Motion to Strike, so it is denied.  The Court will consider the merit of the Motion to Add Class Representatives (Doc. 1071) and enter an order in due course.  The Motion to Strike is denied.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE