IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA HATTEN-GONZALES, et al.,

    Plaintiffs,

vs.                                                                      No. CIV 88-0385 KG/JHR
                                                                       Consolidated with
                                                                       No. CIV-88-0786 KG/JHR

DAVID R. SCRASE, Secretary of the
New Mexico Human Services Department,

    Defendant.

MEMORANDUM OPINION AND ORDER

This Order is consolidated from (1) Defendant's Rule 60(b)(6) Motion for Relief From Order(s), (Doc. 1082), filed November 17, 2022; (2) Plaintiff's Motion for Leave to Add Named Members of Plaintiff Class (Doc. 1071), filed October 17, 2022; and Defendant's Request for Evidentiary Hearing, (Doc. 1083), filed November 17, 2022. These motions are fully briefed and ready for ruling. For the reasons set forth below, the Court DENIES Defendant's Rule 60(b)(6) Motion; GRANTS Plaintiff's Motion for Leave to Add Named Members of Plaintiff Class; and DENIES Defendant's Request for Evidentiary Hearing.

*Motion for Rule 60(b)(6) Relief*[1]

In this motion, Defendant requests the orders of this Court be vacated dating at least to the Modified Settlement Agreement (Doc. 854), entered on August 21, 2018. He asserts "that for at least the past five years counsel for the Plaintiffs have had no contact or consultation with

---

[1] Although Plaintiff's Motion for Leave to Add Named Members of Plaintiff Class was filed before Defendant's Motion for 60(b)(6) Relief, the Court construes Defendant's motion as presenting a threshold question as to whether to add named class members and therefor will address it first.

any viable named plaintiff and, as such, all settlement agreements and all agreements reached as part of negotiations or mediations that have been approved through orders of this Court are void." (Doc. 1082 at 1). He also contends that counsel for Plaintiffs

> lacked the authority to negotiate and enter into settlement agreements and stipulations in this case. Doing so, representing to this Court . . . that such agreements are the 'product of many months of negotiations in good faith between the parties' or that the party agrees with the terms and conditions negotiated, is nothing short of a fraud upon the Court.

*Id.* at 2-3. He next accuses counsel for Plaintiffs of "deceptive actions" to influence the Court "to issue Order(s) approving the settlement and stipulations that lacked client approval or consultation." *Id.* at 6. Finally, Defendant requests and evidentiary hearing and an order for the plaintiff to return all fees invoiced and collected going back to the date of the MSA. *Id.* at 8.

Plaintiffs respond that Defendant motion shows his misunderstanding of the role of class counsel. Plaintiffs further contend that the remedy to set aside orders of the Court is inappropriate and that the proper remedy instead is to appoint additional class representatives. (Doc. 1094). This Court agrees.

To begin with, the class originally certified in this case includes "all present and future applicants to the federal food stamp program [and] Medicaid program . . . who have not or will not receive an eligibility determination or benefit under the programs from the Human Services Department (HSD) within the time limits imposed by law." And it is noteworthy that each version of the Consent Decree, including the Second Revised Modified Settlement Agreement (Doc. 853), approved August 21, 2018, makes clear of the class members "right to advise class counsel of any perceived violations of this Agreement." *Id.* at 2. In view of the long history of this case, particularly during the last 10 years of robust litigation, this Court accepts that class counsel has engaged sufficiently with class members. This is evident in the multitude of affidavits submitted for the Court's consideration and live testimony of individuals attesting to

their own experience and observation of Defendant's violation of the Decree, federal law and court orders.

This Court also agrees Defendant misunderstands the unique role of class counsel. Plaintiffs offer the advisory committee notes to the 1998 amendments to Fed. R. Civ. P. 23 to highlight Defendant's basic misunderstanding of the key distinction here with class counsel's primary responsibility

> resulting from appointment as class counsel, is to represent the best interests of the class. The rule thus establishes the obligation of class counsel, an obligation that may be different from the customary obligations of counsel to the individual clients. Appointment of class counsel means that the primary obligation of counsel is to the class rather than to any individual members of it. The class representatives do not have an unfettered right to fire class counsel. In the same vein, the class representatives cannot command class counsel to accept or reject a settlement proposal. To the contrary, class counsel must determine whether seeking the court's approval of a settlement would be in the best interests of the class as a whole.

And this Court finds equally instructive Judge Browning's reliance on Professor Rubenstein's explanation of the advisory committee notes that

> class counsel, once appointed, is now the paramount representative of the class, not the class representatives. The Advisory Committee note implies, quite strongly, that it is class counsel who speaks for the class, not the class representatives. [T]hat rule 23 and the advisory committee's notes make clear that it is the responsibility of the court, and not the class representatives, to monitor class counsel's performance.

*Id.*, at 3, (quoting *Lowery v. City of Albuquerque*, 2013 WL 1010384, at *33 (internal citations omitted). That named class representatives have either passed away, their claims have become moot, or they are otherwise unavailable is of no moment. As further explained below on Plaintiff's Motion (Doc. 1071), the appropriate remedy is to add named class members. Based on the record and its own years-long observations, this Court is satisfied with class counsel's performance representing the class of applicants for SNAP and/or Medicaid who have not or will

3

not receive timely benefits or eligibility determinations. Defendant offers no authority or meritorious basis to conclude otherwise.

Instead, defense counsel once again has found a controversy where none of any material value to the ultimate outcome of this case exists, and in furthering his request, choses to inflame rather than progress toward the true aim of this case. While class counsel serves the class of clients, Defendant equally has a responsibility to the same – applicants to whom he has a duty under federal law and orders of the Court. His inflammatory brand of litigation serves none of the above. Were this Court to agree with Defendant's arguments, and it does not, the end result would not relieve him of his core responsibility to comply with the Decree, federal law and court orders. For the foregoing reasons, Defendant's Motion is Denied.

*Plaintiff's Motion for Leave to Add Named Members to Plaintiff Class*

Plaintiffs seek to add as class members as named class representatives, namely Abigale Knowlton; Oscar Daniel Lopez-Garcia, Micaela Baca, and Terrianne Scazzero. It undisputed that the original named class representatives, Deborah Hatten-Gonzales and Betty Velarde, no longer are available named class representatives because they have passed away. As a result of this, Plaintiffs offer affidavits of these individuals, in which they respectively attest Defendant's failure to comply with case processing requirements of the Decree and request to become named plaintiffs in this lawsuit. A summary of each affidavit follows.

*Abigale Knowlton*

Ms. Knowlton attests that she contacted class counsel in 2016 after Defendant failed to schedule an interview with her when she attempted to renew her Medicaid and SNAP benefits even though she had submitted her renewal paperwork. She states that the Defendant, instead, caller her at an unscheduled time and when she did not answer, gave her only three months of

benefits instead of the for a full year. This error on Defendant's part caused her to have to reapply for renewal again in three months. She further attests that in the seven years since, she has sought help from class counsel because of Defendant's repeated failures to timely provide her an interview to process her case and to appropriately apply dedications that would increase her SNAP benefits. She states she has had to wait hours on the phone each time she attempted to do so; and she states her full Medicaid coverage was terminated even while she received notices that coverage would continue. She further states class counsel has ensured Defendant kept her on Medicaid. She describes her reliance on SNAP and Medicaid because of her fixed income and her need for critical medical care relating to her disability.

*Oscar Daniel Lopez-Garcia*

Mr. Lopez-Garcia attests to being forty-six years old, a single father of two small children, and a victim of domestic violence. He states he is homeless and lives in a domestic violence shelter in Belen, New Mexico. He attests to having applied for SNAP and Medicaid benefits in February 2021 but denied because he did not submit a SSN, even though he petitioned under the Violence Against Women Act and was never issued a social security number. He describes how he sought assistance from class counsel, whose advocacy resulted in the Defendant approving his application in July 2021 after admitting the denial was an error. (Doc. 1071-1).

*Michaela Baca*

Ms. Baca attests she is a 25-year-old, mother of three children, all under the age of six, including one child who is disabled and requires special medical care. She states she applied for Medicaid and SNAP in January 2016 and has received benefits since then although she often

must call Defendant to learn why her benefits are delayed. She describes how she and her family depends on the benefits. (Doc. 1071-2).

*Terrianne Scazzero*

Ms. Scazzero attests to her application for benefits while pregnant but because of Defendant's failure to process her application, she was unable to get prenatal and medical care. She states she has been receiving SNAP and Medicaid benefits off and on. She further states that while incarcerated at the time she signed her affidavit, she will seek to resume receiving SNAP benefits. She also describes her reliance on food and medical assistance for her basic needs and want to help ensure Defendant meets the requirements of federal law and orders of the Court. (Doc. 1080-1 at 2-3).

The Court finds no reason, including in Defendant's motion for an evidentiary hearing (Doc. 1083), not to accept the foregoing affidavits. Cf. *United States v. Holt,* 46 F.3d 1000, 1003 (10th Cir. 1995) ("A court has wide discretion to allow affidavits … under Rule 12(b)(1)") (citations omitted).

*Fed. R. Civ. P. 23*

Plaintiffs cite to Fed. R. Civ. P. 23 to contend Knowlton, Lopez-Garcia, Baca, and Scazzero should be allowed to be named class representatives, specifically, Rules 23(a)(3) and (4). These rules provide that as a prerequisite to certifying a class action, "(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Plaintiff also cites Fed. R. Civ. P. 25, which provides for the substitution of a party in the event of a death. (Doc. 1071-3).

Having reviewed the briefing, the corresponding affidavits, the Second Revised Settlement Agreement and applicable law, the Court is satisfied the proposed named class representatives claims are typical and that the four individuals will fairly and adequately protect the interests of the entire class with necessary engagement with class counsel.

Without addressing Rule 23 directly, Defendant opposes Plaintiffs' Motion, instead arguing none of the proposed named class representatives meet the certification requirements to be class members. The Court is not persuaded. While Defendant correctly references the description of the class, his read of the affidavits is far too narrow and misses the point of the class certification.

The class as certified includes,

> All present and future applicants to the federal food stamp program [SNAP], Medicaid program, . . . who have not or will not receive an eligibility determination or benefits under these programs from the New Mexico Human Services Department (HSD) within the time limits imposed by law.

Each of the proposed named class representatives fits within the scope of the certified class, having applied for benefits and erroneously been denied or having received benefits after a undue delay and each states a desire of being named class representatives. In Ms. Scazzero's situation, she plainly states her intent to apply for benefits at such time when she is released from custody.

Plaintiff's motion is granted. Going forward, class counsel shall continue to certify they have consulted with named class representatives as frequently as this case demands.

*Motion for Evidentiary Hearing*

Defendant requests an evidentiary hearing, for which Plaintiff's counsel should be compelled to produce Ms. Scazzero and any documentary evidence to demonstrate all communications between counsel and named class representative Ms. Valverde or Ms. Scazzero

in the last ten years. Having denied Defendant's motion to set aside previous court orders (Doc. 1082) and having accepted affidavits in granting Plaintiff's motion to add class representatives (Doc. 1071), this Court declines to hold an evidentiary hearing as it would not be of material usefulness to considering these motions. *See United States v. Sandoval*, 390 F.3d 1294, 1301 (10th Cir. 2004) ("Generally speaking, an evidentiary hearing is not required unless the requesting party shows that he will produce relevant evidence"). Defendant offers no evidence in support of his request for an evidentiary hearing beyond what he proffers, including that the original named class representatives now are deceased and class counsel has had no contact with them. As stated *infra*, this is undisputed. Instead, Defendant requests this Court to order class counsel to produce evidence of communications. The Court declines to do so because it would not be materially helpful to a final resolution. In this circumstance, this Court has discretion regarding whether to hold an evidentiary hearing and declines to do so. Defendant's motion is denied.

THEREFORE,

1. Defendant's Rule 60(b)(6) Motion for Relief From Order(s) (Doc. 1082) is DENIED;

2. Plaintiff's Motion for Leave to Add Named Members of Plaintiff Class (Doc. 1071) is GRANTED, and plaintiffs counsel is ordered to continue to certify having consulted with named class representatives as frequently as this case demands; and

3. Defendant's Request for Evidentiary Hearing (Doc. 1083) is DENIED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE