IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABIGALE KNOWLTON, et al.,

    Plaintiffs,

vs.                                                                              Civ. No. 88-0385 KG/GBW
                                                                                                                                  Consolidated with
                                                                                                                      Civ. No. 88-786 KG/GBW

KARI ARMIJO, Acting Secretary of the
New Mexico Human Services Department,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER CERTIFYING DEFENDANT'S APPEAL AS
FRIVOLOUS AND DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL</u>

       Defendant Kari Armijo, Acting Secretary of the New Mexico Human Services Department (HSD), filed a Notice of Appeal (Doc. 1141) with respect to the Court's Amended Order (Doc. 1133) denying HSD's Motion to Dismiss (Doc. 1074). HSD also filed a Motion for Stay of All Proceedings Pending Appeal. (Doc. 1144). The Court held a hearing on this matter on Friday, October 13, 2023, at which counsel for both parties appeared and argued. For the reasons explained below, the Court certifies HSD's appeal as frivolous and denies its Motion to Stay.

       HSD appears to appeal this Court's order denying its Motion to Dismiss pursuant to 28 U.S.C. § 1292(a)(1), on the basis that it "is a legally unsupported refusal to dissolve the injunction in the action (settlement agreement/decree) and that HSD will be irreparable [*sic*] harmed if the case proceeds any further . . . ." (Doc. 1144) at 1–2. The heart of HSD's argument is that this Court's 2020 Memorandum Opinion and Order granting, in part, HSD's Rule 60(b)(5)

Motion to Modify the Consent Decree (Motion to Modify) "eliminate[d] class standing (timeliness) on the Court's subject matter jurisdiction." *Id.* at 3.[1]

I.   *Certifying Appeal as Frivolous*

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (internal quotation marks omitted) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). To regain jurisdiction, the district court must certify the appeal as frivolous. *Id*. at 577–78. The proper focus is "whether the appeal from [the] motion [is] frivolous and whether the appeal should delay the [case proceedings]." *Id*. at 577 n.7. "The frivolous standard is met if the district court finds the interlocutory appeal is a sham or a dilatory tactic for delay." *Dixon v. Okla. Bd. of Veterinary Med. Exam'rs*, 2007 WL 9710984, at *1 (E.D. Okla. Nov. 27, 2007) (citing *Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 (10th Cir. 1993); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). Here, for the following three reasons, the Court finds that HSD's appeal is a dilatory tactic meant for delay.

First, the Court finds that HSD has not established that the Tenth Circuit has appellate jurisdiction. Less than three months ago, the Tenth Circuit explained to HSD that it has jurisdiction to review "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." *Hatten-Gonzales v. Scrase*, 2023 WL 4881437, at *4 (citing 28 U.S.C.

---

[1] HSD also argues that this Court's denial of its Motion to Dismiss was arbitrary and capricious. Docketing Statement at 5, *Knowlton et al. v. Armijo*, No. 23-2143 (10th Cir. Sept. 14, 2023). The Court refers HSD to this Court's Amended Order, explaining that HSD's arguments substantially, if not entirely, overlapped with issues the Court addressed in Memorandum Opinion and Order. (Doc. 1133) at 1.

2

§ 1292(a)(1)). The Tenth Circuit noted that "Section 1292(a) was intended to carve out only a limited exception to the final-judgment rule of 28 U.S.C. § 1291 and the long-established policy against piecemeal appeals." *Id.* at 5 (internal quotations omitted) (quoting *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007)).

The question of appellate jurisdiction is now squarely before the Tenth Circuit, and while it remains for that Court to determine whether it has jurisdiction here, *see, e.g., Stewart*, 915 F.2d at 574 (considering frivolousness of appeal and stating, "[w]e have jurisdiction to determine our jurisdiction") (citations and quotations omitted), it appears to this Court that HSD does not satisfy the Section 1292(a) requirements. The Court is unpersuaded by HSD's attempt to frame its Motion to Dismiss the Consent Decree as a motion to dissolve. As the Tenth Circuit noted in a previous incarnation of this case, an order denying dismissal is not necessarily a refusal to dissolve an injunction. *Hatten-Gonzales v. Hyde*, 579 F.3d 1159, 1166 (10th Cir. 2009). In that opinion, the Tenth Circuit concluded it did not have jurisdiction to hear HSD's appeal because "[i]n its motion to dismiss, HSD did not request dissolution or modification of an injunction." *Id.* at 1167. Here, like *Hatten-Gonzales*, HSD's Motion to Dismiss "did not seek to alter or eliminate any of the terms of the [Modified Settlement Agreement], nor did it cite Rule 60(b)(5) or the standards from obtaining relief from an order." *Id.* (citing *Horne v. Flores*, 557 U.S. 433 (2009)). Thus, the Court finds that HSD is unlikely to satisfy the requirements for Section 1292(a).

Moreover, it is not lost on this Court that HSD's argument that this Court lacks subject-matter jurisdiction relies on the Court granting HSD's Motion to Modify in 2020. In that motion, HSD argued for piecemeal dismissal of only specific sections and subsections of the Modified Settlement Agreement (MSA) relating to timeliness—acknowledging the MSA's remaining

3

sections would remain effective. *See* (Docs. 893 and 894). From the time the Court modified the MSA in 2020 until August 2022, HSD was working toward compliance with MSA's Section III with agreement that there would be a case review. Now, in an abrupt about-face, HSD argues that no controversy exists given this Court's 2020 order modifying the MSA. Such a reversal further demonstrates HSD's dilatory tactics.[2]

Second, HSD is aware that the class scope has never been as narrow as it now contends. In fact, the class scope has been well-defined for decades. Each version of the settlement agreement explains that the class scope includes not only those who received untimely benefits

---

[2] The Court also notes that in HSD's Reply to Defendant's Motion to Dismiss, it argued for the first time in—without support—that "[o]nly the definition of the actual controversy as clearly stated in the 1989 class certification, not the MSA or subsequent agreements/actions, can be the measure of this Court's subject matter jurisdiction." (Doc. 1091) at 7. The Court disagrees. HSD appeared to argue, among other things, for the retroactive application of Federal Rule of Civil Procedure Rule 23(C)(1)(B). In so doing, HSD relied on a Third Circuit case applying Rule 23(c)(1)(B). *See* (Doc. 1091) at 1–2. HSD, however, ignored that Subdivision (c)(1)(B) was added in 2003 as part of a substantial amendment to Rule 23.[2] *Watchel ex rel. Jesse v. Guardian Life Ins. Co. of America*, 453 F.3d 179 (3rd Cir. 2006). Rule 23(c)(1)(B)'s requirements did not exist when this Court certified the class in 1989, and HSD provided no legal support for retroactively applying Subdivision (c)(1)(B) in this case.

but also those who applied for benefits and were erroneously denied.[3] *See, e.g.,* (Doc. 1129) at 7. The Court finds HSD's effort to narrow the class scope—after decades of clarity—is just another delay tactic.

Finally, HSD's latest appeal parallels its recent appeal of this Court's order granting, in part, HSD's last motion to stay. HSD's last motion to stay came on the eve of the 2022 case review. Now, pending a forthcoming ruling on Plaintiffs' Motion to Enforce Compliance, HSD again asks this Court to stay all proceedings. Such conspicuous timing evinces a pattern of dilatory tactics. Thus, for the reasons given, the Court certifies HSD's appeal as frivolous.

II.     *Denying HSD's Motion to Stay*

HSD argues that it satisfies the four factors considered in granting a stay, and the Court should therefore stay all proceedings. For the reasons explained below, this Court denies HSD's Motion to Stay.

Four factors govern whether to grant a stay pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

---

[3] Every version of the consent decree has explicitly included Plaintiffs' allegation:

> [T]hat HSD violates their federally-guaranteed right to receive a prompt eligibility decision and, if eligible, benefits, by: (1) failing to inform applicants adequately of eligibility factors which must be verified, the alternate methods by which verification can be accomplished and the availability of HSD assistance in obtaining verification which is not readily available; (2) imposing inconsistent and excessive verification requirements which discourage applicants from completing the application process or result in the unlawful denial of benefits; (3) delaying the issuance of eligibility decisions and benefits beyond federal time standards; (4) failing to screen food stamp applicants routinely and adequately for emergency assistance and provide timely expedited benefits; and (5) failing to provide applicants with adequate written notice of eligibility decisions.

Settlement Agreement, Aug. 28, 1990 at 2; Modified Settlement Agreement, August 27, 1998 (Doc. 460) at 2; Second Revised Modified Settlement Agreement, August 21, 2018 (Doc. 853) at 1–2.

5

> (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Id.* at 433–34. A stay "is an extraordinary remedy that should not be granted in the ordinary case, much less awarded as of right." *Id.* at 437 (Kennedy, J., concurring).

First, HSD contends that it has shown a strong likelihood of succeeding on the merits in its appeal because it believes this Court lacks subject matter jurisdiction. (Doc. 1144) at 3. The Court disagrees. For the same reasons already discussed herein, this Court finds it unlikely that the Tenth Circuit has jurisdiction to hear HSD's appeal.

Second, HSD argues it will suffer irreparable injury because it will be subject to orders and related compliance activities while this Court lacks jurisdiction. *Id.* This Court, however, finds HSD will not suffer irreparable injury absent a stay. While granting a stay may relieve HSD's burden of complying with the MSA, HSD would still be subject to similar federal requirements regardless of a stay.[4] *Id.* at 4. Thus, any injury HSD may suffer by complying with court orders, simply, is not irreparable.

Third, HSD argues Plaintiffs will not be substantially injured if a stay is granted because federal agencies will continue to supervise applicant processing. *Id.* Contrary to HSD's argument, this Court finds Plaintiffs will suffer substantial injury if a stay is granted. HSD's SNAP and Medicaid programs have been subject to federal supervision since their inception.

---

[4] The processing requirements set forth in the MSA are directly in line with federal requirements. (Doc. 853) at 6–11. Because the MSA closely tracks and implements federal laws, this Court does not believe compliance to be too burdensome.

6

*See* 7 U.S.C. § 2020(a); 42 U.S.C. § 1396(b)(5). In the past, federal supervision has not motivated HSD to comply with federal laws. At this time, the Court is not persuaded that such supervision alone will encourage HSD's compliance. Without HSD's compliance with the MSA, Plaintiffs will continue to suffer injuries which have been the subject of this litigation for years.[5]

Finally, HSD argues the public interest lies with the taxpayer and denying the stay will cause taxpayers expenditures in litigation. (Doc. 1144) at 4. The Court disagrees. The public interest, instead, lies in ensuring HSD complies with the MSA and its obligations under law. The purpose of SNAP and Medicaid is to alleviate hunger, provide essential health services, and promote the general welfare. *See* 7 U.S.C. § 2011; 42 U.S.C. § 1396. The MSA exists to ensure vast swaths of the public in New Mexico have access to food and medical care. Thus, members of the public are best served when the MSA is enforced.[6] Given HSD's history of non-compliance, the Court is not confident this public interest will be served if a stay is granted.

While HSD is concerned with expenses to the taxpayers (the people of New Mexico), it fails to acknowledge the overarching public benefit of ensuring all eligible Medicaid and SNAP applicants receive benefits. HSD argues a stay will allow it to devote more resources to providing benefits. It claims it is currently overwhelmed, not by the processing procedures, but by constant supervision and reporting requirements. Transcript of October 13, 2023, Motion

---

[5] This Court has previously stated, "[a] SNAP beneficiary's loss of food assistance is irreparable." (Doc. 658) at 14-15.

[6] HSD believes retroactive benefits are an appropriate remedy for non-compliance. Although retroactive benefits can cover prior healthcare expenses, retroactive food benefits cannot prevent hunger.

Hearing, at 11:15–25.[7]  Yet, HSD has already admitted it will continue to be under federal supervision and reporting requirements regardless of a stay.  (Doc. 1144) at 4.  Thus, the Court finds HSD's arguments unpersuasive.

For these reasons, this Court finds that none of the factors weigh in favor of granting a stay.  The Motion to Stay is denied, and the Court certifies HSD's appeal as frivolous following the hearing on this matter and for the reasons state above.  *See Stewart*, 915 F.2d at 577; *United States v. Hines*, 689 F.2d 934, 936–37 (10th Cir. 1982).  With this certification, this Court retains jurisdiction over the case.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[7] The Court's citations to the hearing transcripts refer to the court reporter's original, unedited versions.  Any final transcript may contain some differences in page and line numbers.