IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABIGALE KNOWLTON, et al.,

        Plaintiffs,

     v.                                 No. 1:88-cv-00385-KG-JHR

KARI ARMIJO, Secretary of the
New Mexico Health Care Authority,

        Defendant.

### AMENDED MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' objections to the Special Master's case review report. Doc. 1200. Defendant did not object to the Special Master's report or respond to Plaintiffs' objections; any objections not raised are waived. Doc. 762 at 3 ("Failure to timely object to the Special Master's findings will constitute a waiver of those objections."). After reviewing the Special Master's report de novo, the Court overrules in part and sustains in part Plaintiffs' objections. *See* Fed. R. Civ. P. 53(f).

### I.    *Background*

This is a "long-running class action lawsuit" filed in 1988 with a "complex procedural history" challenging New Mexico's "administration of federal social benefits programs." *Knowlton v. Armijo*, 2024 WL 4615849, at *1 (10th Cir.). The class includes "[a]ll present and future applicants" to the federal SNAP or Medicaid program "who have not or will not receive an eligibility determination or benefits under these programs from [the New Mexico Human Services Department] within the time limits imposed by law." *Id.* "The parties entered and [this Court] approved the operative consent decree—the Second Revised Modified Settlement

Agreement and Order—in 2018." *Id.* (footnote omitted). The Special Master was "appointed to administer the [consent] decree" and "recommend[] case file review procedures," such as the case review at issue here. *Id.* at *2.

## II.    *Standard of Review*

Under Federal Rule of Civil Procedure 53(f), the Court "reviews de novo all objections to findings of fact made or recommended by a master." Wright & Miller, Fed. Practice & Proc. § 2612 (2025) ("Wright & Miller"). "[A]s to the master's rulings on procedural matters, Rule 53(f)(5) provides that unless the appointing order establishes a different standard, the court is to review them for abuse of discretion." *Id.* "[F]or a court to sustain a party's objection to the master's report, the objection must be specific and clearly identify a factual or legal error in the report and recommendation"—"general objections" do not "satisfy this requirement." *Id.*

## III.    *Analysis*

***First Objection.*** Plaintiffs first "object to the Special Master's reversal of" unspecified "error findings" in Plaintiffs' case review that "Defendant had systematically failed to create and retain receipts for documents submitted by class members," findings to which Defendants allegedly "agreed." Doc. 1200 at 3. The Court overrules this objection. Plaintiffs do not identify, with record citations or any other indicators, the specific "error findings" to which they refer; nor they do cite evidence of Defendant's agreement with their error findings. The Court is "not obligated," and declines in this case, "to comb the record in order to make [Plaintiffs] arguments for [them]." *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000). Again, "general objections" do not satisfy Rule 53(f)'s requirements. Wright & Miller § 2612.

***Second Objection.*** Plaintiffs next contend that the Special Master "did not fully address the largest sources of notice errors" for Question 15. Doc. 1200 at 3–4. They "request that a

corrective action plan address the most common errors found in Notices and specifically address

the lack of calculation tables" found in 10 of 64 cases. *Id.* at 4. Plaintiffs also ask that

"Recommendation 2" in the Special Master's report "be applied to require review and correction

of both the ["Help Us Make a Decision" request ('HUMAD')] and the ISD 201 for elderly and

disabled New Mexicans receiving nursing home level of care." *Id.* at 4. The Court rejects these

conclusory requests as well and overrules Plaintiffs' second objection, as "Plaintiffs came forth

with no explanation or argument, that is, no specific objection, as to why the Special Master's

[findings are] insufficient to address the problem[s]" at hand. *Hatten-Gonzales v. Scrase*, 2022

WL 655910, at *1 (D.N.M.). Plaintiffs, for example, assert that the HUMAD is "unintelligible"

and "flawed" because it is "not programed to seek the types of documents that the agency needs

for this group of class members," but Plaintiffs offer no further explanation or evidence from the

record to substantiate these assertions. Doc. 1200 at 4. The Court will not overturn the Special

Master's findings based on these generalized objections; nor will the Court make Plaintiffs'

arguments for them. *See* Wright & Miller § 2612. The parties are ordered to meet and confer

about these issues and present their positions to the Special Master within 30 days of this order;

the Special Master shall then rule on these issues promptly.

   ***Third Objection.*** Plaintiffs also contend that the Special Master's recommendations "did

not include systemic remedies to permanently address the continued high rate of eligibility and

notice errors." Doc. 1200 at 4–7. They ask that a corrective action plan "implement an internal

compliance system" for Defendant and that the Court "order Defendant to implement a worker

manual that will be a comprehensive source of application and renewal processing guidance for

workers." *Id.* The Court, likewise, overrules these objections. Again, Plaintiffs cite no record

evidence to support their argument that the alleged lack of an internal compliance system or

worker manual contributed to the "high level of eligibility errors this year" or that the specific

system and manual that they propose will reduce such errors going forward.  The Court declines

to overturn the Special Master's findings and impose generalized, broadly worded directives

based solely on Plaintiffs' conjecture.  "Plaintiffs believe the Special Master strongly endorses"

their request that the Court "order Defendant to create…an enduring internal review system," but

the Court does not find any evidence of this endorsement in the Special Master's report or the

record.  Doc. 1200 at 6.  Nor do Plaintiffs cite any such evidence.  The Court directs the parties

to work together with the Special Master on these issues to create a more detailed

recommendation to present to the Court that relies on data and record evidence—not speculation.

Specifically, the parties are ordered to meet and confer about these issues and present their

positions to the Special Master within 30 days of this order; the Special Master shall then rule on

these issues promptly.

  ***Fourth Objection.***  Next, Plaintiffs argue that the Court should reject the Special

Master's fifth recommendation that the parties "[c]omplete an evaluation of the Consent Decree

to give recognition to the requirements that have been satisfied and give consideration to the

compliance measure for Section III of the Consent Decree and make recommendations to the

Special Master and the Court."  Doc. 1198 at 19.  Plaintiffs argue that this recommendation is

"premature" because Defendant "has not satisfied the Decree's current requirements," the

"Decree does not provide alternative compliance measures," and "Plaintiffs do not think a

modification of the Decree is at all justified at this time."  Doc. 1200 at 7.  The Court overrules

these objections as well.  Recommendation five does not ask Plaintiffs to excuse noncompliance

with the current consent decree; it asks the parties to come together to analyze the consent decree

going forward for efficiencies and potential ways to streamline this nearly 40-year-old lawsuit. The Court agrees with this recommendation.

**_Fifth Objection._**  Last, Plaintiffs argue that, while the Special Master "require[d] Defendant to act or confer with Plaintiffs' Counsel on a remedy," the Special Master's recommendations "do not require any deadlines for doing so."  Doc. 1200 at 7.  Plaintiffs therefore propose that "all negotiated remedial actions be satisfactorily concluded by January 1, 2027, with shorter time frames for the items that have the most impact on participants."  *Id.*  The Court overrules in part and sustains in part this objection.  While January 1, 2027, may or may not be a reasonable deadline for certain remedial actions, the Court declines to fashion, on its own without input from the parties or Special Master, "shorter time frames for the [unspecified] items" that Plaintiffs contend allegedly "have the most impact on participants."  *Id.*  Plaintiffs' suggestions are, again, too vague to adopt, and they violate Rule 53(f)'s requirement that objections "must be specific and clearly identify a factual or legal error" in the Special Master's report.  *Id.*  That said, the Court agrees with Plaintiffs that, as a general matter, clear and achievable deadlines should be imposed in these proceedings.

The Court takes this opportunity to express a level of disappointment that the parties have not made more significant progress toward closing this lawsuit.  "[F]ederal consent decrees are" designed to be "*temporary* solutions that may be kept in place only as long as necessary to cure an unlawful condition"; they do not justify never-ending litigation and federal oversight of state agencies.  *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1192 (10th Cir. 2018) (emphasis added).  Indeed, endless consent decrees "raise[] serious federalism concerns," as they "necessarily interject[] a federal court into local affairs," "bind[] local governmental officials who were not parties to the consent decree," and "effectively limit[] the democratic process."  *Id.*

at 1196, 1199.  The Court therefore admonishes the parties to work together with the Special

Master to streamline this case and find creative and effective ways to ensure *both* that the State

accurately administers the SNAP and Medicaid programs in New Mexico *and* that the end is in

sight for this nearly 40-year-old lawsuit.  Indeed, the Court orders that this case be concluded no

later than **December 31, 2026**.

## IV.    *Conclusion*

Plaintiffs' objections to the Special Master's report (Doc. 1200) are overruled in part and

sustained in part.  The objections are sustained in part in that the Court imposes the deadline for

closing this case described above.  The objections are overruled, and the Special Master's report

is adopted, in all other respects.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.